IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Jack Brooks and Ellen Brooks, on behalf of themselves and all other similarly situated, | ) ) ) | Civil Action No. 8:11-cv-983-HMH |
| Plaintiffs, | ) ) | |
| v. | ) ) | **PLAINTIFFS' RETURN TO MOTION FOR STATUS CONFERENCE AND REQUEST TO** |
| GAF Materials Corporation, | ) ) | **RECOGNIZE STATE COURT ORDERS** |
| Defendant. | ) | |

The plaintiffs concur in the request of the defendant ("GAF") that this Court hold a status conference in this matter. The case was filed five years ago, and extensive discovery has been undertaken by the plaintiffs in this matter. Further, the circuit judge assigned in this case since April 4, 2008, The Honorable J. Mark Hayes III, has issued orders which can be of great benefit to this Court. Judge Hayes granted plaintiffs' motion to certify the class on March 18, 2010. He later granted partial summary judgment in favor of plaintiffs and the class on the implied warranty cause of action in September 2010. The plaintiffs are providing herewith some background information for this Court to consider at such time as it holds a status conference.

## INTRODUCTION

Since this case was last remanded by this Court on January 31, 2008, there has been a great deal of activity in this case. In terms of discovery, numerous depositions have been taken, and plaintiffs have submitted multiple sets of interrogatories and requests for production of documents, resulting in production of over 32,000 pages of information. Plaintiffs filed two motions to compel discovery responses during 2008 and 2009.

This case involves a class action consisting of "all South Carolina property owners whose property have GAF Timberline shingles manufactured in GAF's Mobile, Alabama plant during the years

1

1999 – 2007." During discovery, it was learned through depositions and documents that the Timberline shingles manufactured at GAF's Mobile, Alabama plant were failing prematurely. GAF referred to the problem as the "Mobile cracking problem." The GAF internal documents defined the problem as: "Mobile laminates have a high failure rate for short term cracking (4-6 years) typically above a butt joint." (GAF 1276).

In discovery, GAF revealed that the Timberline shingles manufactured at Mobile were distributed to several southern states, including South Carolina. However, discovery revealed that the GAF plant at Goldsboro, North Carolina also supplied Timberline shingles to distributors in South Carolina. The exact quantities of these distributions from Mobile and Goldsboro to South Carolina were not known until 18 months after remand, because that information was controlled by GAF.

After remand from this Court on January 31, 2008, discovery in May 2009 was addressed to "the total number of squares of Timberline shingles produced by GAF's plant at Mobile which were distributed to South Carolina...for the years 1999 to 2008." GAF's response to that interrogatory in July 2009 reflected that 213,000 squares of Timberline product were distributed in South Carolina during the relevant period identified in the class[1].

## I. ORDERS FROM COURT OF COMMON PLEAS

### A. Order Certifying Class

Judge Mark Hayes has managed this case since it was assigned to him in April 2008. On February 27, 2009, the plaintiffs filed a motion to certify the class. After extensive briefing and argument from counsel, Judge Hayes issued his Order Certifying Class (Exhibit A hereto) on March 18,

---

[1] The numbers submitted were difficult to decipher by plaintiffs' counsel because the units were not clearly specified. Follow up correspondence from plaintiffs' counsel to defense counsel requested clarification of the perceived discrepancies. By letter dated June 29, 2010, GAF counsel wrote and explained the inconsistencies and "confirmed that the figure of 213,509.17 is the correct number of squares." Subsequent follow up responses to plaintiffs' eighth set of requests for production dated September 20, 2010 confirmed that the figure of 213,509 was the correct number of squares. This confirmation established that class damages probably would far exceed $5 million.

2

2010. In this Order, the circuit court rigorously analyzed all of the factors in Rule 23, SCRCP as well as made findings which satisfy FRCP 23. He concluded that the number of class members was so numerous that joinder would be impracticable. (Exhibit A, p. 4). He further found that there are questions of law and fact common to the class, inasmuch as the case seeks redress for deficiencies in GAF shingles manufactured in the Mobile plant between 1999 and 2007 and distributed in South Carolina. (Exhibit A, p. 5). Judge Hayes further found that "common issues for all class members predominate over any individual variations." (Exhibit A, p. 5). He concluded that the commonality requirement for certification was satisfied. Further, Judge Hayes found and concluded that the class representatives' claims are typical of the claims of the class, as they sit in the same or similar position to the other class members as owners of property which has been allegedly damaged as a result of GAF's actions. In finding that the class representatives' claims are typical of those of the class, he also relied on the case of Central Wesleyan College v. W. R. Grace and Co., 143 F.R.D. 637 (D.S.C. 1993), which held that a claim is typical if it arises from the same course of conduct that gives rise to the claims of the class members and if the claims are based on the same legal theories.

