# EXHIBIT D

**TO PLAINTIFFS' RETURN TO MOTION FOR STATUS CONFERENCE AND REQUEST TO RECOGNIZE STATE COURT ORDERS**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS FOR THE |
| | ) | EIGHTH JUDICIAL CIRCUIT |
| COUNTY OF NEWBERRY | ) | CIVIL ACTION NO.: 2006-CP-36-129 |

| | | |
|---|---|---|
| Jack Brooks and Ellen Brooks, | ) | |
| on behalf of themselves and others | ) | |
| similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | **PLAINTIFFS' MOTION TO COMPEL** |
| v. | ) | |
| | ) | |
| GAF Materials Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**TO:  THE ABOVE DEFENDANT AND ITS ATTORNEY GRAY T. CULBREATH, ESQUIRE:**

Pursuant to Rule 37, SCRCP, the plaintiffs, by and through their undersigned counsel, do hereby move before the Court for an Order compelling the defendant to provide full and complete responses to plaintiffs' seventh set of interrogatories and plaintiffs' eighth set of requests for production of documents.  Attached herewith as <u>Exhibit A</u> is a copy of GAF's answers to plaintiffs' seventh set of interrogatories.  Attached herewith as <u>Exhibit B</u> is a copy of GAF's responses to plaintiffs' eighth set of requests for production of documents.

On September 27, 2010, plaintiffs' counsel wrote GAF's counsel (<u>Exhibit C</u>) to request complete responses to Interrogatory Nos. 1 and 3 and to request production of No. 2.  The letter specifically asks that if GAF would provide the information voluntarily without the necessity of a motion to compel.  On October 7, GAF's counsel wrote plaintiffs' counsel (<u>Exhibit D</u>) to advise that Defendant GAF took the position that, by serving a notice of appeal as to certain Orders of this Court, there was an automatic stay of discovery.  Since that time, GAF counsel wrote a letter dated March 23, 2011 (<u>Exhibit E</u>) identifying that GAF would timely respond to the discovery requests.  As of the date of this motion, full responses have not been received.  Plaintiffs' counsel has advised defense counsel that if and when full and complete responses are provided by GAF this motion will be withdrawn.

This motion is based upon the attached documents, the South Carolina Rules of Civil Procedure, and any other material to be supplied to the Court prior to a hearing in this matter.

**POPE AND HUDGENS, P.A.**

By:  _____
Thomas H. Pope, III (SC Bar No. 4508)
PO Box 190
Newberry, SC 29108
803-276-2532

**SPEIGHTS & RUNYAN**
200 Jackson Avenue East
PO Box 685
Hampton, SC 29924
803-943-4444

**Attorneys for Plaintiffs**

April 14, 2011

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF NEWBERRY | ) | FOR THE EIGHTH JUDICIAL CIRCUIT |
| Jack Brooks and Ellen Brooks, | ) | Civil Action No.: 2006-cp-36-129 |
| Plaintiffs, | ) | |
| vs. | ) | **DEFENDANT GAF MATERIALS CORPORATION'S ANSWERS TO PLAINTIFFS' 7th SET OF INTERROGATORIES** |
| GAF Materials Corporation, | ) | |
| Defendant. | ) | |

TO:   GIBSON SOLOMONS, ESQUIRE, DANIEL A. SPEIGHTS, ESQUIRE, AND THOMAS H. POPE, III, ESQUIRE ATTORNEYS FOR THE ABOVE-NAMED PLAINTIFFS:

Pursuant to Rule 33 of the South Carolina Rules of Civil Procedure, Defendant GAF Materials Corporation, (hereafter "GAFMC") by and through its undersigned counsel, does hereby answer Plaintiffs' 7th Set of Interrogatories as follows:

## GENERAL RESPONSE AND OBJECTIONS

In setting forth these answers, GAFMC does not waive the attorney/client, work/product privilege or immunity from disclosure which may attach to information called for in, or responsive to, the interrogatory. GAFMC does not concede the admissibility, relevance or materiality of the interrogatory, or the subject matter to which the interrogatory refers.

These answers are submitted by GAFMC subject to, and without in any way waiving or intending to waive, but on the contrary intending to reserve and reserving: (a) all questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of any of the documents referred to or answers given, or the subject thereof, in any subsequent proceeding or in the trial of this action or any other action or proceeding; (b) the right to object to other discovery procedures involving or

Exhibit A

relating to the subject matter of the interrogatories herein responded to; and (c) the right at any time to revise, correct, add to, or clarify any of the answers set forth herein, or documents referred to here.

