THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Jack Brooks and Ellen Brooks, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>GAF Materials Corporation,<br><br>    Defendant. | Civil Action No.: 8:11-cv-00983-HMH<br><br>**DEFENDANT GAF MATERIALS CORPORATION'S RESPONSE TO THE COURT'S ORDER OF MAY 12, 2011** |

**Introduction**

On April 25, 2011, Defendant GAF Materials Corporation ("GAF") removed this lawsuit from the South Carolina state courts. At the time of the removal, an interlocutory appeal was pending in the State's Court of Appeals. On May 12, this Court requested the parties to brief "whether the pending state court appeal has any impact on this court's jurisdiction." It does not.

This case presents the unusual circumstance of Plaintiffs seeking to avoid a likely adverse result in the South Carolina Court of Appeals by suddenly increasing the alleged amount in controversy, and inducing GAF to remove the case to federal court. This was a calculated decision. By their own admission, Plaintiffs have known since at least July 2009 that they might seek more than $5 million in damages. Further, GAF explicitly told Plaintiffs—as well as the State court—that it would remove this case to federal court if Plaintiffs amended their Complaint to seek increased damages.

The Class Action Fairness Act ("CAFA") permits defendants to remove actions like this one to federal court. CAFA permits removal even if the action has been pending in state court for more than one year, and CAFA does not impose any limitation based on the case's procedural posture in state court. Accordingly, Plaintiffs' decision to wait until after their case was on appeal before moving to amend their Complaint does not impact this Court's jurisdiction.

## Statement of Facts

Plaintiffs initially filed suit in April 2006, in the Newberry County Court of Common Pleas ("Circuit Court"). They alleged that the shingles on their roof had cracked and they asserted claims for negligence, negligent misrepresentation, fraud, breach of express and implied warranties, and unfair trade practices. (Compl. ¶¶ 18-48, Declaration of Joel A. Mintzer ("Mintzer Decl.") Ex. A.) GAF removed the case based on diversity of citizenship jurisdiction. In July 2006, this Court remanded the case to state court as Plaintiffs had specified that, "[i]n no event is Plaintiffs' recovery, exclusive of interests and costs, to exceed $74,999.00." Brooks v. GAF Materials Corp., No. 8:06-1613-HMH (D.S.C. July 24, 2006).

Then in November 2007, nineteen months after filing suit, Plaintiffs amended their Complaint to assert a class action. (First Am. Compl. ¶ 21, Mintzer Decl. Ex. B.) To avoid federal jurisdiction, the Amended Complaint limited class damages to $5 million. (Id. at ¶ 29.) See 28 U.S.C. § 1332(d)(2).

GAF again removed the case to federal court. GAF argued that the damages limitation did not actually preclude the class from seeking greater damages under

South Carolina law, and that the First Amended Complaint pleaded damages in excess of the $5 million jurisdictional threshold if the class was not bound by the limitation. (Def. GAF Materials Corp.'s Return to Jan. 4 Order and Pls.' Second Mot. to Remand at 6, Mintzer Decl. Ex. C.)  Plaintiffs again moved to remand, arguing that they are masters of their Complaint and that they had tailored their damages allegation to avoid federal jurisdiction.  (Pls.' Mem. Regarding the Amount in Controversy and CAFA at 4-5, Mintzer Decl. Ex. D.)

Relying on Plaintiffs' representation, this Court remanded the case to state court.  The Court also entered an order precluding Plaintiffs from ever obtaining more than $5 million for the class:

> Furthermore, with respect to all claims, the Plaintiffs are barred from recovering a total amount of damages, including actual damages, punitive damages, treble damages, and statutory attorney's fees, exceeding five million dollars ($5,000,000), exclusive of interest and costs for the putative class action . . . .

Brooks v. GAF Materials Corp., 532 F. Supp. 2d 779, 783 (D.S.C. 2008).  The Court added that it would be unwise for Plaintiffs to seek greater damages at any time following remand, in part because of the doctrine of judicial estoppel:

> [The Court] agrees with the admonition in [Jones v. Allstate Ins. Co., 258 F. Supp. 2d 424, 427 n.2 (D.S.C. 2003)] that "a subsequent increase in the amount sought by plaintiffs would not be a good career move for plaintiffs' attorneys considering their anticipated future dealings with this court and would probably be barred by judicial estoppel."

Brooks, 532 F. Supp. 2d at 782.

Following remand, the parties engaged in discovery.  From that discovery, Plaintiffs stated that they learned that the value of the class claims exceeds $5 million.

