# EXHIBIT A

STATE OF SOUTH CAROLINA )

COUNTY OF NEWBERRY )

IN THE COURT OF COMMON PLEAS

Jack Brooks and Ellen Brooks )

                Plaintiffs, )

  v. )

GAF Materials Corporation )

                Defendant. )

Case No.: 2006-CP-36-129

**COMPLAINT**

*(JURY TRIAL DEMANDED)*

**TO THE ABOVE-NAMED DEFENDANT AND YOUR ATTORNEYS:**

Plaintiffs, Jack Brooks and Ellen Brooks, hereby allege as follows:

PARTIES

1. The Plaintiffs, Jack Brooks and Ellen Brooks, are residents of Newberry, South Carolina.

2. GAF Materials Corporation ("GAF") is a corporation, company or other business entity which has been engaged in the business of transporting, designing, manufacturing, selling and/or distributing roofing products, and roofing systems.

3. The Defendant, GAF is a corporation organized under the laws of a state other than South Carolina with its principal place of business in a state other than South Carolina.

4. The injuries complained of below occurred in whole or in part in the State of South Carolina.

5. The Defendant used the ports of South Carolina or the roads and other means of transportation in the State of South Carolina to transport their products into the State of South Carolina where they sold, installed and/or distributed products to South Carolina residents or

1

entities for use in South Carolina.

6. The Defendant is subject to the jurisdiction of this court in that the Defendant transacted business in this state, entered into agreements or contracts in this state or carried out contracts in this state, committed tortious acts in whole or in part in this state, sent agents or employees into this state for the purposes of selling, marketing, distributing, designing or supplying roofing systems and roofing products to residents of South Carolina for use in this state, and/or produced, manufactured or distributed goods with the reasonable expectation that those goods would be used in this state and the goods were used in this state.

7. The Defendant is a foreign corporation and is subject to jurisdiction in this State pursuant to, inter alia, S.C. Code Ann. §36-2-803.

8. The Defendant has caused or will cause, and the plaintiffs have suffered or will suffer, damage and injury as a result of the acts or omissions of this Defendant.

## SUBSTANTIVE ALLEGATIONS

9. Jack Brooks and Ellen Brooks purchased a GAF roof to be placed upon their residence located at 505 Schumpert Mill Road, Newberry, SC 29108.

10. The Defendant, GAF is in the business of manufacturing roofing systems to be placed upon residences.

11. GAF warrants its products for extended periods of years up to a "lifetime" warranty.

12. GAF instructs and certifies installers to install its roofing systems.

13. Jack Brooks and Ellen Brooks hired a GAF Master Installer to install a GAF roofing system on their residence.

14. The installer, pursuant to GAF specifications, placed a GAF roofing system on the Brooks residence.

2

15. The GAF roofing system is now failing.

16. GAF is aware that, even if all components of the roof are installed perfectly, the system will not be effective for the duration of the warranty.

17. Furthermore, GAF has concealed known problems with its roofing systems from its customers, including the Plaintiffs.

## FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

18. Plaintiffs repeat and reiterate every allegation in this complaint as if specifically restated herein.

19. The Defendant is in the business of manufacturing roofing components and roofing systems.

20. The Defendant, in carrying out its duties as a roofing system designer and manufacturer, has been negligent in the following ways:

     a.    In failing to properly design the roofing system

     b.    In failing to properly manufacture the roofing system

     c.    In failing to adequately test the product to assure it meets specifications

     d.    In continuing to sell the product despite knowledge of problems

     e.    In failing to recall the product after knowledge of the roofing systems problems.

21. As a result of the Defendant's negligence, Jack Brooks and Ellen Brooks have suffered damages in that they paid full price for a roofing product which is defective. Additionally, the faulty roof has caused consequential damages to their property which have been proximately caused by the roof not performing as it should. The Plaintiffs seek recovery, actual and punitive, for that injury.

3

## FOR A SECOND CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

22.  Plaintiffs repeat and reiterate every allegation in this complaint as if specifically restated herein.

23.  GAF publishes through print and other means, information about its product.  In these publications, among other things, GAF warrants its product with extended warranties up to a "lifetime" warranty.

