# EXHIBIT B

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF NEWBERRY ) | FOR THE EIGHTH JUDICIAL CIRCUIT |
| ) | |
| Jack Brooks and Ellen Brooks, ) | Case Number 2006-CP-36-129 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **FIRST AMENDED COMPLAINT** |
| ) | (Jury Trial Demanded) |
| GAF Materials Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

TO:   THE ABOVE-NAMED DEFENDANT AND ITS ATTORNEYS:

Plaintiffs, Jack Brooks and Ellen Brooks, hereby allege as follows:

## PARTIES

1.   The Plaintiffs, Jack Brooks and Ellen Brooks, are residents of Newberry, South Carolina.

2.   GAF Materials Corporation ("GAF") is a corporation, company, or other business entity which has been engaged in the business of transporting, designing, manufacturing, selling, and/or distributing roofing products and roofing systems.

3.   The Defendant, GAF, is a corporation organized under the laws of a state other than South Carolina with its principal place of business in a state other than South Carolina.

4.   The injuries complained of below occurred in whole or in part in the State of South Carolina.

5.   The Defendant used the ports of South Carolina or the roads and other means of transportation in the State of South Carolina to transport its products into the State of South Carolina

-1-

where it sold, installed and/or distributed products to South Carolina residents or entities for use in South Carolina.

6. The Defendant is subject to the jurisdiction of this court in that the Defendant transacted business in this state, entered into agreements or contracts in this state or carried out contracts in this state, committed tortious acts in whole or in part in this state, sent agents or employees into this state for the purposes of selling, marketing, distributing, designing or supplying roofing systems and roofing products to residents of South Carolina for use in this state, and/or produced, manufactured, or distributed goods with the reasonable expectation that those goods would be used in this state and the goods were used in this state.

7. The Defendant is a foreign corporation and is subject to jurisdiction in this state pursuant to, *inter alia*, S.C. Code Ann. § 36-2-803.

8. The Defendant has caused or will cause, and the plaintiffs have suffered or will suffer, damage and injury as a result of the acts or omissions of this Defendant.

## CLASS ALLEGATIONS

9. GAF manufactures Timberline shingles at several plant locations across the United States.

10. GAF uses a different process to manufacture the Timberline shingles at each site.

11. By at least the year 2002, GAF corporate officers, top quality control engineers, manufacturing engineers, and sales personnel were aware that GAF shingles were failing due to cracking.

12 GAF is aware that shingles produced at the Mobile, Alabama plant between 1997 and present are cracking at a higher rate than shingles produced in other plants.

13. The cracking found in the GAF shingles is a latent problem that is not obvious to a lay person on visual inspection.

14. Despite knowledge of latent cracking in Timberline shingles, GAF continues to market, sell, and distribute Timberline shingles as a long term, premium shingle in South Carolina.

15. GAF is aware that there are hundreds of homes in South Carolina, including the Brooks' home, which have or will experience premature cracking in their roof.

16. GAF has not determined the cause of the cracking but still continues to market the shingles as thirty or forty year shingles.

17. Despite knowledge to the contrary, GAF markets their roofs as free from problems, with only a one, one thousandth ($1/1000^{th}$) chance of a defective roof.

18. GAF distributed shingles made in its Mobile, Alabama plant throughout South Carolina.

19. GAF has the ability to locate all the roofs which are covered by shingles manufactured at the GAF Mobile plant.

20. GAF has not made any attempt to notify consumers concerning replacement of the defective shingles despite knowledge of the defect and the foreseeability of damages from a defective roof.

21. The Class consists of all consumers in South Carolina who have purchased and/or used GAF shingles manufactured at the Defendant's Mobile, Alabama plant.

22. By examination of the Defendant's own records, it is apparent that the Class is sufficiently numerous that the joinder of all its members is impracticable.

23. The Plaintiffs will fairly and adequately protect the interest of the Class. The interests of the Plaintiffs are coincident with and not antagonistic to those of other Class Members and the Plaintiffs are represented by experienced and able counsel who have previously litigated class actions.

24. Plaintiffs' claims are typical of the Class Members' claims and are derived from a common nucleus of operative facts in that GAF's negligent and improper conduct has impinged upon the rights of the Plaintiffs and caused damage to the Plaintiffs and to the Class Members.

25. Treatment of the claims as separate actions creates the risk of inconsistent and varying adjudications and contradicts the need for a uniform standard of conduct in commerce of this kind.

