# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

ANDERSON / GREENWOOD DIVISION


| | | |
|---|---|---|
| Jack Brooks, et al, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: <u>8:07-3988-HMH</u> |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFFS' MEMORANDUM** |
| | ) | **REGARDING THE AMOUNT IN** |
| GAF Materials Corporation | ) | **CONTROVERSY AND CAFA** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TO THE ABOVE-NAMED DEFENDANT AND YOUR ATTORNEYS**:

The Plaintiff files this Memorandum in response to the Court's request of January 4,

2008.  The Defendant has improperly removed this action for the second time despite plain

amount limitations in the Amended Complaint.  GAF, despite having opportunity at the time of

its improper removal, failed to come forth with support for the removal of this case which it must

establish to a legal certainty.  Instead GAF provided the court with general assertions,

unsupported conclusions, and no documentary support.   Furthermore, even if the Defendant

were able to establish to a legal certainty that the amount in controversy exceeds five million

dollars, CAFA, due to statutory deference given to state courts in litigation like this matter,

would require remand.  For these reasons, the Court should immediately remand the case.

### Brief Procedural History

This action was filed on April 17, 2006 as an individual action in the Court of Common

Pleas for Newberry County seeking repair costs for a defective roofing system.  In May of 2006,

the Defendant attempted to remove the action to federal court based upon diversity despite the

fact that the Plaintiff had specifically pled that the amount in controversy did not exceed seventy

five thousand dollars ($75,000.00).  The Court properly remanded the case for lack of the

requisite jurisdictional trigger, affirming the well established tenet that the Plaintiff is the master

of his own pleadings.  (See remand order Exhibit A).  After discovery revealed that the problems

which the Plaintiff had experienced with the Defendant's product were widespread among

property owners in South Carolina, that these problems derived from a common origin, and the

property owners had the same or similar claims as the Plaintiffs as related to the Defendant, in

September of 2007, the Plaintiff moved to Amend the Complaint to add class action allegations

pursuant to Rule 23 SCRCP.  In November, the South Carolina Circuit Court granted the

Plaintiff's Motion to Amend after hearing argument from the Defendant that the case was not

appropriate for class treatment.  It is apparent from the Amended Complaint that the Plaintiff

desired a class of South Carolina property owners attempting to address a deficiency in property

located in South Carolina to remain in the South Carolina Courts.   The individual limitations of

damages remain in place in the Amended Complaint, the same limitations which the District

Court has previously ruled a bar to removal.  Additionally, the Amended Complaint specifically

states that the amount in controversy for the entire class does not exceed five million dollars

($5,000,000.00).  Despite this, on December 12, 2007, the Defendant removed the action for a

second time.  On December 18, 2007, the District Court  remanded the action for a second time.

The Defendant appealed the Court's second remand order to this Court on December 21, 2007.

This Court rescinded it's December 18, 2007 and requested information concerning the

jurisdictional amount in an Order dated January 4, 2008.

**The Plaintiff is the Master of His Pleadings**

As the Court has already recognized in this case, the Plaintiff is the master of his

pleadings and a Plaintiff may tailor these pleadings to avoid the exercise of Federal jurisdiction.

Nothing in the CAFA changes this legal axiom.

> The Supreme Court has long held that plaintiffs may limit their claims to
> avoid federal subject matter jurisdiction. *See, e.g., St. Paul Mercury
> Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845
> (1938) ("If [the plaintiff] does not desire to try his case in the federal court
> he may resort to the expedient of suing for less than the jurisdictional
> amount, and though he would be justly entitled to more, the defendant
> cannot remove."). CAFA does not change the proposition that the plaintiff
> is the master of her own claim. *See, e.g., Brill*, 427 F.3d at 449 (noting that
> "a removing defendant can't make the plaintiff's claim for him; as master
> of the case, the plaintiff may limit his claims (either substantive or
> financial) to keep the amount in controversy below the threshold").

