# EXHIBIT E

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
    )    FOR THE EIGHTH JUDICIAL CIRCUIT
COUNTY OF NEWBERRY    )    CIVIL ACTION NO.:  2006-CP-36-129

Jack Brooks and Ellen Brooks,    )
on behalf of themselves and others    )
similarly situated,    )
    )
        Plaintiffs,    )
    )
      vs    )    **PLAINTIFFS' MOTION TO AMEND**
    )
GAF Materials Corporation,    )
    )
        Defendant.    )
_____)

COMES NOW, the Plaintiffs, through undersigned counsel, who seek to amend the complaint for the purpose of addressing facts revealed during discovery. This action is taken pursuant to Rule 15 of the South Carolina Rules of Civil Procedure; the basis for the amendment being that certain changes need to be made to adopt the pleadings to the facts established through discovery.  Particularly, the facts discovered reveal that the class damages exceed $5,000,000.00.

This action was originally filed as an individual action for a single home in Newberry County.  Plaintiff's Amended Complaint, which was amended to incorporate class allegations, states in paragraph 29 "The amount in controversy for the entire proposed Class does not exceed Five Million Dollars."

After the filing of the Amended Complaint, Defendant GAF removed this action to federal court.  However, the action was remanded on January 31, 2008 due to the fact that the Defendant, whose burden it is to establish removal jurisdiction, did not come forward with any evidence establishing the value of the class in contradiction of

1

paragraph 29. It was not until after remand, that GAF produced documents which clearly established that the amount in controversy exceeds $5,000,000.00. In July of 2008, GAF produced documents which included a quantity number for product distribution but did not specify the unit designation. In March of 2009, GAF produced documents with quantities for total distribution of product for all states including South Carolina. On July 10, 2009, GAF answered supplemental interrogatories served on May 28, 2009 which requested information specific to South Carolina. Included in GAF's responses were figures that definitively exhibit that the amount in controversy exceeds $5,000,000.00.[1] These facts were not known by the Plaintiffs at the last amendment and were not known by the Plaintiffs when the case was remanded[2]. The Plaintiffs seek to amend the class complaint by merely removing this paragraph which is now not in accord with the discovered facts.

Additionally, the Plaintiffs also seek to reorganize the Complaint to reflect that certain causes of action are individual causes of action and certain causes of action are class causes of action.

The circuit court is to freely grant leave to amend when justice requires and there is no prejudice to any other party. Rule 15, SCRCP; *Foggie v. CSX Transp., Inc.,* 313 S.C. 98, 431 S.E.2d 587 (1993).

---

[1] GAF's responses in July 2009 included a chart stating that at least 207,000 squares of shingles meeting the class definition have been distributed in South Carolina. Undisputed deposition testimony would equate this figure to equal approximately 3,600 homes in South Carolina, or approximately $40,000,000.00 in costs just to replace the product.

[2] These figures were known or could have been known by the Defendant at the time of remand and could have been brought to the Court's attention at that time.

2

> Rule 15(a) has consistently been interpreted by the federal courts to strongly favor amendments "where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed." 3 J. Moore, *Moore's Federal Practice* Section 15.08 [2] at 15-49 (2d ed. 1987). Similarly, our courts have construed*507 former Section 15-13-920 to require pretrial amendments to pleadings to be freely granted unless a circumstance exists to justify refusal. *Smith v. Traxler,* 224 S.C. 290, 78 S.E.2d 630 (1953); *Braudie v. Richland County,* 217 S.C. 57, 59 S.E.2d 548 (1950).
>
> *Forrester v. Smith & Steele Builders, Inc.* 295 S.C. 504, *506-507, 369 S.E.2d 156,**158 (S.C.App.,1988)

"Courts have construed Rule 15 liberally to permit amendment so that claims can be adjudicated on the merits." *Intown Properties Management, Inc. v. Wheaton Van Lines,* Inc. 271 F.3d 164, *170 (C.A.4 (S.C.),2001) *citing Gillespie v. U.S. Steel Corp.,* 379 U.S. 148, 158, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.* 389 F.3d 444 (2004), *447 -448 (C.A.4 (W.Va.), 2004) *citing Ward Elec. Serv., Inc. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir.1987).

For these reasons, Plaintiffs ask the Court to grant leave to file the Plaintiffs second amended complaint. This motion is based on the record, the facts learned in discovery, Rule 15 SCRCP, and any filings made prior to the hearing on this motion.

Respectfully Submitted,

Daniel A. Speights, Esquire
A. G. Solomons, III, Esquire
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Tel: (803) 943-4444
Fax: (803)943-4599
dspeights@speightsrunyan.com
gsolomons@speightsrunyan.com


Thomas H. Pope III, Esquire
POPE AND HUDGENS, P.A.
1508 College Street
Post Office Box 190
Newberry, SC 29108
Tel: (803) 276-2532
Fax: (803) 276-8684
thpope@popeandhudgens.com

By: _____
ATTORNEYS FOR PLAINTIFF


December 6, 2010
Newberry, South Carolina

## CERTIFICATE OF SERVICE

The undersigned employee of Pope & Hudgens, P.A., Attorneys at Law, Post Office Box 190, 1508 College Street, Newberry, South Carolina 29108, does hereby certify that she has served the following named individuals with a copy of the pleading indicated below via email and by sending a copy of same to them via United States mail, with sufficient postage affixed thereto and return address clearly marked on December 6, 2010.

**COUNSEL SERVED:**
Gray T. Culbreath, Esquire
Collins & Lacy, PC
PO Drawer 12487
Columbia, SC 29211
gculbreath@collinsandlacy.com

Joel A. Mintzer, Esquire
Robins, Kaplan, Miller, Ciresi, LLP
800 LaSalle Avenue - 2800 LaSalle Plaza
Minneapolis, Minnesota 55402
jamintzer@rkmc.com

**PLEADING SERVED:**
Plaintiffs' Motion to Amend Complaint dated December 6, 2010 in the case of Jack Brooks and Ellen Brooks, on behalf of themselves and others similarly situated v. GAF Materials Corporation, C/A No. 2006-CP-36-129.

Lynne O. Grant
Secretary to Thomas H. Pope, III

December 6, 2010