# EXHIBIT G

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF NEWBERRY ) | IN THE COURT OF COMMON PLEAS<br>FOR THE EIGHTH JUDICIAL CIRCUIT<br>CIVIL ACTION NO.: 2006-CP-36-129 |
| Jack Brooks and Ellen Brooks, on )<br>behalf of themselves and all others )<br>similarly situated )<br>)<br>Plaintiffs, )<br>)<br>)<br>vs. )<br>)<br>GAF Materials Corporation, )<br>)<br>Defendant. )<br>_____) | ORDER GRANTING<br>PARTIAL SUMMARY JUDGMENT<br>AS TO THE<br>IMPLIED WARRANTY CLAIM |

FILED NEWBERRY COUNTY
JACKIE S. BOWERS CLERK OF COURT
2010 SEP 20 A 10: 14

This order grants Plaintiffs' motion for summary judgment as to the issue of liability of the Defendant for breaching its implied warranty related to roof shingles market.

## BACKGROUND

The Court previously certified this products liability lawsuit as a class action.[1] The class involves GAF Timberline roofing shingles manufactured by Defendant at its Mobile, Alabama plant and installed on the roofs of hundreds if not thousands of South Carolina homes and other buildings. The certified causes of action include negligence, breach of implied warranties, breach of express warranty, and unjust enrichment. By agreement, the plaintiffs withdrew negligent misrepresentation, fraud, and a UTPA cause of action from consideration for class certification although those three causes of action still remain as individual causes of action.

---

[1] Order Certifying Class (March 18, 2010). In early February, following extensive briefing and oral argument, the Court had notified the parties that the class would be certified. The Defendant submitted substantial additional commentary and briefing by way of letter in this context.

Presently pending before the Court are partial motions for summary judgment filed by both parties. Plaintiffs seek partial summary judgment as to liability on their implied warranty causes of action on the ground that the record establishes that the Timberline shingles are defective.[2] Defendant seeks partial summary judgment on Plaintiff's non-warranty causes of action based on the statute of limitations and the economic loss doctrine, and on Plaintiffs' warranty causes of action on the ground that Plaintiffs rejected the applicable warranty.

The pending motions were heard by the Court on April 2, 2010 at the Spartanburg County Courthouse. Prior to the hearing, the parties submitted memoranda accompanied by documentary support. Additionally, this Court has been provided substantial amounts of other documents from various proceedings including, but not limited to, deposition testimony, documents produced during discovery, and affidavits. The Court, in deciding this issue, has considered all of the documents and evidence within the record. Upon application of the law of South Carolina to the body of facts, this Court comes to the conclusion that there is no genuine issue of material fact that does not support the class representatives' claims of breach of implied warranty and further inquiry into the facts is not needed to clarify this application. The Court also concludes that there are material issues of fact regarding Defendant's statute of limitations argument, and that the economic loss doctrine is inapposite to Plaintiffs' causes of action. Finally, the Court finds that Plaintiffs did not reject Defendant's attempt to comply with the applicable warranty and that Defendant did not offer to make Plaintiffs whole.

---

[2] Plaintiffs originally sought partial summary judgment on their negligence cause of action as well, but they withdrew that portion of their motion at oral argument.

2

## PLAINTIFFS' MOTION

Although the scope of this litigation is broad, this breadth does not negate the simple and plain facts that require this Court to grant Plaintiffs' motion.[3] A thirty year shingle, marketed and sold as such, should be manufactured to last thirty years. This is a simple concept which applies to facts presently before the Court. Therefore, this Court finds that GAF Timberline shingles manufactured in Mobile during the relevant time period are in breach of the implied warranties imposed by South Carolina law. The defects in the product manifest themselves primarily in two ways. The first is that the shingles visibly crack or split. The second type of manifestation or type of failure is that the shingles fail to perform to industry standards which are endorsed by GAF's own packaging.[4] These conclusions are supported by the testing and un-refuted testimony of Plaintiff's expert.

