# EXHIBIT K

THE STATE OF SOUTH CAROLINA
In the Court of Appeals
No. 2010174207

APPEAL FROM NEWBERRY COUNTY
Court of Common Pleas

J. Mark Hayes, II, Circuit Court Judge

Civil Action No. 2006-CP-36-00129

Jack Brooks and Ellen Brooks,
on behalf of themselves and
others similarly situated, ……………………..……………. Respondents,

v.

GAF Materials Corporation……………………….....……… Appellant.

# APPELLANT GAF MATERIALS CORPORATION'S
# PETITION FOR WRIT OF PROHIBITION

TO:   THE HONORABLE JUDGES OF THE SOUTH CAROLINA COURT OF APPEALS:

Appellant GAF Materials Corporation ("GAF") respectfully petitions this Court for a writ of prohibition. Specifically, GAF seeks an order barring the Circuit Court from hearing or ruling on Respondents Jack Brooks and Ellen Brooks' ("Respondents") pending motion to amend their complaint. This relief is necessary because the issue submitted by Respondents to the Circuit Court will impact this currently pending appeal. This appeal extinguishes the Circuit Court's jurisdiction to entertain Respondents' motion.

## FACTS

In September 2010, the Circuit Court granted summary judgment in favor of a class of homeowners on a theory of implied warranty. (App. Ex. A.) GAF timely appealed that decision, and also appealed the earlier but intertwined order granting class certification. With respect to class certification, GAF argued that class certification was not appropriate for several reasons, one of which concerns a limitation on damages expressly stated in Respondents' complaint.

In November 2007, Respondents amended their complaint to assert for the first time claims on behalf of a class. Importantly, the First Amended Complaint affirmatively limited the amount of damages sought: "The amount in controversy for the entire proposed Class does not exceed Five Million Dollars." (App. Ex. B at ¶ 29.) That voluntary limitation on damages had a specific procedural purpose: to avoid removal of the lawsuit to federal court, as the Class Action Fairness Act permits removal of class actions if the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2).

Concerned that this allegation did not actually limit Respondents' damages, GAF removed the case to federal court. Respondents then moved to remand, admitting that they "tailored" the Complaint to avoid federal jurisdiction. (App. Ex. C at 5.) Relying on that disclaimer, the federal court remanded the action. But in doing so, the federal court explicitly prohibited Respondents from recovering more than $5 million:

> Furthermore, with respect to all claims, the Plaintiffs are barred from recovering a total amount of damages, including actual damages, punitive damages, treble damages, and statutory attorney's fees, exceeding five million dollars ($5,000,000), exclusive of interest or costs for the putative class action.

Brooks v. GAF Materials Corp., 532 F. Supp. 2d 779, 783 (D.S.C. 2008).[1]

---

[1] The federal court further admonished Respondents that "a subsequent increase in the amount sought by plaintiffs would not be a good career move for plaintiffs' attorneys considering their

2

Following remand, the parties engaged in discovery. From that discovery, Respondents state that they learned that the value of the class claims exceeds $5 million. According to Respondents, they learned this fact no later than July 10, 2009. (App. Ex. D. at 2.) Perhaps recognizing that amending the complaint would lead GAF to remove the case to federal court, Plaintiffs chose not file any motion to amend.

On July 15, 2009, Respondents moved for class certification. The Circuit Court granted this motion in March 2010. (App. Ex. E.) One hurdle to class certification arises from GAF's history of resolving warranty claims without resort to litigation. GAF explained to the Circuit Court that the warranty process would provide better relief to any purchasers who experienced actual property damage than would a class action where the total amount of damages was limited to $5 million, as claim preclusion would prevent homeowners from seeking more from GAF than their pro rata distribution. See Plum Creek Devo. Co. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (res judicata bars both issues that were actually adjudicated as well as any issues that might have been raised); Faber v. Faber, 76 S.C. 156, 162, 56 S.E. 677, 679 (1907) (holding that res judicata applies to absent class members "the same as if all were before the court").

In September 2010, the Circuit Court granted summary judgment on behalf of the class. GAF timely appealed both the summary judgment decision and the intertwined class certification decision. In its initial appellate brief, filed on November 3, 2010, GAF again urged the relevance of the $5 million limitation on class certification issues.

On November 29, 2010, just four days before their own initial brief was due, Respondents filed a motion to dismiss the appeal. This Court ultimately denied that motion. It

---

anticipated future dealing with the court and would probably be barred by judicial estoppel." Id. at 782 (quoting Jones v. Allstate Ins. Co., 258 F. Supp. 2d 424, 427 n.2 (D.S.C. 2003)).

3

held that summary judgment decision was immediately appealable because it finally determined "some substantive matter forming the whole or part of some cause of action or defense." (App. Ex. F at 1, citing Mid-State Distributors, Inc. v. Century Importers, Inc., 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993)). As to the Circuit Court's class certification decision, this Court determined that the consideration of the class certification issue "rests with panel ultimately deciding the appeal." Id. at 2.

