# EXHIBIT L

THE STATE OF SOUTH CAROLINA
IN THE COURT OF APPEALS
No. 2010174207

Appeal from Newberry County
Court of Common Pleas

J. Mark Hayes II, Circuit Court Judge
Civil Action No. 2006 CP 36-00129

Jack Brooks and Ellen Brooks, on behalf of
themselves and others similarly situated,

                              Respondents,

v.

GAF Materials Corporation,

                              Appellant.

## RESPONDENTS' RETURN IN OPPOSITION
## TO APPELLANT GAF'S PETITION FOR WRIT OF PROHIBITION

### INTRODUCTION

Appellant GAF Materials Corporation ("GAF") has petitioned this Court for the issuance of the extraordinary writ of prohibition to enjoin and bar the circuit court from considering or ruling on Respondents' pending motion to amend their complaint. The writ should be denied.

### SUMMARY OF ARGUMENT

GAF cites *no* precedent for the proposition that this Court should enjoin the lower Court hearing the motion to amend. GAF fails to present *any* extraordinary circumstance that would justify a writ being issued against the circuit court. In the only case relied

1

upon by GAF, our Supreme Court did not issue an extraordinary writ but considered the issue through a normal appeal.

Rule 241, SCACR, provides that a notice of appeal automatically stays *only* "those matters decided in the order" on appeal, and it expressly provides that the lower court retains jurisdiction over all matters in the lower court which are not affected by the appeal. Respondents' motion to amend the complaint does not affect any issues that are currently pending appeal at this Court. The request for a stay through a writ issued against the lower court is particularly inappropriate in an interlocutory setting.

The issuance of an extraordinary writ in this case would not only be contrary to the rule and the law of South Carolina, but it would be an affront to the jurisdiction of the circuit court. With the consent of all parties, the presiding judge was assigned this complex case on April 4, 2008.[1] There are still pending in the circuit court three causes of action and the issue of damages. The circuit court has not yet ruled on whether the matter currently before it – the motion to amend the complaint – is affected by the appeal and whether it has jurisdiction to consider it. Further, the lower court has made no ruling on the motion to amend. There is no simply no basis for GAF to contend that it has an inadequate remedy of law before the circuit court.

Knowing that Respondents will shortly file a brief to this Court which addresses the appealability of the orders currently before this Court, GAF seeks to circumvent the proper appellate process by arguing that an emergency writ is necessary when, in fact, the lower court should be allowed to proceed to rule on the motion to amend, and the appellate process should be honored.

---

[1] See Exhibit A, Order of the Honorable J. Ernest Kinard filed April 4, 2008, which designated the case complex and assigned this case to The Honorable J. Mark Hayes, II, with consent of all counsel.

2

## A WRIT IS AN EXTRAORDINARY MEASURE

"Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies" which "should be resorted to only where appeal is a clearly inadequate remedy." Ex Parte Fahey, 332 U.S. 258, 259-60, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 (1947). "As extraordinary remedies, they are reserved for really extraordinary causes." Id.

The Supreme Court of South Carolina has made it clear that a writ will not be issued to correct procedural irregularities or to prevent even an erroneous decision.

> "[A] writ will not lie to correct errors and irregularies in procedure, or to prevent an erroneous decision or an enforcement of an erroneous judgment, or even in cases of encroachment, usurpation, and abuse of judicial power or the improper assumption of jurisdiction, where an adequate and applicable remedy by appeal, writ of error, certiorari, or other prescribed methods of review are available....
>
> And of course the writ may not be invoked to perform the office of an appeal."
>
> State Bd. of Bank Control v. Sease, 188 S.C. 133, 198 S.E. 602, 603 (1938).

Our appellate courts also have stated that even when a lower court operates with an improper assumption of jurisdiction, to issue a writ is improper when an avenue of appeal is available. See State v. Nathan, 4 Rich. 513 (1851) (the S.C. Court of Appeals held that a writ of prohibition, being an extraordinary prerogative writ, will not lie where an alleged improper assumption of jurisdiction can be corrected by appeal, writ of error, or certiorari.)

Under S.C. Code Ann. §14-8-290, the Judges of this Court have the power to issue writs, including a writ of prohibition, but it has been settled law in this state since its early days of jurisprudence that such writ

3

> "...will only lie to prevent an encroachment, excess, usurpation, or improper assumption of jurisdiction on the part of an inferior court or tribunal, or to prevent some great outrage upon the settled principles of law and procedure...."
>
> Berry v. Lindsay, 256 S.C. 282, 182 S.E.2d 78, 81, (1971), quoting from Ex Parte Jones, 160 S.C. 63, 158 S.E. 134, 137 (1931).

