# EXHIBIT O

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF NEWBERRY ) <br> ) <br> Jack Brooks and Ellen Brooks, on ) <br> behalf of themselves and all others ) <br> similarly situated, ) <br> ) <br>                 Plaintiffs, ) <br> vs. ) <br> ) <br> GAF Materials Corporation, ) <br> ) <br>                 Defendant. ) <br> _____) | IN THE COURT OF COMMON PLEAS <br> FOR THE EIGHTH JUDICIAL CIRCUIT <br> CIVIL ACTION NO.: 2006-CP-36-129 <br><br><br><br> **ORDER GRANTING THE** <br> **PLAINTIFFS' MOTION TO** <br> **AMEND COMPLAINT** |

This matter came before the Court for a hearing on March 21, 2011, by way of the Plaintiffs' Motion to Amend the Class Complaint. The Plaintiffs assert that facts learned through discovery conducted since the drafting of the original class complaint entitle and require the Plaintiffs to amend their complaint to conform the pleadings to the facts. The Court agrees and grants the Motion.

## THIS COURT HAS JURISDICTION TO AMEND

As an initial matter, the Court has reviewed its own jurisdiction to entertain the Plaintiffs' motion. The Defendant has argued that its appeal of the Court's Order granting partial summary judgment on the Plaintiffs' implied warranty claims stripped this court of jurisdiction to determine whether an amendment should be granted. This Court has great respect for the role of the Court of Appeals, however, the Defendant's position is not in harmony with the facts of this case or the prevailing law.

The Court has not ruled on three of the four remaining causes of action and has retained jurisdiction on the entirety of these counts. Two of these causes of action are class causes of action. When granting partial summary judgment on the implied warranty



cause of action, the Court specifically declined to rule as to the amount of individual or class damages. This decision preserved jurisdiction over all issues concerning damages. The Plaintiffs seek to amend the complaint concerning the amount of class damages sought by eliminating a single paragraph which only pertains to damages.[1]

In reviewing the statutory basis for a stay of proceedings during appeal, the Court has reviewed both SCACR Rule 205 and SCACR Rule 241. The rules plainly state that any stay would apply only to those "matters decided in the order" on appeal. SCACR Rule 241(a). The issue of damages was not decided in the order. Two of the three class causes of action and three of the four total causes of action remain unaffected by the Court's decision on appeal. Our appellate courts have repeatedly held that only those matters decided in the order under appeal are affected by the stay. See *Andrick Dev. Corp. v. Maccaro*, 280 S.C. 103, 105, 311 S.E.2d 95, 97 (S.C. Ct. App. 1984) *Jackson v. Speed*, 326 S.C. 289, 311, 486 S.E.2d 750, 761 (1997); *Gattis v. Murrells Inlet VFW No. 10420*, 353 S.C. 100, 112, 576 S.E.2d 191, 197 (S.C. Ct. App. 2003).

Particularly instructive is our Supreme Court's decision in *Cousar v. New London Eng'g Co., Inc.*, 306 S.C. 37, 410 S.E.2d 243 (1991). In that action, the appellant contended that the court had lost jurisdiction to preside over discovery matters during an interlocutory appeal. The Supreme Court stated: "We conclude that retention of

---

[1] At the hearing, the Plaintiffs presented a proposed Second Amended Complaint which made three other minor amendments to conform to procedural developments in the case. The Plaintiffs removed any class allegations concerning the UTPA cause of action to coincide with the earlier stipulation by the Plaintiffs that they do not seek class treatment of UTPA claims. Also, all parties agree that any class definition contained in the Amended Complaint should be identical to the class definition contained the Court's order granting class certification. The Second Amended Complaint presented at the hearing accomplishes these changes.

2

jurisdiction over discovery in this case was not an abuse of discretion. Thus, we affirm the decision of the circuit court." *Id.* at 306 S.C. 40, 410 S.E.2d 245.

Accordingly, the Court finds that it retains jurisdiction over all matters not affected by the appeal, including the ability to consider and grant a motion to amend the complaint that does not alter the substantive allegations of the Plaintiffs' implied warranty claims.

A secondary basis for a finding that this Court retains jurisdiction is found in the nature of the appeal. The Defendant's effort to appeal class certification is admittedly interlocutory and, if reviewed, will only receive review as a result of the appeal of the partial summary judgment Order. The Defendant bases its opposition to the amendment on an argument made by the Defendant opposing class certification on appeal.[2] It is doubtful that the stay would apply to any matter that is interlocutory in nature. "Where an order is interlocutory, and thus not appealable, the notice of intent to appeal does not transfer jurisdiction to the [appellate][c]ourt ..." *Brown v. Greenwood Sch. Dist. 50 Bd. of Trustees*, 344 S.C. 522, 524-25, 544 S.E.2d 642, 643 (S.C. Ct. App. 2001) citing *South Carolina Pub. Serv. Auth. v. Arnold*, 287 S.C. 584, 586, 340 S.E.2d 535, 536 (1986). The *South Carolina Pub. Serv. Auth. v. Arnold* opinion went slightly farther, stating that "Where an order is interlocutory, and thus not appealable, the notice of intent to appeal does not transfer jurisdiction to this Court, nor does it stay further proceedings in the lower court." Normal application of SCACR 241 does not create a stay with the facts of

---

[2] The Court notes that this issue was not raised during briefing or argument on class certification in this Court and does not appear to have direct application to any of the five enumerated elements of class certification in South Carolina. See SCRCP Rule 23. However, this Court has consistently stressed its role in protection of the interests of the class as a whole and finds additional reason to allow the amendment because amendment will cure the alleged defect in the protection afforded by class treatment.

3

this case. But even to the extent that it did, the interlocutory nature of the appeal of class certification prevents the Defendant's position from being successful.