Judge Hayes also found that the class representatives were adequate to represent the interests of the class. He concluded that Mr. & Mrs. Brooks are college graduates who have displayed loyalty to the cause and to the imputed members of the class. (Exhibit A, p. 8). He further found and concluded that the Brooks' interests are complimentary to the interests of the class and not antagonistic to the class members. He also found that the Brooks had hired respected, experienced counsel in the field of complex litigation of this type, and that both the plaintiffs and their counsel would adequately represent the interests of the class. See Runion v. U.S. Shelter, 98 F.R.D. 313, 317 (D.S.C. 1983). Finally, Judge Hayes found that the plaintiffs' claims and those of the class members would meet the South Carolina requirement that the claims have a value in excess of $100.

Judge Hayes determined that "class treatment is not merely justifiable but the superior treatment for the Court." (Exhibit A, p. 4). The Order Certifying the Class concluded with the class definition referenced above.

### B. Order Granting Partial Summary Judgment as to the Implied Warranty Claim

Plaintiffs' roofing expert, Jim Koontz, testified that the Timberline shingles manufactured at the Mobile plant from 1999 to 2007 and distributed in South Carolina were in fact defective because they failed prematurely and failed ASTM performance testing referenced by GAF on its own packaging. In view of the fact that GAF did not list any expert to refute that of Mr. Koontz, the plaintiffs moved on September 16, 2009, for partial summary judgment in their favor on the implied warranty cause of action. GAF had also moved for summary judgment on September 8, 2009 on certain causes of action.

In his Order Granting Partial Summary Judgment as to Implied Warranty Claim dated September 18, 2010 (Exhibit B hereto), Judge Hayes concluded that as a matter of law there were no genuine issues of material fact that GAF breached its implied warranty as to the Timberline shingles manufactured in Mobile.[2] This Order noted that "GAF does not contest that the class representatives' Timberline shingles were manufactured by GAF, that their Timberline 30 shingles had cracked, or that cracking occurred far less than the 30 years since purchase." (Exhibit B, p. 3).

Judge Hayes concluded that the plaintiffs had met their burden as to the defendant's liability for breach of the implied warranty cause of action and noted that Defendant GAF had not come forth with evidence that persuaded the Court to any conclusion other than that its 30 year roofing shingles visibly cracked or split and failed to perform to industry standards endorsed by GAF's packaging – i.e., that there was no conclusion that the Court could make "other than the implied warranty of these roof shingles was breached, as a matter of law." (Exhibit B, pp. 4 and 5). The Court also noted that there was precedent in South Carolina for granting the class wide summary judgment. See Tilley v. Pacesetter

---

[2] This Order also denied defendant's motions for summary judgment by finding that there were genuine issues of material fact concerning GAF's statute of limitations argument and its economic loss doctrine argument.

Corp., 355 S.C. 361, 585 S.E.2d 292 (2003); summary judgment first affirmed by Tilley v. Pacesetter, 333 S.C. 33, 508 S.E.2d 16 (1998).  The Order Granting Partial Judgment as to Implied Warranty Claim noted that the Court was not attempting to address the amount of damages for the class or the representatives of the class, as that issue was reserved for a later determination.

The circuit court order also specifically noted that the trial court was "mindful that a home is the most significant investment for a family," and that a properly certified class action "is the best vehicle, probably the only vehicle, to bring relief for all who are entitled."  (Exhibit B, pp. 6 and 7).

**C.     Order Granting Motion to Amend Complaint**

Eighteen months after this Court granted remand of this case to the state court, discovery, as set forth above, led plaintiffs to understand that the class damages were likely well in advance of $5 million.  On December 16, 2010, plaintiffs filed their motion to amend the complaint to delete reference to the class damages being less than $5 million.  The motion was based on the fact that GAF alone had access to the information about distribution of Mobile shingles to South Carolina[3].