## ANSWERS

1.    Identify the name, address and job title of each person who has compiled information about the number of squares of Timberline shingles produced in Mobile and distributed in South Carolina from January 1, 1999 to December 31, 2007 ("the relevant time period.").

**ANSWER:    In addition to its general objections, GAFMC objects that this interrogatory is vague and ambiguous with respect to the term "compiled." Subject to these objections, GAFMC states that Richard Reif, GAF Materials Corporation, Wayne, New Jersey, gathered information regarding the number of squares of Timberline shingles produced in Mobile and distributed in South Carolina during the relevant time period.**

2.    As to the above interrogatory, provide the following information:

    (a)    identify each document relied on; and

    (b)    identify all computer programs utilized for identifying the distribution of Mobile Timberline shingles in South Carolina during the relevant time period.

**ANSWER:**

**a.    In addition to its general objections, GAFMC objects that the phrase "relied on" is vague and ambiguous in that it might refer to documents that "identify the name, address and job title," described in the "above interrogatory,"**

or it might refer to documents relied upon by the person identified in the above interrogatory. GAFMC interprets the interrogatory as seeking the latter. Subject to these objections, and pursuant to Rule 33(c), GAFMC refers Plaintiffs to GAF6060-7231 and GAF2864-2891.

    b.    In addition to its general objections, GAFMC objects that the term "utilized," in conjunction with the phrase "as to the above interrogatory," is vague and ambiguous. GAFMC interprets the interrogatory to mean computer programs used by the person identified in GAFMC's answer to Interrogatory No. 1. Subject to these objections, GAFMC states that Varnet and PeopleSoft computer programs were used.

    3.    List all methods of identification which can be used to identify a Timberline shingles manufactured during the relevant time period as originating from the Mobile plant of GAF including, but not limited to:

        (1)    stamps on Timberline shingles;
        (2)    codes on Timberline shingles;
        (3)    markings on Timberline shingles;
        (4)    identifying chemical or raw material composition and/or tracer chemicals; and,
        (5)    identifying dragon tooth pattern, size, or template.

    <u>ANSWER</u>:    In addition to its general objections, GAFMC objects to this interrogatory as overly broad and unduly burdensome to the extent that it seeks "all" methods of identifying the shingles at issue, as that would require detailed analysis of not just the manufacturing processes at the Mobile plant but also an analysis of the manufacturing processes at every other plant. GAFMC also objects

to this interrogatory as seeking irrelevant information to the extent that it includes shingle sales that occurred outside of South Carolina. Subject to these objections, GAFMC states that Timberline shingles, manufactured in Mobile and distributed in South Carolina during the relevant time period, can potentially be identified by a combination of time periods and specific physical characteristics. Most notably, prior to May 2005, Mobile was the only GAF plant to use a dragon tooth pattern that included an approximately 7.25 inch wide tooth/cutout. Shingles manufactured from May 2005 to the end of the relevant time period included a orange nail line and two additional blue lines in the headlap to identify the nailing zone. Pursuant to R. 33(c), GAFMC also refers plaintiffs to previously produced GAF00258 and GAF 03036-63.

4.    List the name and address of every recipient of shingles manufactured in the Mobile Plant of GAF which were shipped to the State of South Carolina during the relevant time period including, but not limited to, suppliers, distributors, wholesalers, direct purchasers, contractors, roofing suppliers, etc.

ANSWER:    In addition to its general objections, GAFMC objects to this interrogatory to the extent that it seeks information that is not within its knowledge. Subject to these objections, and pursuant to Rule 33(c), GAFMC refers plaintiffs to GAF2864-2891.

5.    Identify the name and address of every contractor who install Timberline shingles (whether to commercial, industrial or residential buildings) in South Carolina during the relevant time period including, but not limited to, general contractors, roofing contractors, GAF authorized contractors, and GAF Master Elite contractors.