According to Plaintiffs, they learned this fact no later than July 10, 2009. (Pls.' Mot. To Amend at 2, Mintzer Decl. Ex. E.) Plaintiffs, however, chose not to file any motion to amend at that time. Instead, on July 15, 2009, Plaintiffs moved for class certification. This motion was later granted. (Order Certifying Class, Mintzer Decl. Ex. F.) In September 2009, Plaintiffs also moved for summary judgment, on behalf of the class, on their breach of implied warranty theory.

In July 2010, the Circuit Court held a status conference at which numerous issues were addressed, including the amount-in-controversy alleged in Plaintiffs' Complaint. GAF represented to the Court that it would remove the case to federal court should the Complaint be amended to seek more than $5 million in damages. GAF also represented that it would immediately appeal an order granting summary judgment in favor of the class.

In September 2010, the Circuit Court granted summary judgment on behalf of the class. (Order Granting Partial Summ. J. as to Implied Warranty Claim, Mintzer Decl. Ex. G.) On October 4, 2010, GAF timely appealed both the summary judgment decision and the intertwined class certification decision. On November 3, 2010, GAF filed its initial brief, demonstrating that summary judgment was contrary to established South Carolina law, and that no class should have ever been certified. (Initial Br. of Appellant GAF Materials Corp., Mintzer Decl. Ex. H.)

Seeking to avoid review of the Circuit Court's clearly erroneous decision, Plaintiffs first filed a motion to dismiss the appeal. That motion was denied. (Jan. 19, 2011 Order, Mintzer Decl. Ex. I.) Plaintiffs also moved the Circuit Court to amend their

Complaint to assert damages in excess of $5 million, hoping ultimately to induce GAF's removal to federal court; which would also obviate the appeal. (Pls.' Mem. In Support of Mot. to Amend Compl., Mintzer Decl. Ex. J.)

Because Plaintiffs' actions were a clear effort to impact issues on appeal, GAF filed a motion with the South Carolina Court of Appeals seeking a writ of prohibition. (Appellant GAF Materials Corp.'s Pet. for Writ of Prohibition, Mintzer Decl. Ex. K.) GAF argued that the pending appeal divested the Circuit Court of jurisdiction to grant the motion. (Id. at 8.) GAF also argued that the amendment would—as a practical matter—divest the appellate court of jurisdiction because GAF would remove the case to federal court. (See id. at 9.) Plaintiffs responded that an extraordinary writ was not necessary because any decision granting the amendment could itself be reviewed on appeal. (Respondents' Return in Op. to Appellant GAF's Pet. for Writ of Prohibition at 8-9, Mintzer Decl. Ex. L.) The Court of Appeals denied GAF's petition, holding that extraordinary relief was not required as GAF could later raise the issue on appeal. (March 18, 2011 Order, Mintzer Decl. Ex. M.)

GAF then filed its opposition to the motion to amend in the Circuit Court. (GAF Materials Corp.'s Opp'n to Pls.' Mot. to Amend Compl., Mintzer Decl. Ex. N.) There, GAF reiterated that the Circuit Court lacked jurisdiction on account of the appeal. (Id. at 8-10.) GAF further argued that the amendment was barred by judicial estoppel, as this Court previously indicated.[1] (Id. at 10-14.) On March 31, 2011, the Circuit Court

---

[1] In response to GAF's motion for a status conference, Plaintiffs state that GAF opposed the motion to amend because of the pendency of the appeal. (Resp. in Supp. of Mot. for

822203111.1                                     5

granted Plaintiffs' motion to amend, and Plaintiffs immediately filed their Second Amended Complaint.  (Order Granting Pls.' Mot. to Amend Compl., Mintzer Decl. Ex. O; Second Amend. Compl., Mintzer Decl. Ex. P.)

GAF removed this action on April 25, 2011.  Four days later, on April 29, Plaintiffs filed a second motion to dismiss with the South Carolina Court of Appeals.  Without citation to any law, Plaintiffs stated that the appeal should be dismissed because GAF had "elected" a federal remedy.  (Respondents' Mot. to Dismiss Appeal at 1, Mintzer Decl. Ex. Q.)  GAF opposed the motion on May 9, 2011, primarily arguing that the appellate court lost jurisdiction upon the removal.  (Appellant's Return to Respondents' Second Mot. to Dismiss Appeal, Mintzer Decl. Ex. R.)  Plaintiffs did not file any reply brief.  That motion is currently under advisement.