24.  GAF is aware that the material is misleading and/or false including that its product has a useful life of periods far shorter than the warranties it issues.

25.  In making their decision of which roof to place on their residence, the Plaintiffs relied upon the statements of GAF concerning the attributes of GAF roofing systems.

26.  As a result of their reliance upon statements by GAF, the Plaintiffs have been injured and seek recovery, actual and punitive, for that injury.

### FOR A THIRD CAUSE OF ACTION: BREACH OF WARRANTY

27.  Plaintiffs repeat and reiterate every allegation in this complaint as if specifically restated herein.

28.  GAF expressly warrants the attributes and durability of its product.

29.  The Plaintiffs have purchased a roofing system which is warranted by GAF as a 30 year roofing system.

30.  The product was installed in August of 2000.

31.  The roof, in contradiction to the warranty, is now in faulty condition.

32.  As a result of the Defendant's breach of express warranties, the Plaintiffs have been injured and seek recovery for that injury.

### FOR A FOURTH CAUSE OF ACTION: BREACH OF IMPLIED WARRANTIES

4

33. Plaintiffs repeat and reiterate every allegation in this complaint as if specifically restated herein.

34. The Defendant, as a seller of roofing products in South Carolina, is subject to the provisions of the Uniform Commercial Code as adopted by South Carolina.

35. The roofing system purchased by the Plaintiffs is in breach of the implied warranties of merchantability and fitness for a particular purpose.

36. As a result of these warranties being breached, the Plaintiffs have been injured and seek recovery for that injury.

### FOR A FIFTH CAUSE OF ACTION: FRAUD

37. Plaintiffs repeat and reiterate every allegation in this complaint as if specifically restated herein.

38. GAF is, and has been, aware of deficiencies with its roofing systems.

39. Instead of curing the deficiencies or warning the public, GAF has continued to market its product in a way that is knowingly false.

40. In addition to GAF making knowingly false statements to customers and the public, GAF has taken steps to conceal any deficiencies from the public and customers.

41. In furtherance of the Defendant's fraudulent scheme, GAF offers warranties on its products even though it does not intend to honor the warranties.

42. The Plaintiffs have relied or acted upon the fraudulent actions of the Defendant to his detriment.

43. As a result of GAF's fraudulent scheme, the Plaintiffs have been injured and seek recovery, actual and punitive, for that injury.

### FOR A SIXTH CAUSE OF ACTION: UNFAIR TRADE PRACTICES

5

44. Plaintiffs repeat and reiterate every allegation in this complaint as if specifically restated herein.

45. South Carolina Code § 39-5-20 delineates as unlawful the engagement in unfair or deceptive business practices.

46. GAF's actions in marketing and distribution of product, as well as its product stewardship (or lack thereof), constitutes unfair or deceptive acts.

47. These actions are capable of repetition and have been repeated hundreds if not thousands of times.

48. The Plaintiffs have been injured by the Defendant's unfair and deceptive actions and seeks recovery, both actual and statutorily trebled, for this injury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand a jury trial and pray for judgment, joint and several, against the Defendant and that:

A.    Plaintiffs recover the general and special compensatory damages determined to have been sustained by them;

B.    Plaintiffs recover punitive damages from the Defendant, GAF in an amount to be determined;

C.    Plaintiffs recover treble damages and/or attorneys fees from the Defendant, GAF in accordance with the Unfair Trade Practices Act in an amount to be determined;

D.    In no event is Plaintiffs' recovery, exclusive of interest and costs, to exceed $74,999.00

E.    Plaintiffs recover the costs of this suit, including any expert witness fees

6

and reasonable attorneys' fees; and,

      F.    The Court grants such other, further or different relief as may be deemed

just and proper.

                    Respectfully submitted,

                    Marion C. Fairey, Jr., Esq.
                    Gibson Solomons, Esq.
                    200 Jackson Avenue
                    Post Office Box 685
                    Hampton, South Carolina 29924
                    (803) 943-4444

                    ATTORNEYS FOR THE PLAINTIFF

Hampton, South Carolina
This *13* day of April, 2006

7