26. GAF has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final relief with respect to the Class as a whole.

27. Questions of law or fact common to the Members of the Class predominate over any questions affecting only individual Members and class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Treatment of these claims as a single class action is superior to alternative methods. Certification of a class permits all Class Members to be treated in the same or similar manner; class treatment will allow Class Members to present their claims efficiently and share the costs of litigation, experts, and discovery in one action rather than in individual actions where these costs may exceed the value of the claim and act as an unnatural deterrent to recovery.

29. The amount in controversy for the entire proposed Class does not exceed Five Million Dollars.

## SUBSTANTIVE ALLEGATIONS

30. Jack Brooks and Ellen Brooks purchased a GAF roof to be placed upon their residence located at 505 Schumpert Mill Road, Newberry, South Carolina 29108.

31. The Defendant, GAF is in the business of manufacturing roofing systems to be placed upon residences.

32. GAF warrants its products for extended periods of years up to a "lifetime" warranty.

33. GAF instructs and certifies installers to install its roofing systems.

34. Jack Brooks and Ellen Brooks hired a GAF Master Installer to install a GAF roofing system on their residence.

35. The installer, pursuant to GAF specifications, placed a GAF roofing system on the Brooks residence.

36. The GAF roofing system is now failing in that it has developed cracks and is not performing as intended.

37. GAF is aware that even if all components of the roof are installed perfectly, the roofing system will not be effective for the duration of the warranty and will not perform as intended.

38. GAF has concealed known problems with its roofing systems from its customers, including the Plaintiffs.

39. The Plaintiffs are in the exact same position as others who have purchased GAF shingles manufactured at the Mobile, Alabama plant.

## FOR A FIRST CAUSE OF ACTION

## NEGLIGENCE

40. Plaintiffs repeat and reiterate every allegation in this Amended Complaint as if specifically restated herein.

41. The Defendant is in the business of manufacturing roofing components and roofing systems.

42. The Defendant, in carrying out its duties as a roofing system designer and manufacturer, has been negligent in the following ways:

   A. In failing to properly design the roofing system;

   B. In failing to properly manufacture the roofing system;

   C. In failing to adequately test the product to assure it meets specifications;

   D. In continuing to sell the product despite knowledge of problems and defects; and,

   E. In failing to recall the product after knowledge of the roofing systems problems.

43. As a result of the Defendant's negligence, Jack Brooks and Ellen Brooks, as well as all others similarly situated, have suffered damages in that they paid full price for a roofing product which is defective. Additionally, the faulty roof has caused actual and consequential damages and requires replacement. Plaintiffs seek recovery, actual and punitive, for that injury.

## FOR A SECOND CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

44.  Plaintiffs repeat and reiterate every allegation in this Amended Complaint as if specifically restated herein.

45.  GAF publishes, through print and other means, information about its product. In these publications, among other things, GAF warrants its product with extended warranties up to a "lifetime" warranty.

46.  GAF is aware that the material is misleading and/or false, including that its product has a useful life of periods far shorter than the warranties it issues.

47.  In making their decision of which roof to place on their residence, the Plaintiffs relied upon the statements of GAF concerning the attributes of GAF roofing systems.

48.  As a result of their reliance upon statements by GAF, the Plaintiffs have been injured and seek recovery, actual and punitive, for that injury.

## FOR A THIRD CAUSE OF ACTION

## BREACH OF WARRANTY

49.  Plaintiffs repeat and reiterate every allegation in this Amended Complaint as if specifically restated herein.

50.  GAF expressly warrants the attributes and durability of its product.

51.  The Plaintiffs, and other Class Members, have purchased a roofing system which is warranted by GAF as a 30 year roofing system.

52.  The product was installed on the Plaintiffs' residence in August of 2000.

53.  The roof, in contradiction to the warranty, is now in faulty condition and defective.

54. As a result of the Defendant's breach of express warranties, the Plaintiffs, and all others similarly situated, have been injured and seek recovery for that injury.

## FOR A FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTIES

55. Plaintiffs repeat and reiterate every allegation in this Amended Complaint as if specifically restated herein.

56. The Defendant, as a seller of roofing products in South Carolina, is subject to the provisions of the Uniform Commercial Code as adopted by South Carolina and all other warranties implied in law.

57. The roofing systems purchased by the Plaintiffs and Class Members are in breach of the implied warranties of merchantability, fitness for a particular purpose, and other warranties implied by the law.

58. As a result of these warranties being breached, the Plaintiffs, and all others similarly situated, have been injured and seek recovery for that injury.