*Morgan v. Gay*  471 F.3d 469, 474 (C.A.3 (N.J.),2006)

Courts have consistently endorsed this opinion.  "The party wishing to establish subject

matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy

exceeds the statutory threshold." *Reibstein v. Continental Tire North America, Inc.*  2007 WL

1030486, (E.D.Pa.) (E.D.Pa.,2007). *See Also In re Business Men's Assurance Co.*, 992 F.2d at

183; *Patterson v. Dean Morris, LLP.*, 448 F.3d 736, 739 n. 2 (8th Cir.2006) (citing *Brill v.*

*Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-48 (7th Cir.2005));*Lowery v. Alabama Power*

*Co.*, 483 F.3d 1184, 1208 (11th Cir.2007); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329-30

(11th Cir.2006).

Cases originating in the District of South Carolina have succinctly stated "[f]or the

district court to have original jurisdiction over a class action under CAFA, the proponent of

removal must show minimal diversity, and it must be clear from the face of the complaint that

the amount in controversy exceeds $5 million". *Lanier v. Norfolk Southern Corp.* 2007 WL 4270847, (C.A.4 (S.C. (C.A.4 (S.C.),2007)

Just as *Lanier* recognizes the importance of the face of the complaint, other Courts have consistently held that the class action amount in relation to CAFA, like any other jurisdictional amount, may be limited and that when a Plaintiff specifically limits the amount in the Complaint, a Court "need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met ." *Ortiz v. Menu Foods, Inc.* 2007 WL 3374594, 14 (D.Hawai'i) (D.Hawai'i,2007) *citing Lowdermilk v. U.S. Bank Nat. Ass'n*, 479 F.3d 994, 997 (9th Cir.2007).

In remanding this case for the first time, the District Court, citing *Mulcahey v. Columbia Organic Chemicals, Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994), found that "[the burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary."

The Defendant has not provided support for its bald assertion that the amount in controversy actually exceeds the five million dollar threshold. Therefore, the removing Defendant has provided the Court no basis to look beyond the Amended Complaint. When the pleading explicitly limits the amount, Courts have stated that the reviewing Court need not look beyond the Complaint. *Ortiz supra*.

When this case was originally filed, the plain language of the Complaint was tailored in order to ensure that a state court heard claims concerning local property and administering local law. The court recognized this and properly remanded the case. When the case was transformed into a class action, this local aspect was merely amplified with many local properties now

needing relief.   The Plaintiff again tailored the pleadings, specifically stating that the amount in controversy did not exceed five million dollars.  The result should be the same.

## GAF Has Not Provided the Court Support to Assert Jurisdiction

Where a plaintiff expressly limits his claim below the jurisdictional amount as a precise statement in the complaint, applying the maxim that the plaintiff is the master of his own complaint, the proponent of the federal subject matter jurisdiction is held to a higher burden; that is, the proponent of jurisdiction must show, to a legal certainty, that the amount in controversy exceeds the statutory threshold.  *Morgan*.  In the instant case, the Defendant did not present any evidence that would pass even the lowest standard in establishing that the jurisdictional amount is met, much less the higher standard demanded by the current posture.

The materials that the Defendant has provided in response to discovery requests suggest that this case is properly treated as a class, but the class, as defined by the Amended Complaint, does not meet the threshold requirement of five million dollars. The Defendant has produced records of 52 potential members of this class already voicing complaints.  If the average cost of replacing a roof  to these homes in South Carolina is $20,000.00, the aggregate sum would barely exceed one million dollars.  No explanation is given by the Defendant which would multiply this figure by five, which is necessary in order to assert federal jurisdiction.   It is the Defendant's burden to logically close this gap.

## CAFA Provides Additional Support for the Same Result

Even if the Court were to decide that this case involves an amount in controversy which exceeds five million dollars, proper application of CAFA would produce the same result as if the case did not meet the threshold amount.  CAFA lists several conditions which, if present, necessitate a remand to the state court.