GAF does not contest that the class representatives' Timberline shingles were manufactured by GAF. GAF does not contest that the class representatives' shingles are a Timberline 30 shingle. GAF does not contest that the Brooks' shingles have cracked. GAF does not contest that it has been far less than thirty years since purchase. GAF does not contest that it sold Timberline shingles to all members of the class as defined by the certification order. A product purchased to be placed on a roof for a stated period, which

---

[3] Documents produced in discovery show that there is a latent defect in GAF Timberline roofing shingles which becomes apparent usually between two and six years of installation.

[4] This fact scenario stands opposite to that confronted in Wilson v. Style Crest Products, Inc., 367 S.C. 653, 658, 627 S.E.2d 733, 736 (2006).
  The evidence here is that the plaintiffs have received what they bargained for - an anchor system which has been effective in high winds. There is no evidence that the anchor systems have not, to date, been exactly what the Homeowners bargained for.

is manufactured in a manner that it will not last for that period, breaches the implied warranties of merchantability and fitness for a particular purpose.

The Court is mindful of the demanding burden a proponent of summary judgment must carry in South Carolina. *Bovain v. Canal Ins.* 678 S.E.2d 422 (S.C. 2009); *Connor Holdings, LLC v. Cousins* 373 S.C. 81, 644 S.E.2d 58 (S.C. 2007); *Estate of Adair v. L-J, Inc.* 372 S.C. 154, 641 S.E.2d 63 (S.C.App. 2007); *Pye v. Estate of Fox* 369 S.C. 555, 633 S.E.2d 505 (S.C. 2006); *Brandt v. Gooding* 368 S.C. 618, 630 S.E.2d 259 (S.C. 2006), rehearing denied. The Plaintiffs have met this burden as to the Defendant's liability for breach of the implied warranty causes of action.[5] The moving party must come forth with evidence that establishes its right to the granting of the motion by proving there is no genuine dispute as to a material fact and thus establishing the foundation for the granting of the motion. Also, the Court is aware that it must view the evidence, and the inferences therefrom, in a light most favorable to the non-moving party. Moreover, the Court is further aware that if there is doubt as to the Plaintiffs' evidentiary foundation or if the non-moving party has come forth with evidence or inferences that place into doubt the Plaintiffs' evidentiary foundation, the motion should be denied. The Defendant has not come forth with evidence that persuades the Court to any conclusion other than that its 30-year roofing shingles visibly cracked or split and failed to perform

---

[5] Even though the Defendant denies it has breached the implied warranty, the Plaintiffs' motion is based upon application of SCRCP 56 which permits the parties to go behind the formal pleadings and allows a party to present to the Court evidence which establishes that there is no material issue of fact. As noted by Profession James Flanagan, a motion for summary judgment "avoids the delays by unfounded claims, sham defenses or the mere formal issues raised by the pleadings, and it avoids trials when the material facts are uncontested". South Carolina Civil Procedures, Second Edition, p. 444. This Court notes it is aware that the granting of this motion will not avoid a trial since the issue of damages caused by the breach, other causes of actions, and defenses to those causes of action remain and are greatly disputed between these parties; but as to this one claim, the Court's opinion is that there exists no material fact in dispute.

to industry standards endorsed by GAF's packaging; i.e., any conclusion other than the implied warranty of these roof shingles was breached, as a matter of law.

The lack of dispute as to a genuine issue of fact as to the Defendant's shingles is not diminished simply because the Court had previously certified this matter as a class action. There is precedent in South Carolina for granting the classwide summary judgment. See *Tilley v. Pacesetter Corp.* 355 S.C. 361, 585 S.E.2d 292 (S.C. 2003) summary judgment first affirmed by *Tilley v. Pacesetter Corp.* 333 S.C. 33, 508 S.E.2d 16 (S.C. 1998).