One week after moving to dismiss the appeal—on December 6, 2010—Respondents filed a motion in the Circuit Court seeking to amend their Complaint. Specifically, Respondents seek to eliminate Paragraph 29 of the Amended Complaint which disclaims damages that "exceed Five Million Dollars." (Exhibit D at 2.)

Right now, there is a hearing scheduled for March 21, 2011. Plaintiffs seek to have the Circuit Court address the substantive question of whether they may "amend the Complaint to conform to the facts learned through discovery" that class damages exceed $5 million. (App. Ex. G.) GAF is being asked to brief and argue that substantive motion even though the Circuit Court lacks jurisdiction to hear it. GAF has been unsuccessful in it attempts to exclude the motion to amend from the hearing. On March 11, 2011, the Circuit Court stated its affirmative intent to immediately address Respondents' motion to amend should it determine that it has jurisdiction. (App. Ex. H.)

The Circuit Court's decision to address the motion to amend, should it decide it has jurisdiction, has significant and immediate consequences. Foremost, that decision as a practical matter will divest this Court of jurisdiction. In South Carolina, the standards for amending pleadings are liberal. While GAF believes that the motion to amend should be denied, there remains a significant possibility that the Circuit Court would nonetheless grant the motion.

4

Should the Circuit Court decide to grant the motion to amend, it will not only directly impact issues and arguments that are currently on appeal, but it will make this case once again removable to federal court. GAF seeks a writ of prohibition at this time because if the Circuit Court grants the motion, this Court may be entirely divested of jurisdiction.

## LAW/ANALYSIS

### I. Writs of Prohibition

This Court undeniably possesses the authority to issue writs of prohibition pursuant to both the South Carolina Constitution and by act of the General Assembly.

Section 20 of Article V of the state constitution clearly states the following:

> **Each of the Justices of the Supreme Court and judges of the Court of Appeals and Circuit Court and of all other courts of record shall have the same power at chambers to issue writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition, and interlocutory writs or orders of injunction as when in open court.** The judges of the Court of Appeals and Circuit Court and other courts of record shall have such additional powers at chambers as the General Assembly may provide, except in matters required to be determined in a public trial.

(emphasis added).

Section 14-8-290 of the Code articulates the following concerning this Court's issuance of writs:

> **Each of the judges of the Court shall have the same power at chambers to administer oaths, issue writs of habeas corpus, mandamus, quo warranto, certiorari and prohibition and interlocutory writs or orders of injunction as when in open court.** An appeal shall be allowed from the decision of any such judge of the Court.

(emphasis added).

5

The issuance of writs of prohibition have been recognized as one of the powers of our appellate entities. Our Supreme Court has outlined the bases and parameters of such relief:

> The ancient prerogative writ of prohibition has been recognized and employed in the common-law system of jurisprudence for more than seven centuries, and like all prerogative writs should be used with forebearance and caution, and only is cases of necessity.
>
> **With regard to the function and scope of the writ, it has been settled in this state from an early period that it will only lie to prevent an encroachment, excess, usurpation, or improper assumption of jurisdiction on the part of an inferior court or tribunal, or to prevent some great outrage upon the settled principles of law and procedure**; but, if the inferior court or tribunal has jurisdiction of the person and subject-matter of the controversy, the writ will not lie to correct errors and irregularities in procedure, or to prevent an erroneous decision or an enforcement of an erroneous judgment, or even in cases of encroachment, usurpation, and abuse of judicial power or the improper assumption of jurisdiction, where an adequate and applicable remedy by appeal, writ of error, Certiorari, or other prescribed methods of review are available.

Ex parte Jones, 160 S.C. 63, __, 158 S.E 134, 137 (1931) (quoted in, inter alia, New South Life Ins. Co. v. Lindsay, 258 S.C. 198, 187 S.E.2d 794 (1972) and Berry v. Lindsay, 256 S.C. 282, 287 182 S.E.2d 78, 81 (1971)[2]) (emphasis added); see also State Board of Bank Control v. Sease, 188 S.C 133, 198 S.E. 602 (1938); Holladay v. Hodge, 84 S.C. 91, 65 S.E. 952 (1909).

## II.    Necessity for Writ of Prohibition in Case Sub Judice

The affect of an appeal on proceedings before the lower court is governed by SCACR 205. It states that this Court has exclusive jurisdiction over matters affected by the appeal:

> Upon the service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal .... Nothing in these Rules shall prohibit the lower court, commission or tribunal from proceeding with matters not affected by the appeal.

---

[2] The Berry Court also quotes with approbation the following: "**A writ of prohibition may issue in a proper case to restrain a judicial act**; and, on the other hand it will, according to the weight of authority, ordinarily issue only to restrain the exercise or performance of judicial functions or acts, or acts which are quasi-judicial in their character." 256 S.C. at 288, 182 S.E.2d at 81 (quoting 73 C.J.S. Prohibition § 7) (emphasis added).