## PROCEDURAL FACTS[2]

The complaint in this matter originally alleged seven causes of action: negligence; breach of implied warranty; breach of express warranty; unjust enrichment; negligent misrepresentation; fraud; and, unfair trade practices. At the present time, the causes of action which are still pending in the lower court include negligence, unjust enrichment and breach of express warranty. On March 18, 2010, the lower court entered its Order Certifying Class. The class was defined as "all South Carolina property owners whose properties have GAF Timberline shingles manufactured in GAF's Mobile, Alabama plant during the years 1999-2007."

On September 18, 2010, the lower court entered its Order Granting Partial Summary Judgment on Respondents' implied warranty claim. In its Order, the trial court expressly reserved judgment as to the amount of damages. The Court stated that "[e]ven though the facts lead to the conclusion that the Plaintiffs have been damaged, the Court will not attempt to address the amount of damages for the class or the representatives at this time" (Hayes Order Granting Partial Summary Judgment, p. 6). GAF has appealed both of these orders, although

---

[2] Attached herewith as Exhibit B is Plaintiffs' Memorandum in Support of Motion to Amend dated March 14, 2011. It sets forth the facts which were developed during discovery which necessitated plaintiffs' motion to amend the complaint to conform to the evidence learned in discovery; namely, that the size of the class as revealed in discovery during 2009 and 2010 showed that the damages likely exceeded $5 million.

4

Respondents are now briefing for this Honorable Court the issue of whether or not these orders are currently appealable.

From February 2008 through December 2010, Respondents diligently pursued discovery. See Exhibit C, attached hereto, which lists the discovery undertaken which lead to the information that necessitated the proposed amendment to the Amended Complaint.

Starting in December 2010, Respondents have sought to have the lower court set a hearing on the motion to amend to delete the paragraph asserting that the damages to the class were less than $5 million (see attached herewith Exhibit D, the motion to amend the complaint and a copy of the proposed Amended Complaint sent to GAF's counsel).

Due to scheduling difficulties with both the Court and counsel for both parties, the Court was not able to schedule a hearing on the motion to amend until this coming Monday, March 21, 2011.

## ARGUMENT

### 1. THE PETITON FOR WRIT OF PROHIBITION SHOULD BE DENIED BECAUSE THE UNDERLYING MOTION TO AMEND PENDING IN THE TRIAL COURT DOES NOT WARRANT ITS INVOCATION.

Because there are currently three active causes of action before the lower court and because there has been no determination on damages, Judge Hayes has jurisdiction to rule on the motion to amend. After a hearing and argument on this issue, if the motion were to be granted and if GAF believed that the Court does not have such jurisdiction, its recourse is to appeal such Order at the appropriate time. As set forth herein, an extraordinary writ of prohibition should not be issued to disturb the lower court's jurisdiction over the motion to amend.

### A. <u>GAF fails to show cause for a preemptive writ to be issued.</u>

GAF has failed to cite in its petition any authority for the proposition that this Court should enjoin the lower court from first hearing the matter. The only case it cites, <u>Arnal v. Fraser</u>, 371 S.C. 512, 641 S.E.2d 419 (2007), was an appeal from the order of the family court, not the circuit court as asserted on Page 8 of the Petition. There was no issue in that case of a writ of prohibition; none was sought and the issue was not discussed. In <u>Arnal</u>, the Supreme Court ruled, in part, that the family court's order on the contempt issue was reversed because the court lacked jurisdiction. In that case, the appellate process worked as normal – i.e., the lower court issued an order, an appeal was taken, and the Supreme Court ruled. <u>Arnal</u> was not an extraordinary writ case[3], and there were no extraordinary circumstances for a writ. This is the only case whose facts are discussed in GAF's petition.

GAF suggests with twisted logic (but without any citation of authority) that its own possible decision to remove this case to federal court is a cause for this Court issuing an extraordinary writ. There is nothing unique or extraordinary about this choice. It happens all the time. See <u>Bandag of Springfield, Inc. v. Bandag Inc.</u>, 537 F. Supp. 366, 368 (W.D. Mo. 1981) (thirty (30) day period within which one must file his removal petition begins to run when facts or circumstances arise which put a defendant on notice that a basis for removal exists); <u>Peters v. Lincoln Elec. Co.</u>, 285 F.3d 456, 466 (6th Cir. 2002) ("This court agrees with, and now joins, the majority of courts and finds that a plaintiff's responses to deposition questioning may constitute an "other paper" under Section 1446(b)"); <u>Connolly v. Aetna U.S. Healthcare, Inc.</u>, 286 F. Supp. 2d 391, 399

---

[3] Interestingly, the <u>Arnal</u> case acknowledged the family court's retaining jurisdiction "over matters not affected by the appeal" and "to enforce matters not stayed by appeal." <u>Id.</u>, p. 422.