## THE AMENDMENT IS REQUIRED BY THE FACTS DISCOVERED

The following facts are not in dispute. Following the remand of this case from federal court to the circuit court on January 31, 2008, the parties engaged in extensive discovery. A significant portion of this discovery was targeted by the Plaintiffs to ascertain exactly how much of the Defendant's product had entered South Carolina. The Plaintiffs also filed Motions to Compel in 2008 and 2009.

On May 28, 2009, the Plaintiffs served the Defendant with a Supplemental Interrogatory requesting the Defendant to provide "the total number of squares of Timberline shingles produced by GAF's plant in Mobile which were distributed to South Carolina, categorizing by year and product name for the years 1999 to 2008." The Plaintiffs' counsel also wrote the Defendant's counsel on June 11, 2009, asking for additional clarification on this issue. The Defendant provided responses to the Plaintiffs' discovery on July 13, 2009, which reflected that 213,000 squares of Timberline product were distributed in South Carolina during the period 1999 to 2007.

On February 11, 2010, the Plaintiffs' counsel wrote the Defendant's counsel a letter which focused specifically on the perceived contradictions and discrepancies of the number of Timberline shingles distributed to South Carolina from Mobile during the period 1999 to 2007. On June 29, 2010, the Defendant's counsel wrote the Plaintiffs' counsel and explained the inconsistencies. In this letter, the Defendant's counsel "confirmed that the figure of 213,509.17 is the correct number of squares." This was formally confirmed on September 20, 2010, when the Defendant provided its Responses

4

to the Plaintiffs' Eighth Set of Requests for Production. This confirmation established conclusively that class damages could and probably would far exceed five million dollars.

The Defendant asserts that judicial estoppel would prevent the Plaintiffs from amending the class complaint in order to assert more than five million dollars in damages. In support of its position, the Defendant cites *Cothran v. Brown*, 357 S.C. 210, 592 S.E.2d 629 (2004). An extensive discussion of this argument is unnecessary. This court finds nothing in the record to suggest that the Plaintiffs or their counsel have ever intentionally misled any Court about the facts of this case. Quite to the contrary, the amount of discovery and the specific topics sought in discovery verify that the Plaintiffs have been diligent in seeking the truth about all aspects of the case including the amount of class damages. This discovery, its focus and scope, also clearly demonstrates that the Plaintiffs did not know the amount of the Defendant's product shipped to South Carolina when they filed their original class complaint. The Defendant, which had that information, has not suggested that the Plaintiffs should have known these facts before they engaged in discovery.

In *Cothran*, the Supreme Court examined two apparently inconsistent affidavits and stated that an essential aspect of analysis was to determine whether the affiant had access to the changed or differing fact prior to the previous inconsistent sworn testimony. The Court specifically recognized that judicial estoppel should never be "applied to impede the truth seeking function of the Court." *Id.* at 357 S.C. 216, 592 S.E.2d 632. To adopt the Defendant's position in opposition to the amendment in this case would be to find that the Plaintiffs should be forced to ignore the information gathered in discovery

5

because that information had not been supplied by the Defendant to the Plaintiffs at the time of drafting the class complaint. This position is contrary to the very purpose of discovery under the rules of civil procedure.[3]

The circuit court is to freely grant leave to amend when justice requires and there is no prejudice to any other party. Rule 15, SCRCP; *Foggie v. CSX Transp., Inc.*, 313 S.C. 98, 431 S.E.2d 587 (1993).

> Rule 15(a) has consistently been interpreted by the federal courts to strongly favor amendments "where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed." 3 J. Moore, *Moore's Federal Practice* Section 15.08 [2] at 15-49 (2d ed. 1987). Similarly, our courts have construed*507 former Section 15-13-920 to require pretrial amendments to pleadings to be freely granted unless a circumstance exists to justify refusal. *Smith v. Traxler*, 224 S.C. 290, 78 S.E.2d 630 (1953); *Braudie v. Richland County*, 217 S.C. 57, 59 S.E.2d 548 (1950). *Forrester v. Smith & Steele Builders, Inc.* 295 S.C. 504, *506-507, 369 S.E.2d 156,**158 (S.C.App.,1988).

"Courts have construed Rule 15 liberally to permit amendment so that claims can be adjudicated on the merits." *Intown Properties Management, Inc. v. Wheaton Van Lines*, Inc. 271 F.3d 164, *170 (C.A.4 (S.C.),2001) citing *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 158, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The Court finds no prejudice to the Defendant in the amendment. The amendment seeks to acknowledge a single fact which the Defendant already has acknowledged in the appellate proceedings. No surprise or delay will be caused by

---

[3] Since the January 2008 remand, the Plaintiffs have taken 13 depositions of the Defendant's officials, produced several witnesses for deposition, and sent over 15 sets of discovery requests for information which has resulted in the production of over 30,000 pages of documents by the Defendant.

6

the amendment. The fact that this case is a class does not impede the amendment. This Court has a duty to ensure that absent class members receive full and fair treatment by our process. This amendment comports with that duty and furthers the protections afforded to the absent class members.

The Court finds that the Plaintiffs have established that the amount in controversy in the complaint should not be limited to five million dollars and that the class complaint should be amended. The Court further finds that the record does not support any assertion that the Plaintiffs have misled any Court.

THEREFORE IT IS ORDERED that this Court has jurisdiction to consider the Plaintiffs' motion to amend.

IT IS FURTHER ORDERED that the Motion to amend is granted and the Plaintiffs shall file and served the Second Amended Complaint (as presented to the Court at the hearing) within ten (10) days of the entry of this order.

IT IS SO ORDERED.

_____
The Honorable J. Mark Hayes, II
Circuit Court Judge

Spartanburg, South Carolina

March 30, 2011