In the Order Granting Plaintiffs' Motion to Amend Complaint dated March 30, 2011 (Exhibit C), Judge Hayes noted that the amendment was required by the facts discovered.  Judge Hayes also found that the plaintiffs did not know, nor have reason to know, that the class exceeded $5 million until either 2009 or 2010 when plaintiffs learned from GAF that 213,000 squares of Timberline product were distributed from the Mobile plant to South Carolina during the relevant time period.  (Exhibit C, p. 4).

GAF asserted that the plaintiffs were estopped to amend the class complaint to assert more than $5 million in damages by virtue of the fact that in this Honorable Court the plaintiffs, prior to January 31, 2008, had thought the damages were not that extensive.  Because GAF controlled the

---

[3] GAF opposed the motion to amend because at the time the motion was made, GAF had just appealed the Order Granting Partial Summary Judgment to Plaintiffs and Order Certifying Class.  GAF contended that the Court did not have jurisdiction to hear the motion to amend.  The circuit court found otherwise.

information and did not provide same until long after remand, Judge Hayes found that the plaintiffs were not estopped. The Court specifically found as follows:

> "This court finds nothing in the record to suggest that the plaintiffs or their counsel have ever intentionally misled any Court about the facts of this case. Quite to the contrary, the amount of discovery and the specific topics sought in discovery, verify that the plaintiffs have been diligent in seeking the truth about all aspects of the case including the amount of class damages. Discovery, its focus and scope, also clearly demonstrates that the plaintiffs did not know the amount of the defendant's product shipped to South Carolina when they filed their original class complaint. The defendant, which had that information, has not suggested that the plaintiffs should have known these facts before they engaged in discovery." (Exhibit C, p. 5).

Thereafter, the Court noted that Rule 15, SCRCP provided that leave to amend a pleading is freely granted when justice requires and there is no prejudice to any other party. Foggie v. CSX Transportation, Inc., 313 S.C. 98, 431 S.C.2d 587 (1993). The Court found no prejudice to the defendant in the amendment and accordingly granted same. Despite ample direct notice that the true value of the class exceeded five million dollars, it was not until after this pleading became effective that GAF decided to remove. GAF's theory of this Court's removal jurisdiction depends upon the operation of the Amended Class Complaint.

## II.  STATUS CONFERENCE MATTERS

The plaintiffs believe that discovery is concluded at this time, other than a pending motion to compel filed on April 14, 2011 by plaintiffs (attached herewith as Exhibit D). Plaintiffs' counsel advised GAF counsel that they would grant an extension for GAF to respond to this motion, so it may be that GAF voluntarily produces all documents and information as to this motion and that a hearing may be obviated.

Because plaintiffs believe that discovery is essentially concluded, they would request that this Court consider at the status conference:

    (a)    plaintiffs' request that this Court recognize and adopt the findings and conclusions of Circuit Court Judge J. Mark Hayes II in the above referenced Orders (Exhibits A and B).

    (b)    if this Court would like further information about plaintiffs' request that this Court recognize and adopt the circuit court orders, it is requested that this Court set a hearing on this issue.

    (c)    that this Court set a hearing, if necessary, on plaintiffs' motion to compel.

    (d)    the proper form and methods for class notice including direct notice to those available and appropriate media notice.

    (e)    that this Court set a trial date on damages as to this class action case.

### CONCLUSION

The plaintiffs concur in the request for a status conference. Plaintiffs would ask that this Court recognize and adopt the Orders of Circuit Court Judge J. Mark Hayes II granting Plaintiffs' Motion to Certify the Class and appointing these plaintiffs as class representatives on behalf of themselves and all others similarly situated and granting Plaintiffs' Motion for Partial Summary Judgment as to Implied Warranty Claim. Plaintiffs further request that this Court set a trial date on the issue of damages in this case.

Respectfully submitted,

By:    s/Thomas H. Pope III_____
Daniel A. Speights, Esquire
A. Gibson Solomons, Esquire
SPEIGHTS & RUNYAN
200 Jackson Avenue, East – PO Box 685
Hampton, SC 29924
Tel: (803) 943-4444 - Fax: (803)943-4599
dspeights@speightsrunyan.com
gsolomons@speightsrunyan.com

Thomas H. Pope III, Esquire
POPE AND HUDGENS, P.A.
1508 College Street – PO Box 190
Newberry, SC 29108
Tel: (803) 276-2532 - Fax: (803) 276-8684
thpope@popeandhudgens.com

May 12, 2011                                        *Attorneys for Plaintiffs*