**ANSWER:**    In addition to its general objections, GAFMC objects to this interrogatory to the extent that it seeks information that is not within its knowledge. Subject to these objections, GAFMC states that it utilizes a two step process for the distribution of Timberline shingles. It does not sell directly to roofers and as such is not in possession of this information. GAFMC is aware of installers who have been certified by GAFMC. From its readily available records, these installers are:

| Contractor Name | Address | City | State | Zip |
|---|---|---|---|---|
| Rain Or Shine Roofing Contractor | 1348 Omarest Drive | Columbia | SC | 29210 |
| Mays Contracting | 1728 Indianland Dr | Newberry | SC | 29108 |
| Tri-County Roofing Inc. | 780 College Park Road | Ladson | SC | 29456 |
| Burgin Residential & Commercial Services | 6375 Saint Andrews Road | Columbia | SC | 29212 |
| Premier Roofing | 10 Oak Park Drive Ste B-1 | Hilton Head Island | SC | 29926 |
| CMS Inc | 530 Vision Court | Irmo | SC | 29063 |
| Clyde Nettles Roofing & Painting Inc | 7524 Fairfield Road | Columbia | SC | 29203 |
| Findlay Roofing | 111 Chippewa Lane | Williamston | SC | 29697 |
| Feltmann Inc. | 1906 Meeting Street Road | Rock Hill | SC | 29730 |
| D.C.I. Construction | 748 E Butternut Road | Cayce | SC | 29033 |
| A Thermal Difference Inc. | 622 Old Trolley Rd. Suite 106 | York | SC | 29745 |
| Tim Hawkins Roofing | 1319 D College Park Road | Murrells Inlet | SC | 29576 |
| Champion Services Inc. | 424 Mt. Phillips Rd. | Florence | SC | 29505 |
| PCT Services Inc | 1500 Lafayette Ave | Murrells Inlet | SC | 29576 |
| Eason Roofing Company | 6175 Charlotte Hwy | Charleston | SC | 29405 |
| Futrell Roofing Inc. | 579 Nicolas St. | Aiken | SC | 29803 |
| B & B Siding & Home Improvement | 2602 Vance Dr. | Kershaw | SC | 29067 |
| Mizelle Roofing & Sheet Metal | 12436 Hwy 707 | Summerville | SC | 29483 |
| Phillips Roofing. | 3801 Whiskey Rd. | Florence | SC | 29501 |
| Exteriors Unlimited & Wood Works | 476 Clearwater Lake Rd | Aiken | SC | 29803 |
| B & J Contractors | 901 South Santiago Dr. Suite E | Lexington | SC | 29073 |
| Advanced Systems Management Inc. | 6 Oakmont Lane | Murrells Inlet | SC | 29576 |
| Mid State Roofing | 207 Oak Dr | Ladson | SC | 29456 |
| Pinnacle Roofing Inc | 798 Planters Trace Loop | Myrtle Beach | SC | 29588 |

| Anderson Roofing Inc. | 6271 Highway 544 | Longs | SC | 29568 |
| Thompson Roofing Inc | 9419 Hwy 90 | Sumter | SC | 29153 |
| Thompson Turner Construction | 279 Progress St | Gaffney | SC | 29340 |
| C.E. Bourne & Co Inc | 140 Industrial Dr | Greenwood | SC | 29646 |
| Lee Remodeling & Construction Co.Inc.. | 1211 Summerhill Rd | North Augusta | SC | 29861 |
| Hamlin Roofing of SC  LLC | 4124 Old Portman Rd | Anderson | SC | 29626 |
| Extraordinary Exteriors LLC | 1784-A Ashville Hwy | Spartanburg | SC | 29303 |
| Crisal Enterprises  LLC | 651 Winding Branch Rd. | Rock Hill | SC | 29732 |
| Good  Neighbor  Roofing  & Siding | 110 Becker Place Unit C-3 | Little River | SC | 29566 |
| Professional Roofing | 5000 Hwy 501 Unit D | Conway | SC | 29526 |
| Upstate Roofing & Sheet Metal Inc | 337 Old McKown Farm Rd | Summerville | SC | 29483 |
| Dixie Home Crafters / Gutter Guardian | 35-A Concourse Way | Greer | SC | 29651 |

6.     Identify the name, address and job title of the person at GAF who confirmed that during the relevant time period, the Mobile plant shipped 14,162,505 squares of Timberline shingles, rather than the original number of 37,762,425.

ANSWER:     In addition to its general objections, GAFMC objects to this interrogatory on the grounds that Plaintiffs seek to interject their own math calculation error as Defendant's answer to a prior interrogatory.  Defendant never provided 37,762,425 as an "original" number of squares of Timberline shingles shipped from the Mobile plant.  Instead GAFMC wrote a program to extract the data provided in the spreadsheet bates numbered GAF6060-7231 which provides the number of squares of Timberline shingles shipped from the Mobile plant to approximately 22 States during the period of 1998 to 2007.