## Argument

This case returns to federal court because of Plaintiffs' game-playing.  Claiming that they were masters of their Complaint with an unfettered right to tailor their allegations to avoid federal jurisdiction, Plaintiffs obtained a remand from this Court to state court.  But when they were faced with an appeal that would overturn class certification and summary judgment decisions in their favor, Plaintiffs retailored their Complaint to create federal jurisdiction.

Plaintiffs' decision to wait to amend their Complaint until after GAF filed an appeal in State Court does not impact this Court's removal jurisdiction.  CAFA states

---

Status Conference, Dkt. No. 7 at 5 n.3.)  Plaintiffs notably omit that GAF also argued that the amendment was barred by this Court's order and judicial estoppel.

that "class actions . . . may be removed to a district court of the United States in accordance with section 1446 . . . ." 28 U.S.C. § 1453(b). And section 1446 permits a defendant to remove to federal court "any civil action" that is pending in "a State court." 28 U.S.C. § 1446(a). These statutes allow GAF to remove a case, even if it is on appeal.

**First**, GAF's appeal does not change the fact that this lawsuit is a "civil action." The phrase "civil action" in § 1446 also appears in other federal jurisdictional statutes, such as the provision establishing diversity jurisdiction. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions . . . .") Looking at the predecessor to today's § 1332, the Supreme Court explained that a "civil" action simply means a non-criminal action:

> [T]he phrase "suits of a civil nature" is used in contradistinction to "crimes and offenses," . . . . Thus suits of a civil nature within the meaning of the section are those which do not involve criminal prosecution or punishment, and which are of a character traditionally cognizable by courts of common law or of equity.

Milwaukee Cnty. v. M.E. White Co., 296 U.S. 268, 270-71 (1935). See also Cornyn v. Real Parties in Interest, 110 F. Supp. 2d 514, 519-21 (E.D. Tex. 2000) (describing legislative history and case law regarding the phrase "civil action"), rev'd on other grounds, 259 F.3d 387 (5th Cir. 2001). Accordingly, courts have held that disputes, in a variety of procedural contexts, are "civil actions" subject to removal to federal court. See, e.g., In re Estate of Kendricks, 572 F. Supp. 2d 1194, 1197 (C.D. Cal. 2008) (holding that probate petition is a "civil action"); Balf Co. v. Exxon Corp., 682 F. Supp. 735, 736-37 (D. Conn. 1988) (holding that entry and detainer proceeding is a "civil action"). See also

Commissioners of Road Improvement Dist. No. 2 v. St. Louis S. Ry., 257 U.S. 547, 562 (1922) (holding that property tax assessment proceeding was removable to federal court).

**Second**, the case is removable because the appeal was pending in "a State court." 28 U.S.C. § 1446(a). Section 1446 does not limit removals to civil actions pending in a state trial court. Instead, by its unambiguous terms, it allows removal of a case pending in any State court. See United States v. Murphy, 35 F.3d 143, 145 (4th Cir. 1994) ("in examining statutory language, words are given their common usage"). Accordingly, even cases pending in a state appellate court can be removed to a federal district court.

This same issue arose in the context of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"). Congress enacted the statute in response to the failures of a number of banks and savings and loans. Among its provisions, FIRREA permits the FDIC, as a receiver for insolvent banks, to remove "any [suits of a civil nature at common law or in equity] from a state court." 12 U.S.C. §§ 1819(b)(2)(A), (B). This provision plainly permits the removal of all actions, even those on appeal. Acting en banc, the Fifth Circuit explained:

> The statute's plain language is quite plain: Any action in a state court may be removed. This language does not limit removable actions to those that have not yet reached a state trial court judgment, nor does it limit removable actions to those that come to the federal courts from a specific state court (i.e., from state trial, as opposed to appellate, court).

In re Meyerland Co., 960 F.2d 512, 516 (5th Cir. 1992) (en banc).

The Fourth Circuit applied this reasoning in a case removed from the West Virginia Supreme Court. In Resolution Trust Corporation v. Allen, 16 F.3d 568, 571 (4th

Cir. 1994), a savings and loan became insolvent during the pendency of an appeal, and the RTC became its receiver. Pursuant to a different provision of FIRREA, 12 U.S.C. § 1441(a)(*l*)(3), which contains language nearly identical to the FDIC provision, the RTC removed the case to federal court. See id. Rejecting defendants' contention that the district court lacked jurisdiction, the Fourth Circuit held: "FIRREA explicitly grants federal courts jurisdiction over any case to which RTC is a party and § 1441(a)(*l*)(3) allows the removal of any action to which RTC is party, including those pending appeal." 16 F.3d at 572 n.4 (citing In re Meyerland, 960 F.2d at 519). See also Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1236-37 (9th Cir. 1995) (applying plain language of statute); Resolution Trust Corp. v. Nernberg, 3 F.3d 62, 67 (3d Cir. 1993) (holding that case on appeal in state court may be removed to federal court); Ward v. Resolution Trust Corp., 972 F.2d 196, 198 (8th Cir. 1992) (explaining that once a case is removed, "the state court of appeals could proceed no further").