## FOR A FIFTH CAUSE OF ACTION

## FRAUD

59. Plaintiffs repeat and reiterate every allegation in this Amended Complaint as if specifically restated herein.

60. GAF is, and has been, aware of deficiencies with its roofing systems.

61. Instead of curing the deficiencies or warning the public, GAF has continued to market its product in a way that is knowingly false.

62.     In addition to GAF making knowingly false statements to customers and the public, GAF has taken steps to conceal any deficiencies from the public and customers.

63.     In furtherance of the Defendant's fraudulent scheme, GAF offers warranties on its products even though it does not intend to honor the warranties.

64.     The Plaintiffs have relied or acted upon the fraudulent actions of the Defendant to their detriment.

65.     As a result of GAF's fraudulent scheme, the Plaintiffs have been injured and seek recovery, actual and punitive, for that injury.

## FOR A SIXTH CAUSE OF ACTION

## UNFAIR TRADE PRACTICES

66.     Plaintiffs repeat and reiterate every allegation in this Amended Complaint as if specifically restated herein.

67.     South Carolina Code § 39-5-20 delineates as unlawful the engagement in unfair or deceptive business practices.

68.     GAF's actions in marketing and distribution of product, as well as its product stewardship (or lack thereof), constitutes unfair or deceptive acts.

69.     These actions are capable of repetition and have been repeated hundreds, if not thousands, of times.

70.     The Plaintiffs, and all others similarly situated, have been injured by the Defendant's unfair and deceptive actions and seeks recovery, both actual and statutorily trebled, for this injury.

## FOR A SEVENTH CAUSE OF ACTION:

### UNJUST ENRICHMENT

71.   Plaintiffs repeat and reiterate every allegation in this Amended Complaint as if specifically restated herein.

72.   GAF has marketed and distributed product with known deficiencies for several years.

73.   Rather than informing consumers of the known problems, GAF has continued to mislead the public by holding its product out as a thirty year or forty year product.

74.   GAF charges a premium for its "long term" products despite not actually testing how long the shingle will last, limits the warranty to a period drastically shorter than the name suggests, and distributes millions of shingles with a known latent defect.

75.   Because of its improper conduct, GAF has been unjustly enriched.

76.   As a result, the Plaintiffs, and all others similarly situated have been damaged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand a jury trial and pray for judgment, joint and several, against the Defendant and that:

   A.   The Court certify a class for the causes of action of negligence, breach of warranty, breach of implied warranties, unfair trade practices, and unjust enrichment. This class will consist of all consumers in South Carolina who purchased and/or used GAF shingles manufactured in GAF's Mobile, Alabama plant;

   B.   Plaintiffs recover, both on behalf of themselves and all others similarly situated, the general and special compensatory damages determined to have been sustained by them;

C.  Plaintiffs recover punitive damages from the Defendant, GAF, in an amount to be determined;

D.  Plaintiffs recover treble damages and/or attorneys fees from the Defendant, GAF, in accordance with the Unfair Trade Practices Act in an amount to be determined;

E.  The Plaintiff's individual recovery, as well as any putative Class Members individual recovery, exclusive of interest and costs, is not to exceed $74,999.00;

F.  Plaintiffs recover the costs of this suit, including any expert witness fees and reasonable attorneys' fees; and,

G.  The Court grants such other, further, or different relief as may be deemed just and proper.

Respectfully Submitted,

By: /s/ Daniel A. Speights (per TPH)
Daniel A. Speights
A. Gibson Solomons, III
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
Post Office Box 685
Hampton, South Carolina 29924
(803) 943-4444

Thomas H. Pope, III
POPE & HUDGENS
1508 College Street
Post Office Box 190
Newberry, South Carolina 29108
(803) 276-2532

November 19, 2007
Newberry, South Carolina

Attorneys for Plaintiffs

-11-

## CERTIFICATE OF SERVICE

The undersigned employee of Pope and Hudgens, P.A., Attorneys at Law, Post Office Box 190, 1508 College Street, Newberry, South Carolina 29108, does hereby certify that she has served the following named individual with a copy of the pleading indicated below via United States first-class mail, with sufficient postage affixed thereto and return address clearly marked on the date indicated below:

COUNSEL SERVED:
Gray T. Culbreath, Esquire
Collins & Lacy, PC
PO Drawer 12487
Columbia, SC 29211

PLEADING SERVED:
**First Amended Complaint** dated November 19, 2007 in the case of Jack Brooks and Ellen Brooks v. GAF Materials Corporation, C/A No. 2006 CP 36-129

_____
Betsy Brooks
Litigation Paralegal to Thomas H. Pope, III

November 19, 2007
Newberry, South Carolina

-12-