First, all of the putative class members own property in South Carolina and presumably the vast majority of these property owners reside in the state of South Carolina. This percentage far exceeds the discretionary one third as stated in §1332(d)(3) which provides for remand given other balancing considerations do not favor the exercise of federal jurisdiction. More importantly, none of the factors which favor Federal exercise of jurisdiction are present and several of those which would favor state exercise exist.

- Because the claims involve damages to real property in South Carolina, these claims do not primarily involve matters of national or interstate interest. §1332(d)(3)(A).

- The claims are governed by the laws of the State of South Carolina, the state in which the action was originally filed. §1332(d)(3)(B).

- The class, as well as the underlying individual action, have been pleaded in a manner that seeks to avoid Federal jurisdiction. This is evidenced by the specific limitations on the amounts in controversy as to the class and individuals.§1332(d)(3)(C).

- Newberry County, a site mentioned in internal memoranda of the Defendant as a hot spot for product failure and the county of residence for the Plaintiff and many other class members, is a forum with a distinct nexus with the class members and the alleged harm. §1332(d)(3)(D).

- The number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State. In fact, the class is defined to encompass only owners of South Carolina property. The vast majority of these owners will be South Carolina residents. §1332(d)(3)(E).

- There are no federal class actions filed regarding the same claims within the last three

years.  §1332(d)(3)(F).

Additionally, the underlying facts come very close to meeting all of the elements necessary

for mandatory remand stated in §1332(d)(4).

• Greater than two-thirds of the members of all proposed plaintiff classes in the aggregate

   are citizens of the State in which the action was originally filed.  §1332(d)(4)(A)(i)(I).

• The principal injuries resulting from the alleged conduct or any related conduct of each

   defendant were incurred in the State in which the action was originally filed. This action

   concerns a faulty roofing system marketed by the Defendant as a premium product while

   there were known deficiencies.  The product's repeated failure affect South Carolina

   properties and residents. §1332(d)(4)(A)(i)(III).

• §1332(d)(4)(A)(i)(II) requires that the Defendant be a resident of the forum state.  While

   GAF is not a resident of South Carolina, the fiberglass mat of the shingles which split

   were manufactured in Chester, South Carolina.  This is one of GAF's primary

   manufacturing sites for this component in the entire country.  It is likely that one of the

   deficiencies of this product involves the inability of this mat to withstand the known

   elements to which roofing products are exposed.

Even conceding the point that the case has value in excess of five million dollars, it is

clear that the guidelines established by CAFA direct this case  back  to a South Carolina Court of

Common Pleas.

### Summary

 The Amended Complaint plainly states the "amount in controversy does not exceed five

million dollars".  In the face of this, the Defendant has ignored its burden of establishing to a legal

certainty that the amount actually exceeds the threshold amount.  Additionally, if the Court

decides that the threshold amount is in controversy, analysis proscribed by the statute produces the

same result.  Every single discretionary condition which favors remand is present.  Two of the

three conditions which mandate remand are present.

For the foregoing reasons, the case should be immediately remanded to state court.  In the

alternative,

Because this is the second remand of the case, now twice removed despite plain

limitations in the pleadings, the Plaintiff should be awarded the costs attributable to this improper

removal.

<div style="margin-left:40%">

Respectfully Submitted
Daniel A. Speights, Esq. (Fed. Id No. 4252)
Gibson Solomons, Esq. (Fed. Id No. 7769)
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC 29924
(803) 943-4444

By:  s/Gibson Solomons
ATTORNEYS FOR THE PLAINTIFFS

Thomas H. Pope, III (Fed. Id No. 3095)
POPE & HUDGENS
1508 College Street
Post Office Box 190
Newberry, South Carolina  29108
(803) 276-2532

</div>

January 28, 2008
Hampton, South Carolina