Neighboring jurisdictions have also endorsed the belief that rules which apply to summary judgment motions do not change simply because the motion is associated with a class action. *City of Atlanta v. Barnes*, 276 Ga. 449, 578 S.E.2d 110 (Ga. 2003) (Georgia Supreme Court affirmed trial court grant of partial summary judgment for plaintiffs in class action involving the constitutionality of an occupancy tax of lawyers offices), see also *Barnes v City of Atlanta*, 281 Ga. 256, 637 S.E.2d 4 (2006); *Kellett v. Klein*, 267 Ga.App. 749, 600 S.E.2d 686 (Ga.App., 2004) (Georgia Court of Appeals affirmed finding of contempt for defendant ignoring unappealed grant of partial summary judgment for plaintiff in class action); *Vito v. Dhillon*, 269 Ga.App. 899, 605 S.E.2d 602 (Ga.App., 2004) (Georgia Court of Appeals affirmed grant of partial summary judgment for plaintiff in class action); *Board of Regents, University System of Georgia v. Rux*, 260 Ga.App. 760, 580 S.E.2d 559 (Ga.App., 2003) (Georgia Court of Appeals affirmed grant of partial summary judgment for plaintiff in class action for breach of employment contract); *City of Atlanta v. Miller*, 256 Ga.App. 819, 569 S.E.2d 907 (Ga.App., 2002) (Georgia Court of Appeals affirmed grant of partial summary judgment for plaintiff in

class action for back pay); *Trend Star Continental, Ltd. v. Branham*, 220 Ga.App. 781, 469 S.E.2d 750 (Ga.App., 1996) (Georgia Court of Appeals affirmed grant of partial summary judgment for plaintiff in class action as to securities claims); *Bumpers v. Community Bank of Northern Virginia*, ___ S.E.2d ___, 2010 WL 2403450 (N.C., 2010) (The North Carolina Supreme Court affirmed the trial court's granted partial summary judgment for plaintiff in a class action against bank for unfair and deceptive trade practices); *Richardson v. Bank of America, N.A.*, 182 N.C.App. 531, 643 S.E.2d 410 (N.C.App., 2007) (North Carolina Court of Appeals affirmed trial court's grant of partial summary judgment for plaintiff on liability); *Durham Land Owners Ass'n v. County of Durham*, 177 N.C.App. 629, 630 S.E.2d 200 (N.C.App., 2006) (North Carolina Court of Appeals affirmed trial court grant of partial summary judgment for plaintiff's in class action, court reversed on the issue of awarding of interest); *Perrine v. E.I. Du Pont De Nemours and Co.*, ___ S.E.2d ___, 2010 WL 1170661 (W.Va., 2010) (West Virginia Supreme Court affirmed trial court's grant of partial summary judgment on the issue of statute of limitations for the plaintiff in an environmental class action).

Even though the facts lead to the conclusion that the Plaintiffs have been damaged, the Court will not attempt to address the amount of damages for the class or the representatives at this time. Although the amount of damages is not addressed, this does not diminish the fact that one of the purposes served by the Court's ruling is the efficient hastening of the proceeding and to speed the process of making homeowners in South Carolina whole. See *Singleton v. Sherer*, 377 S.C. 185, 659 S.E.2d 196 (S.C.App. 2008); *Austin v. Beaufort County Sheriff's Office*, 377 S.C. 31, 659 S.E.2d 122, (S.C. 2008) rehearing denied. (Expediting proceeding is a purpose of summary judgment). This



6

Court is mindful that a home is the most significant investment for a family. The Gordian knot presented to the Court is that remedies for the home are best prosecuted quickly while a properly certified class action is the best vehicle, probably the only vehicle, to bring relief for all who are entitled. However, lawsuits often take significant amounts of time to prosecute. Therefore, the simplicity of the class representatives' assertion of breach of implied warranty affords this Court an opportunity to resolve at least this issue in an efficient manner. Therefore, the Court's ruling is in perfect harmony with the purpose of Rule 23 as it could serve as a significant hastening of the ultimate resolution of the matter.