6

SCACR 205. Similarly, Rule 241 states that a notice of appeal automatically stays all "matters decided in the order," but that the lower court retains jurisdiction "over matters not stayed by the appeal." SCACR 241(a).[3] See also Grosshuesch v. Cramer, 377 S.C. 12, 31, n.7, 659 S.E.2d 112, 122, n.7 (2008) (reiterating "that while an appeal is pending, a lower court cannot act on matters affecting the issue on appeal"). Whether an issue affects a matter on appeal must be decided on an issue-by-issue basis. Arnal v. Fraser, 371 S.C. 512, 519, 641 S.E.2d 419, 423 (2007).

In this case, Respondents' motion to amend direct affects an issue on appeal. Rule 23 establishes five prerequisites for class certification, including numerosity, commonality, typicality, and adequacy. SCRCP 23. In addition, "the court must determine the utility of a class action as compared with individual actions." James F. Flanagan, South Carolina Civil Procedure at 183 (2d ed. 1996). This is similar to the requirement in the Federal Rules that a class action for money damages be "superior" to other available remedies. Id.; Fed. R. Civ. P. 23(b)(3).

In its appeal, GAF specifically argues that class treatment was not appropriate because, among other reasons, class damages had been limited to $5 million. This limitation is significant because there is no allegation (or proof) that GAF does not honor its warranties, and that the value of warranty relief—if the class has been injured—is greater than what could be recovered under the Complaint as pleaded. Should the Circuit Court now allow an amended Complaint on this issue, then the issue that GAF has *already* briefed to this Court would be obviated.

Indeed, Respondents' desire to amend the Complaint while the appeal is pending, even though they admit knowing of the basis for their amendment since July 2009, seems specifically directed to that outcome. Respondents are attempting to change the arguments that are before

---

[3] This Rule was previously numbered SCACR 225.

the Court of Appeals by curing their own error as well as that of the Circuit Court. This conduct undermines orderly judicial administration as it creates a quicksand of ever-changing facts and issues before this Court. This is precisely what Rules 205 and 241(a) preclude.

In similar circumstances, the Supreme Court has held that the Circuit Court lacked jurisdiction. In Arnal, the Circuit Court entered a divorce decree addressing multiple issues, including child visitation. The child's father appealed restrictions on his visitation rights (among other issues). While that appeal was pending, the Circuit Court sanctioned the father—for other misconduct—by further restricting the father's visitation. The Court held that Circuit Court lacked jurisdiction to further restrict visitation because that affected the issue on appeal. It explained: "Although conditions of visitation and the grant of additional summer and holiday visitation may not appear to be the same matter being addressed on appeal, the decisions both of the Court of Appeals and of this Court in the first appeal were impacted by the suspension of overnight visitation in deciding whether to award Father additional summer and Easter visitation." Arnal, 371 S.C. at 521 n.6, 641 S.E.2d at 423 n.6. Likewise here, Respondents' proposed amendment of their Complaint will impact the issues that GAF has already briefed as part of its appeal.

Respondents will likely argue that the Circuit Court retains jurisdiction because its summary judgment decision reserved the issue of damages. But Respondents misstate the issue reserved by the Circuit Court. In its summary judgment order, the Circuit Court stated that it "will not attempt to address the amount of damages for the class or the representatives at this time." (App. Ex. A at 6.) This comment was explaining the Circuit Court's decision to grant partial summary judgment, on just liability; it did not reserve the right to alter the maximum recovery available to the class.

8

### III. A Ruling is Needed at This Time to Protect This Court's Jurisdiction.

A hearing is currently scheduled before the Circuit Court on March 21, 2011. At that hearing, Respondents intend to argue that their motion to amend should be granted. GAF has attempted to limit the scope of that hearing, so that this Court's jurisdiction will not be jeopardized, but has been unsuccessful. Rather, the Circuit Court has made clear that it intends to address to the motion to amend should the Circuit Court decide that it has jurisdiction.

If the hearing goes forward, the Circuit Court may grant the motion to amend, which will begin the time for GAF to remove the case once again to federal court. 28 U.S.C. § 1332(d)(2); Nolan v. Sunstate Carriers, Inc., No. 4:09-2043-RBH, 2009 U.S. Dist. LEXIS 116115, at *10-11(D.S.C. Dec. 14, 2009). In that event, "the State court shall proceed no further," 28 U.S.C. § 1446(d); and the efforts before this Court (and in the Circuit Court for past several years) will be wasted.

9

## CONCLUSION

Based upon the foregoing, Appellant GAF Materials Corporation respectfully requests a writ of prohibition be issued by this Court, barring the Circuit Court from granting Respondents' motion to amend the Complaint until disposition of the current appeal and any subsequent petitions for rehearing or other relief are ruled upon by the Court.

Respectfully Submitted,

COLLINS & LACY, PC

_____
GRAY T. CULBREATH
CHRISTIAN STEGMAIER
Post Office Box 12487
Columbia, South Carolina 29211
Telephone: (803) 256-2660
Facsimile: (803) 771-4484

ROBINS KAPLAN MILLER & CIRESI, LLP
JOEL A. MINTZER
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
(*pro hac vice*)

ATTORNEYS FOR APPELLANT GAF
MATERIALS CORPORATION

Columbia, South Carolina
March 11, 2011