6

(D.N.J. 2003) (Deposition testimony of plaintiff's expert constitutes other paper and triggers right of removal under § 1446(b)).

As made clear by the cases, the statutory basis providing for removal is drafted in contemplation of cases being removed at all stages of litigation. See 28 U.S.C.A. § 1446 (b).[4] The mere fact that GAF perceives that it may be forced to make this decision if the amendment is granted is not a proper basis for usurping the lower court's jurisdiction to hear a motion routinely made. Moreover, notwithstanding the merits of removal, the threat of removal is only real if removal is attempted by the very party complaining of the possibility.

In summary, GAF fails to present any "extraordinary cause" for the issuance of a writ. GAF, with all of its imagination, does not describe "some great outrage upon the settled principles of law and procedure" which require this Court to tell the circuit judge that it cannot even hold a hearing on Respondents' motion to amend. GAF simply wants this Court to short circuit the process by refusing to let the circuit court exercise its discretion in a matter which is properly before it – the motion to amend.

### B. The request is an affront to the lower court and the judicial process.

GAF seeks to have this Court issue an opinion as to a matter not ruled upon yet by the circuit court on an issue that South Carolina courts have long held to be squarely within the province of the trial judge's discretion. See Parker v. Spartanburg Sanitary Sewer District, 362 S.C. 276, 286, 607 S.E.2d 711, 716-17 (S.C. Ct. App. 2005); Stanley

---

[4] "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

7

v. Kirkpatrick, 357 S.C. 169, 592 S.E.2d 296 (2004) (holding that a motion to amend is addressed to the sound discretion of the trial judge).

GAF attempts to have this Court interrupt the judicial process and act as a trial court in taking up the motion to amend, which attempt is out of step with South Carolina law and Rule 15, SCRCP.

> "Under Rule 15(a) and (b), SCRCP, the [trial] court has the power to amend pleadings beyond the time allowed for an amendment when to do so does not prejudice another party. The courts have wide latitude in amending pleadings. Porter Brothers, Inc. v. Specialty Welding Co., 286 S.C. 39, 331 S.E.2d 783 (Ct. App. 1985). While this power should not be used indiscriminately... **the decision to allow an amendment is with the sound discretion of the trial court and will rarely be disturbed on appeal. Id.**" Berry v. McLeod, 328 S.C. 435, 449-50, 492 S.E.2d 794, 802 (S. C. Ct. App. 1997). (emphasis added)

The trial judge has been assigned this case since April 2008. He is familiar with the record. He is familiar with how Rule 15, SCRCP would apply to the record. This petition for writ of prohibition would strip the trial court of the deference afforded him, and it would also strip the trial court of the ability to make a decision on pleadings on a case that is still properly before it. Since this decision rests with the trial court's discretion, the issuance of any writ would be improper. Our Supreme Court has noted that an abuse of discretion is not a proper ground for a writ. Berry v. Lindsay, 256 S.C. 282, 292, 182 S.E.2d 78, 83 (1971).

### C. A writ is improper because GAF can raise this same issue on appeal.

A writ is not a proper remedy when there is an alternative avenue of relief. GAF does not assert that the circuit court will rule against it on jurisdiction or on the motion itself. GAF cannot claim that it will be denied an opportunity to appeal any decision that

8

would be made by the lower court. If GAF loses in the lower court, and chooses to remove the case to federal court rather than appeal that ruling to this Court, it does not mean that it did not have an appeal it could have pursued in the South Carolina judicial system. Because GAF has adequate protection and a remedy at law without the use of the Court's power to issue an extraordinary writ against the lower court, the issuance of a writ in this case is inappropriate.

### D. GAF is really seeking to impede proper class treatment to thousands of South Carolina homeowners with issues never previously raised and references to procedural delay which only GAF would itself initiate.

GAF's petition has set forth facts which we would respectfully suggest are inaccurate.[5] To the extent that class certification will even be reviewed in an interlocutory appeal, the amount of total damages suffered by the class, was never presented to the trial court as a basis for denial of certification. It cannot be found in the briefs of GAF opposing class certification and it was not argued at the certification hearing. It was not the basis of any decision made by the trial court. It cannot now be raised as a basis for a Writ of Prohibition to prevent a trial court's exercise of jurisdiction. Despite the Appellant's assertions, this issue is not a matter decided. Even if this were not the first time the Appellant had raised the total amount of damages as an obstacle to class certification, the very condition it complains of to this Court is remedied by the amendment it opposes.