7.     Identify the documents and/or computer data bases which reflect the distribution of Timberline shingles to South Carolina from the Mobile plant during the relevant time period.

ANSWER:     In addition to its general objections, GAFMC objects to this interrogatory in that the phrase "reflect the distribution" is vague and ambiguous. GAFMC interprets this phrase to mean documents and computer databases from which GAFMC compiled information about the number of squares of Timberline shingles produced in Mobile and distributed in South Carolina during the relevant time period, and to whom such shingles were delivered. GAFMC also objects to this interrogatory to the extent that it assumes that any or all such documents or computer databases identify each and every South Carolina recipient of Timberline shingles from the Mobile plant during the relevant time period. Subject to these objections, GAFMC complied the information using Varnet & PeopleSoft software. Pursuant to Rule 33(c), GAFMC also refers plaintiffs to GAF2864-2891 and GAF10497-10503.

8.     Identify all South Carolina resident or owners of property in South Carolina who have received compensation for Mobile shingles through the GAF warranty program since the filing of this lawsuit.

ANSWER:     In addition to its general objections, GAFMC objects to this interrogatory in that the term "compensation" is vague and ambiguous. GAFMC interprets this term to mean any form of warranty payment, goods, or services. Subject to this these objections, and pursuant to Rule 33(c), GAFMC state as follows following:

| Last, First Name | Address1 | City | State | Zip |
|---|---|---|---|---|
| HAGER, FRANK | 566 ISLAND CIRCLE | SAINT HELENA ISLAND | SC | 29920 |
| ELLIOTT, EUGENE | 6870 THREE BEND RD | NICHOLS | SC | 29581 |
| BALLARD, TOMMY | 324 FAIRWAY RD | CHESTERFIELD | SC | 29709 |
| BOOZER, DEAN | 2240 CLARA BROWN RD | PROSPERITY | SC | 29127 |
| RYAN, JAMES | 1128 AMBER HILL CIR | CROSS HILL | SC | 29332 |
| KNEECE, MITCHELL | 101 BOARDWALK AVE | SALUDA | SC | 29138 |
| BOOZER, JAKE | 3480 SC HWY 391 | PROSPERITY | SC | 29127 |
| DOMINICK, VOIGHT | 4 SIDNEY DR | NEWBERRY | SC | 29108 |
| DEHART, MARGARET | 969 SUBER RD | POMARIA | SC | 29126 |
| HODGE, FLOYD | 1177 HOLLYWOOD RD | SALUDA | SC | 29138 |
| LESTER, CLYDE LAMONT | 6269 SC HWY 395 | NEWBERRY | SC | 29108 |
| LIVINGSTON, DONALD | 2159 COLONY CHURCH RD | NEWBERRY | SC | 29108 |
| CROMER, JIMMY | 4738 CLARA BROWN RD | NEWBERRY | SC | 29108 |
| KIBLER, WILLIAM | 9453 SC HWY 34 | NEWBERRY | SC | 29108 |
| UPCHURCH, DAVID | 1011 HOLLYWOOD RD | SALUDA | SC | 29138 |
| DUFFE, JUANITA | 4346 MT.BETHEL GERMANY RD | NEWBERRY | SC | 29108 |
| MARTIN, CYNTHIA | 1531 MAIN ST | NEWBERRY | SC | 29108 |
| PRESBYTERIAN CHURCH, AVLEIGH | 1211 CALHOUN ST | NEWBERRY | SC | 29108 |
| WELBORN, JOE | 1609 COTTAGE ST | NEWBERRY | SC | 29108 |
| PITTS, JOHNNIE | 4902 ISLAND FORD RD | SILVERSTREET | SC | 29145 |
| BOUKNIGHT, KEITH | 1029 MAIN ST | SILVERSTREET | SC | 29145 |
| WATTS, LINDA | 1985 BLUE RIDGE TER | WEST COLUMBIA | SC | 29170 |
| ARTHUR, DONALD | 1208 FRANCIS MARION CIR | MONCKS CORNER | SC | 29461 |
| KIRSH, KEVIN | 105 PRESSLEY ST | CLOVER | SC | 29710 |
| KIRSH, HERBERT | 105 BELLWOOD DR | CLOVER | SC | 29710 |
| BREHMER, MIKE | 1612 BREHMER RD | KINARDS | SC | 29355 |
| BREHMER, HENRY | 2018 BREHMER RD | KINARDS | SC | 29355 |
| BREHMER, HARMON | 3270 SANDY RUN CREEK RD | KINARDS | SC | 29355 |