Just as FIRREA permits the removal of any civil lawsuit "from a State court," 12 U.S.C. §§ 1819(b)(2)(A), (B), 1441(a)(*l*)(3), the provision governing this case, 28 U.S.C. § 1446(a), permits the removal of "any civil action . . . from a State court." Thus, just as FIRREA permits removals from state appellate courts, so too does 28 U.S.C. § 1446(a).

**Third**, even though the pendency of the appeal makes no difference, the Court should be aware this case was not entirely within the appellate court jurisdiction. Under South Carolina law, a party may appeal an interlocutory order granting summary judgment. S.C. Code § 14-3-330(1); Charlotte-Mecklenburg Hosp. Auth. v. S.C. Dep't of Health & Envtl. Control, 387 S.C. 265, 266, 692 S.E.2d 894 (2010). And with

that appeal, the court may also review all other orders that "necessarily affect" the trial court's decision. S.C. Code § 14-3-330(1); Link v. Sch. Dist. of Pickens Cnty., 302 S.C. 1, 6, 393 S.E.2d 176, 179 (1990). Because the Circuit Court granted summary judgment in favor of a class, that made the class certification decision reviewable on interlocutory appeal as well. See Ferguson v. Charleston Lincoln Mercury, Inc., 349 S.C. 558, 565-66, 564 S.E.2d 94, 98 (2002) (reviewing class certification decision together with appeal of summary judgment order); Tilley v. Pacesetter Corp., 333 S.C. 33, 42-43, 508 S.E.2d 16, 21 (1998) (same). In this case, GAF appealed both the summary judgment and class certification decisions. Although the appeal vested "exclusive jurisdiction" in the Court of Appeals, South Carolina procedure also permits the Circuit Court to "proceed[] with matters not affected by the appeal." Rule 205, SCACR. Thus, the Circuit Court retained jurisdiction to address issues that did not concern summary judgment or class certification.[2] Accordingly, GAF filed notice of its removal with both the Circuit Court as well as the Court of Appeals. See 28 U.S.C. § 1446(d).

## Conclusion

GAF properly removed this case from a State court. Under federal law, it makes no difference that the case was pending on appeal at the time that it became removable.

---

[2] One of the issues on appeal concerned the impact of the $5 million limitation on the class certification decision. (Initial Br. of Appellant GAF Materials Corp. at 31-34, Mintzer Decl. Ex. H.) Therefore, the Circuit Court lacked jurisdiction—under South Carolina law—to consider Plaintiffs' motion to amend that limitation. At Plaintiffs' urging, the Circuit Court held otherwise. Plaintiffs have since acknowledged that the Amended Complaint affects the appeal in that they filed a motion in the Court of Appeals requesting that GAF strike its limited-damages argument from its initial appellate brief.

Respectfully submitted,

May 27, 2011                                    **Collins & Lacy, P.C.**


                                                By:___/s/ Gray Culbreath_____
                                                  Gray T. Culbreath (Fed. ID #5647)
                                                  1330 Lady Street, Sixth Floor (29201)
                                                  Post Office Box 12487
                                                  Columbia, South Carolina 29211
                                                  T:  (803) 256-2660
                                                  F:  (803) 771-4484
                                                  gculbreath@collinsandlacy.com

                                                        And

                                                **Robins, Kaplan, Miller & Ciresi L.L.P.**

                                                Joel A. Mintzer
                                                Andrea K. Naef
                                                2800 LaSalle Plaza
                                                800 LaSalle Avenue
                                                Minneapolis, MN 55402
                                                T: (612) 349-8500
                                                F: (612) 339-4181

                                                *Attorneys for Defendant GAF Materials Corporation*

**CERTIFICATE OF SERVICE**

  This is to certify that on this 27th day of May, 2011, a true and correct copy of the above and foregoing is being electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

_____s/Gray T. Culbreath_____

COUNSEL SERVED:

Gibson Solomons, Esquire
Daniel A. Speights, Esquire
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC 29924

Thomas H. Pope, III, Esquire
Post Office Box 190
1508 College Street
Newberry, SC 29108