A brief review of the S.C. Code § 36-2-314 and § 36-2-315 buttresses the Court's decision. S.C. Code § 36-2-314 states:

> (1) Unless excluded or modified (§ 36-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.
>
> (2) Goods to be merchantable must be at least such as
>
>   (a) pass without objection in the trade under the contract description; and
>
>   (b) in the case of fungible goods, are of fair average quality within the description; and
>
>   (c) are fit for the ordinary purposes for which such goods are used; and
>
>   (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
>
>   (e) are adequately contained, packaged, and labeled as the agreement may require.
>
> (3) Unless excluded or modified (§ 36-2-316) other implied warranties may arise from course of dealing or usage of trade.



7

In order for the Plaintiffs to prevail, they must show that one of the five criteria espoused in 314(2) has not been met. The record indicates that the Plaintiffs have met their burden. Further inquiry is not necessary and would not be dispositive. S.C. Code § 36-2-315 also provides:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section (§ 36-2-316) an implied warranty that the goods shall be fit for such purpose.

Similarly, the record clearly shows that the goods provided by the Defendant were not fit for the particular purpose for which they were used. This finding, although accurate, may be unnecessary to support a finding of summary judgment because where the particular purpose for which a product is purchased is also the ordinary or intended purpose of the product, the warranties of merchantability and of fitness for a particular purpose merge and are cumulative, such that a plaintiff may proceed upon either theory. *Soaper v. Hope Industries, Inc.* 309 S.C. 438, 440, 424 S.E.2d 493, 495 (1992).[6]

The Court also considered the Defendant's assertion that liabilities were limited by warranty exclusions contained in the packaging of the product. However, despite having the opportunity and the burden to support this defense, the Defendant has brought forward no fact which takes this case out of the purview of *Gold Kist, Inc. v. Citizens and Southern Nat. Bank of South Carolina* 286 S.C. 272, 277, 333 S.E.2d 67, 70 - 71 (S.C.App.,1985) which explicitly states:

> According to the prevailing interpretation of the Uniform Commercial Code, a disclaimer printed on a label or other document and given to the buyer at the time of delivery of the goods is ineffective if a bargain has

---

[6] The Court need not address the common law implied warranty claims at this time as this opinion only concerns the statutory implied warranty claims.

8

already arisen. *Pennington Grain and Seed, Inc. v. Tuten*, 422 So.2d 948 (Fla.App.1982) (disclaimer on soybean seed bags delivered after purchase invalid); *Pfizer Genetics, Inc. v. Williams Management Co.*, 204 Neb. 151, 281 N.W.2d 536 (1979) (disclaimer on corn seed bag and in invoice delivered subsequent to written contract of sale ineffective); *Hartwig Farms, Inc. v. Pacific Gamble Robinson Co.*, 28 Wash.App. 539, 625 P.2d 171 (1981) (disclaimer in invoice delivered with seed potatoes following oral contract invalid); *Christopher & Son, Inc. v. Kansas Paint & Color Co.*, 215 Kan. 185, 523 P.2d 709 (1974) (disclaimer in invoices accompanying delivery of paint ineffective); *Klein v. Asgrow Seed Co.*, 246 Cal.App.2d 87, 54 Cal.Rptr. 609 (1966) (disclaimer in invoices and on containers in which seed delivered ineffective); *Willoughby v. Ciba-Geigy Corp.*, 601 S.W.2d 385 (Tex.Civ.App.1979) (disclaimer on container of herbicide ineffective where never brought to buyer's attention).

Likewise, the Court considered the Defendant's assertion that the Plaintiffs failed to provide notice of the defect to the Defendant as contemplated by section 2-607. Assuming that notice was even required,[7] the record clearly reflects that the Brooks provided two types of written notice. The first was a claim submitted to GAF, the second being the filing of the lawsuit.