GAF argues that if the circuit court grants the motion to amend, such decision will "divest this Court of jurisdiction." (Petition for Writ, p. 4). This is not correct. It is also asserted by GAF that, if the circuit court grants the motion to amend, "it will make this

---

[5] This return does not address all of those facts, and respondents herein specifically reserve their rights to contest them when formal briefing of the appeal takes place.

case once again removable to federal court." (Petition, p. 5). Removal may not be proper given the amount of time that the Defendant GAF has been on notice of the amount of damages. Under federal statutes, GAF must remove a case within 30 days of the time that it learns the case is removable. Because damages in this case likely exceed $5 million, a fact that GAF has known since at least 2008, the case would be removable. However, GAF is required to effectuate the removal within 30 days of learning that the class damages exceeded $5 million. See Cades v. H&R Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994).

In this regard, two facts appear to be true:

(a) that Respondents sought to learn the size of the class after the January 2008 remand from federal court and did not learn the size of the class and the size of the damages until, at the earliest, mid-summer 2009, despite numerous discovery requests, emails, etc.

(b) that GAF controlled all information as to the size of the class and the class damages (see Exhibit B, Memorandum in Support of Motion to Amend), and knowing the class damages at least by 2008, did not timely share this with Respondents.

Respondents have obligations as class representatives. These duties including maximizing the recovery for the members of the Class. GAF seeks to limit the class damages to $5 million, despite the fact that it could have removed this case in 2008 or earlier based on the knowledge it had of its own distribution of Timberline shingles from the Mobile plant throughout the State of South Carolina during the relevant period 1999-2007. It did not do so. However, now it seeks to limit the class damages to $5 million since it knows that it may have passed on its opportunity to remove the case under 28 U.S.C. §1446(b). GAF is well experienced in class action suits. In 1998, the suit of Coleman, et al. v. GAF, Case No. CV-96-0954-GALANOS (Alabama Circuit Court,

Mobile County) was settled with a large class of aggrieved property owners with defective shingles.

GAF is now trying to create a factual dispute in this Court about whether it knew of the size of the class damages between 2008 and 2010 and whether it played "hide the ball" with Respondents when they requested this distribution information in 2008.[6] This dispute, if it really is one, should be resolved in the lower court that has been presiding over this case for 2 years and 10 months. At that time, the trial court can consider the out-of-state depositions, seven sets of interrogatories, eight sets of requests for production, three motions to compel, 32,000 pages of documents produced by GAF, and the deposition testimony of Respondents' expert in response to GAF's direct question on this issue.

### E. GAF Proposes a Terrible Precedent

If GAF prevails, it will have created a new process in this state for all aggrieved parties to run to the appellate courts to enjoin circuit courts from hearing all sorts of matters where jurisdictional issues are presented.

### CONCLUSION

The purpose of GAF's request is to deny the circuit court the authority that it properly holds in the face of the lower court's specific ruling that it retains jurisdiction to determine the issue of damages. GAF's request for such extraordinary, unusual relief is not justified on the record.

---

[6] As revealed in the documents supplied with the Memorandum in Support of Motion to Amend in the lower court (Exhibit B herewith), it is clear that GAF took many months to produce the information, and it was not until the summer of 2009, at the earliest, when it finally revealed that the class in South Carolina could be in the neighborhood of 7,000 property owners.

11

A writ of prohibition is a drastic remedy which should be granted only where the petitioning party's right to the requested relief is compelled because there is a "great outrage upon the settled principles of law and procedure" to justify the issuance of an extraordinary writ of prohibition. The petition should be denied.

Respectfully Submitted,

By:  *Daniel A. Speights* (per THP)
Daniel A. Speights, Esquire

*A. G. Solomons* (per THP)
A. G. Solomons, III, Esquire
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Tel: (803) 943-4444
Fax: (803) 943-4599
dspeights@speightsrunyan.com
gsolomons@speightsrunyan.com

*Thomas H. Pope III*
Thomas H. Pope III, Esquire
POPE AND HUDGENS, P.A.
1508 College Street
Post Office Box 190
Newberry, SC 29108
Tel: (803) 276-2532
Fax: (803) 276-8684
thpope@popeandhudgens.com

ATTORNEYS FOR RESPONDENTS

Columbia, South Carolina
March 17, 2011