| | | | | |
|---|---|---|---|---|
| LUTH CH OF THE REDEEMER | 1515 BOUNDARY ST | NEWBERRY | SC | 29108 |
| ROBERTSON, RAY | 1886 PROVIDENCE CHURCH RD | PAGELAND | SC | 29728 |
| BROWN, DUANE | 581 KNOTTY BRANCH RD | CONWAY | SC | 29527 |
| DEWEESE, DAVID | 607 RAYNA DR | GREER | SC | 29651 |
| WILLIAMSON, KINARD | 3181 WILLIAMSON DR | LORIS | SC | 29569 |
| WOLFE, LEWIS | 2324 ROCKY CREEK RD | NEWBERRY | SC | 29108 |
| CROSBY, DANNIEL | 310 CARDINAL DR | EASLEY | SC | 29642 |
| CLEMONS, HILDA | 2045 GREEN SEA RD | GREEN SEA | SC | 29545 |
| GLENN, EULA | 27972 SC HWY 34 | SILVERSTREET | SC | 29145 |

As to objections, respectfully submitted,

COLLINS & LACY, P.C.

By: *[signature]*

GRAY T. CULBREATH
1330 Lady Street, Sixth Floor (29201)
Post Office Box 12487
Columbia, South Carolina 29211
(803) 256-2660
(803) 771-4484 (f)

And

Joel A. Mintzer, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402

ATTORNEYS FOR DEFENDANT GAF
MATERIALS CORPORATION

Columbia, South Carolina
September 20, 2010

## CERTIFICATE OF MAILING

I hereby certify that on the 20th day of September, 2010, a true and correct copy of the above and foregoing **Defendant GAF Materials Corporation's Answers to Plaintiffs' 7th Set of Interrogatories** is being emailed to the below listed counsel for Plaintiffs.

*Jamie Berks*

**COUNSEL SERVED:**

Gibson Solomons, Esquire
Daniel A. Speights, Esquire
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC  29924

Thomas H. Pope, III, Esquire
Post Office Box 190
1508 College Street
Newberry, SC  29108

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) |
| COUNTY OF NEWBERRY | ) FOR THE EIGHTH JUDICIAL CIRCUIT |
| | ) |
| Jack Brooks and Ellen Brooks, | ) Civil Action No.: 2006-cp-36-129 |
| | ) |
| Plaintiffs, | ) |
| | ) **DEFENDANT GAF MATERIALS** |
| vs. | ) **CORPORATION'S RESPONSES TO** |
| | ) **PLAINTIFFS' 8th REQUEST FOR** |
| GAF Materials Corporation, | ) **PRODUCTION** |
| | ) |
| Defendant. | ) |

TO:   GIBSON SOLOMONS, ESQUIRE, DANIEL A. SPEIGHTS, ESQUIRE, AND THOMAS H. POPE, III, ESQUIRE ATTORNEYS FOR THE ABOVE-NAMED PLAINTIFFS:

Pursuant to Rule 34 of the South Carolina Rules of Civil Procedure, Defendant GAF Materials Corporation, (hereinafter "GAFMC") by and through its undersigned counsel, does hereby provide the following responses to Plaintiffs' Eighth Set of Requests for Production as follows:

### GENERAL OBJECTIONS

In setting forth these Responses, the GAFMC does not waive the attorney-client, work product, or other privilege or immunity from disclosure which may attach to information responsive to the Requests. GAFMC does not concede the relevance or materiality of the Requests, or the subject matter to which the Requests refer.

These Responses are submitted by GAFMC subject to, and without in any way waiving or intending to waive, but on the contrary intending to reserve and reserving:

1.     All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of the documents referred to or answers given, or the subject of


Exhibit B

them, in any subsequent proceeding or in the trial of this action or any other action or proceeding;

2.    The right to object to other discovery procedures involving or relating to the subject matter of the Requests responded to here; and

3.    The right at any time to revise, correct, add to, or clarify any of the responses set forth here, or documents referred to here.

4.    GAFMC objects to these Requests to the extent that they ask for information protected by the attorney-client or work product privileges.