Additionally, the Defendant asserts that it met its obligations to any implied warranty claim by offering the Brooks a cash amount and a product certificate after the filing of the lawsuit. The Court does not find merit in this assertion. A defendant may not

---

[7] See 89 A.L.R. 5th 319 stating that many courts interpret this section to mean that a remote manufacturer is not entitled to notice. Furthermore, there is an abundance of law to support the proposition that the law does not require a futile act. Additionally, many courts have held that when a manufacturer is already aware of defect, a buyer is not required to notify. *Arcor, Inv. v. Textron, Inc.*, 960 F.2d 710, 17 U.C.C. Rep. Serv. 2d 475 (7th Cir. 1992) (applying Illinois law); See *U.S. v. Southern Contraction of Charleston, Inc.*, 862 F. Supp. 107, 27 U.C.C. Rep. Serv. 2d 114 (D.S.C. 1994) (applying South Carolina law), "in which the Court determined that it could not say as a matter of law that the purchaser of an incinerator had not sufficiently notified the manufacturer of breach under UCC § 2-607(3)(a) where the manufacturer actually knew of defects and the problems those defects were causing the buyer because, inter alia, one of its employees had been present to witness the problems during testing." The record is replete with documents exhibiting Defendant's awareness of this exact defect long before the Plaintiffs ever were aware.

unilaterally determine the value of a plaintiff's claim and then raise this valuation as a legal defense.

The Court has also considered all other defenses raised to the class representatives' implied warranty claims and finds them inapplicable.[8]

For all of the foregoing reasons, the class representatives' motion for summary judgment for the class on the claims of breach of implied warranty is granted.[9]

## DEFENDANT'S MOTION

Defendant first asserts that "the applicable three year statute of limitations bars Plaintiffs' individual actions against GAF for negligence, negligent misrepresentation, fraud, unfair trade practices, and unjust enrichment." According to defendant, Plaintiffs knew that the GAF shingles were cracking when GAF tested them in 2003 in connection with another matter. However, there is no evidence that Defendant ever told Plaintiffs anything about their roof until after they brought this lawsuit in 2006. In addition, Plaintiff, Jack Brooks, testified that it was not until late 2005 or early 2006 that the roofing contractor told him there was a cracking problem. Clearly there is a genuine issue of material fact as to defendant's statute of limitations argument.

Defendant next asserts that "the economic loss rule bars Plaintiffs' actions against GAF for negligence, negligent misrepresentation, fraud, unfair trade practices, and unjust enrichment." It is unnecessary to delve into any extensive analysis of the economic loss doctrine because our Supreme Court has made it clear that the rule does not apply where

---

[8] Due to the fact that U.C.C. claims of breach of implied warranty have a six year statute of limitations, there are no genuine issues of material fact which could lead a fact finder to believe that the Plaintiffs could have possibly discovered the defect more than six years before filing.
[9] This Court has already found adequacy, commonality, and typicality in the class certification order.

other property damage is proven. *Kershaw County Board of Education v. United States Gypsum Company*, 302 S.C. 390, 393, 396 S.E.2d 369 (1990); *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 379 S.C. 181, 187, n. 4, 666 S.E.2d 247 (2008). In response to Defendant's Motion, Plaintiffs have produced the Affidavit of their expert, Jim D. Koontz, dated March 10, 2010, demonstrating, at a minimum, that there is a material issue of fact as to whether the shingles caused other property damage and thus the granting of summary judgment is improper.

Finally, Defendant asserts that "Plaintiffs' unilateral rejection of GAF's attempts to comply with the warranty applicable to the allegedly defective product, which would have made Plaintiffs whole, precludes Plaintiffs' breach of warranty actions against GAF." Defendant has failed to show that it took any action to make Plaintiffs whole prior to the institution of this lawsuit and has failed to demonstrate that Plaintiffs rejected any effort on its part to comply with the applicable implied warranties.

## CONCLUSION

For the reasons set forth above, Plaintiffs are granted partial summary judgment as to liability on their implied warranty causes of action and Defendant is denied partial summary judgment as to any of Plaintiffs' causes of action.

**IT IS SO ORDERED.**

The Honorable J. Mark Hayes, II

This 18th day of September, 2010

11