5.    In responding to Plaintiffs' Requests, GAFMC has conducted a thorough and reasonable search of those sections of its corporate records where documents and other things responsive to these Requests are most apt to be kept in an ordinary course of business.  In addition, GAFMC's representatives have spoken to those employees who are most apt to have knowledge as to the location or existence of information that may be responsive.  To the extent the subject Requests asks GAFMC to take actions other than these, GAFMC objects because that discovery is overly broad, unduly burdensome, and asks for information not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES

1.    All documents referred to or alluded to in Plaintiffs' Seventh Set of Interrogatories to Defendant GAF and/or GAF's answers to same.

**RESPONSE: Subject to its objections, attached hereto is a CD containing the following bates numbered documents:**

  a.    **previously produced GAF6060-7231**

  b.    **previously produced GAF2864-2891.**

c.     GAF10497-10503 - 1999 Mobile product shipped to South Carolina

2.     All documents reflecting methods of identification for confirming that a Timberline shingles was manufactured at the Mobile, Alabama plant of GAF, rather than at some other plant, including, but not limited to photographs, diagrams, or memoranda.

RESPONSE: In addition to its general objections, GAFMC objects to this request as overly broad and unduly burdensome to the extent that it seeks "all" documents reflecting methods of identifying the shingles at issue, as that would require the production of documents regarding not just the manufacturing processes at the Mobile plant but also regarding the manufacturing processes at every other plant. GAFMC also objects to this request as seeking irrelevant information to the extent that it includes shingle sales that occurred outside of South Carolina. Subject to these objections, GAFMC refers plaintiffs to its answer to Interrogatory No. 3 and the documents referenced therein.

3.     All documents upon which GAF relies in asserting that 213,509.17 squares is the correct number of squares of Timberline shingles produced at Mobile and distributed in South Carolina from 1999 to 2008 including, but not limited to, backup documents, invoices, and shipping documents that are maintained by hard copy or electronically.

RESPONSE: See previously produced GAF2864-2891 for the total squares of Timberline shingles shipped to South Carolina for the period 2000-2007(131,056 squares). See GAF10497-10503 for the total squares of Timberline shingles shipped to South Carolina in 1999 (82,254.17 squares). Mobile plant ceased production of Timberline shingles at the end of 2007.

[Signature Page to Follow]

As to objections, respectfully submitted,

COLLINS & LACY, P.C.

By:    _Gray T. Culbreath (by Brian A. Comer)_
       GRAY T. CULBREATH
       1330 Lady Street, Sixth Floor (29201)
       Post Office Box 12487
       Columbia, South Carolina 29211
       (803) 256-2660
       (803) 771-4484 (f)

       And

       Joel A. Mintzer, Esquire
       Robins, Kaplan, Miller & Ciresi, LLP
       800 LaSalle Avenue
       2800 LaSalle Plaza
       Minneapolis, MN  55402

       ATTORNEYS FOR DEFENDANT GAF
       MATERIALS CORPORATION

Columbia, South Carolina
September 20, 2010

## CERTIFICATE OF MAILING

I hereby certify that on the 20th day of September, 2010, a true and correct copy of the above and foregoing **Defendant GAF Materials Corporation's Responses to Plaintiffs' 8th Set of Requests for Production** is being email to the below listed counsel of record for Plaintiffs.



**COUNSEL SERVED:**

Gibson Solomons, Esquire
Daniel A. Speights, Esquire
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC  29924

Thomas H. Pope, III, Esquire
Post Office Box 190
1508 College Street
Newberry, SC  29108



JOSEPH W. HUDGENS
THOMAS H. POPE III
W. CHAD JENKINS

KYLE B. PARKER

**POPE & HUDGENS**
ATTORNEYS, P.A.

1508 COLLEGE STREET · P.O. BOX 190
NEWBERRY, SOUTH CAROLINA 29108
PHONE (803) 276-2532     FAX (803) 276-8684
WWW.POPEANDHUDGENS.COM

THOMAS H. POPE
(1913-1999)
ROBERT D. SCHUMPERT
(1927-1994)

September 27, 2010

**VIA EMAIL ONLY:  gculbreath@collinsandlacy.com**
Gray T. Culbreath, Esquire
Collins & Lacy
PO Box 12487
Columbia, SC 29211

RE:     Jack Brooks, et al. v. GAF
        C/A No. 2006-CP 36-129

Dear Gray:

        We have reviewed GAF's Answers to Plaintiffs' Seventh Interrogatories and Plaintiffs' Eighth
Requests for Production of Documents and note the following:

(a) Interrogatory No. 1: Please have GAF provide the title of Richard Reif, the
    person identified as having gathered information concerning the number
    of squares of Timberline shingles produced in Mobile and distributed
    in South Carolina.  Also, identify all others who compiled this information.

(b) Interrogatory No. 3: The GAF response says that prior to May 2005
    Mobile was the only GAF plant to use a dragon tooth pattern and
    that from May 2005 on, these shingles "included a orange nail line
    and two additional blue lines in the headlap to identify the nailing
    zone."  Please have GAF specify whether or not the dragon tooth pattern
    continued after May 2005.

(c) Request for Production No. 2: On the same subject, this request asks for all
    documents showing such identification (including photographs,
    diagrams, or memoranda).  Please provide all documents, photographs
    and/or diagrams relating to Timberline shingles made in Mobile during the relevant
    time period (e.g. photos, and diagrams of the dragon tooth markings and
    of the shingles with the orange and blue lines referred to in Int. No. 3).

Exhibit C



*Page 2*                     *Gray T. Culbreath, Esquire*                     *9/27/10*

We would request that GAF provide all of this information in the next ten days. We would like to avoid a motion to compel.

With kind regards.

Sincerely,

POPE AND HUDGENS, P.A.

Thomas H. Pope III

THP III/bb

cc:    Joel A. Mintzer, Esquire *(via email only)*
       Daniel A. Speights, Esquire *(via email only)*
       Gibson Solomons, Esquire *(via email only)*



Gray T. Culbreath | Direct Dial: 803.255.0421 | E-Mail: gculbreath@collinsandlacy.com

October 7, 2010

Thomas H. Pope, III, Esquire
Pope & Hudgens, PA
Post Office Box 190
Newberry, SC 29108

   RE: Jack Brooks and Ellen Brooks v. GAF Materials Corporation
     Civil Action No.: 2006-cp-36-129
     C&L File No. 817-103

Dear Tom:

  As you know, we have filed an appeal in the South Carolina Court of Appeals seeking a review of Judge Hayes' ruling on summary judgment as well as previous class certification order. Pursuant to S.C. Rule of Appellate Procedure 241(a), the service of the Notice of Appeal serves as an automatic stay of all matters in this case related to both orders which would include the discovery that we recently answered. That discovery is clearly related to issues of class notice which are inextricably linked to the class certification order which we are seeking to appeal.

  Please call me if you have any questions regarding this matter.

          Sincerely,

          Gray T. Culbreath

GTC: mjl

cc: Daniel A. Speights, Esquire
  Gibson A. Solomons, III, Esquire
  Joel A. Mintzer, Esquire

*Exhibit D*



**Gray T. Culbreath | Direct Dial: 803.255.0421 | E-Mail: gculbreath@collinsandlacy.com**

March 23, 2011

**VIA EMAIL & U.S. MAIL**

A. Gibson Solomons, Esquire                    Thomas H. Pope, III, Esquire
Speights & Runyan                              Pope & Hudgens, P.A.
Post Office Box 685                             Post Office Box 190
Hampton, SC  29924                             Newberry, SC  29108

Daniel A. Speights, Esquire
Speights & Runyan
Post Office Box 685
Hampton, SC  29924

        RE:    Jack Brooks and Ellen Brooks v. GAF Materials Corporation
                 Civil Action No.:  2006-CP-36-129
                 C&L File No. 817-103

Gentlemen:

      I am following up our conversation at the conclusion of Monday's hearing, it appears that the only outstanding discovery in this case is the clarification of GAF's responses to Plaintiffs' Seventh Interrogatories and Eighth Request for Production.  In Tom's letter of September 27, 2010, he requested certain clarification of our responses to those.  I am not aware of any other outstanding discovery requests.

      In the interim, we believe class discovery is stayed.  While Judge Hayes stated his preliminary determination that class issues are not stayed, he also clearly indicated that this view was not final until he signed an order.  When (and if) Judge Hayes issues a written Order deciding that the appeal does not stay the class claims, we will timely respond to Tom's letter and the discovery request.  To that end, when might we expect a draft Order?

                              Sincerely,

                              Gray T. Culbreath

GTC:kjc

                    Exhibit E