# EXHIBIT R

THE STATE OF SOUTH CAROLINA
IN THE COURT OF APPEALS
No. 2010-174207



Appeal From Newberry County
Court of Common Pleas

J. Mark Hayes, II, Circuit Court Judge
Civil Action No. 2006-CP-36-00129

---

Jack Brooks and Ellen Brooks,
on behalf of themselves and
others similarly situated,............................................. Respondents,

v.

GAF Materials Corporation.............................................. Appellant.

---

## APPELLANT'S RETURN TO RESPONDENTS' SECOND MOTION TO DISMISS APPEAL

---

| | |
|---|---|
| COLLINS & LACY, PC<br>Gray T. Culbreath<br>Post Office Box 12487<br>Columbia, SC 29211<br>Telephone: (803) 256-2660<br>Facsimile: (803) 771-4484 | ROBINS, KAPLAN, MILLER &<br>CIRESI L.L.P.<br>Joel A. Mintzer (*pro hac vice*)<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Telephone: (612) 349-8500<br>Facsimile: (612) 339-4181 |

*Attorneys for Appellant GAF Materials Corporation*

82176487.1

## Introduction

This Second Motion to Dismiss the Appeal, by Respondents Jack and Ellen Brooks ("Respondents"), lacks citation to any legal authority, is legally incorrect, and must be denied. Since Appellant GAF Materials Corporation ("GAF") recently removed this case to federal court, in accordance with well-established federal laws and precedent, that removal deprives this Court of jurisdiction to act on Respondents' motion.

Rather than advancing the litigation, Respondents' Second Motion to Dismiss invites a procedural quagmire. If the Court follows the Respondents' desired course of action by dismissing the appeal, and if the federal court later remands the matter—as Respondents indicated that they will seek remand[1]—then additional issues will arise such as whether GAF has the right to re-file its appeal and whether that re-filing would be timely. This is precisely why federal law is clear on this issue: as long as the case remains in federal court, the state courts may not proceed; if the case is remanded from the federal court, then the state proceedings are revived.

## Facts

In November 2007, Respondents amended their complaint to assert for the first time claims on behalf of a class. Importantly, the First Amended Complaint affirmatively limited the amount of damages sought: "The amount in controversy for the entire proposed Class does not exceed Five Million Dollars." (App. Ex. A at ¶ 29.) That

---

[1] Respondents have until May 25, 2011, to file a motion with the federal court to remand this matter to the state courts. Not surprisingly, while Respondents acted quickly to file this motion, they have not yet filed a motion to remand this action. Respondents surely recognize that filing such a motion with the federal court while arguing this motion would be untenable. Instead, Respondents are once again attempting to avoid any review of the Circuit Court's decisions in this matter—first by seeking dismissal of this appeal and then by asking the federal court to remand to the state courts which, in Respondents' view, would be a return to the Circuit Court after this Court dismisses the current appeal. GAF may effectively be denied its statutory appellate rights.

82176487.1                                  1

voluntary limitation on damages had a specific procedural purpose: to avoid removal of the lawsuit to federal court, as the Class Action Fairness Act permits removal of class actions if the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2).

Recognizing that Respondents' First Amended Complaint alleged claims that requested damages in excess of $5 million and concerned that the limit on damages included in the First Amended Complaint would not ultimately limit Respondents' damages, GAF removed the case to federal court. Respondents then moved to remand, admitting that they "tailored" the Complaint to avoid federal jurisdiction. (App. Ex. B at 5.) Relying on that disclaimer, the federal court remanded the action. But in doing so, the federal court explicitly prohibited Respondents from recovering more than $5 million:

> Furthermore, with respect to all claims, the Plaintiffs are barred from recovering a total amount of damages, including actual damages, punitive damages, treble damages, and statutory attorney's fees, exceeding five million dollars ($5,000,000), exclusive of interest or costs for the putative class action.

Brooks v. GAF Materials Corp., 532 F. Supp. 2d 779, 783 (D.S.C. 2008).[2]

Following remand, the parties engaged in discovery. From that discovery, Respondents stated that they learned that the value of the class claims exceeds $5 million. According to Respondents, they learned this fact no later than July 10, 2009. (App. Ex. C at 2.) However, Respondents chose not to file any motion to amend at that time, perhaps recognizing that amending the complaint would lead GAF to remove the case to federal court.

---

[2] The federal court further admonished Respondents that "a subsequent increase in the amount sought by plaintiffs would not be a good career move for plaintiffs' attorneys considering their anticipated future dealing with the court and would probably be barred by judicial estoppel." Id. at 782 (quoting Jones v. Allstate Ins. Co., 258 F. Supp. 2d 424, 427 n.2 (D.S.C. 2003)).

Instead, on July 15, 2009, Respondents moved for class certification. Then in September 2009, Respondents moved for summary judgment, on behalf of the class, on their breach of implied warranty theory. In March 2010, the Circuit Court granted Respondents' motion for class certification (App. Ex. D), and in September 2010, the Circuit Court granted summary judgment on behalf of the class. (App. Ex. E.)

On October 4, 2010, GAF timely appealed both the summary judgment decision and the intertwined class certification decision. GAF filed its initial appellate brief on November 3, 2010.

On November 29, 2010, just four days before their own initial brief was due, Respondents filed their first motion to dismiss the appeal. This Court denied the motion. It held that the summary judgment decision was immediately appealable because it finally determined "some substantive matter forming the whole or part of some cause of action or defense." (App. Ex. F at 1, citing Mid-State Distributors, Inc. v. Century Importers, Inc., 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993)). As to the Circuit Court's class certification decision, this Court determined that the consideration of the class certification issue "rests with the panel ultimately deciding the appeal." Id. at 2.

One week after moving to dismiss the appeal—on December 6, 2010—Respondents filed a motion in the Circuit Court seeking to amend their Complaint. Specifically, Respondents sought to delete the paragraph that limited their damages to $5 million. (App. Ex. C at 2.) At the time of the filing, Respondents knew that a grant of the motion would allow GAF to remove the case once again to federal court.

Because Respondent's actions were a clear effort to impact issues on appeal, GAF requested this Court to issue a writ of prohibition. In its papers, GAF unambiguously

stated that it would remove the lawsuit to federal court if the Circuit Court granted Respondents' motion to amend; and that removal would divest this Court of jurisdiction. In opposition, Respondents stated that any removal would be untimely, thereby strongly indicating that they would ask the federal court to remand the matter back to state court. (App. Ex. G at 10.) Respondents also argued that an extraordinary writ was not necessary because this Court could review on appeal any Circuit Court order permitting increased damages. (Id. at 8.) The Court denied GAF's petition, holding that extraordinary relief was not required as GAF could later raise the issue on appeal.

On March 31, 2011, the Circuit Court filed an order granting Respondents' motion to amend their Complaint, and specifically allowed Respondents to seek damages in excess of $5 million. (App. Ex. H at 7.) Immediately after amending its complaint, Respondents filed a motion with this Court once again seeking an extension of time to file their initial brief in opposition to GAF's appeal. In addition to noting the burdens of addressing the complexities of this case which have been created by their own actions (and inactions), Respondents' rationale for seeking another extension was that, since "GAF has been explicit in its filing with this Court and in the Circuit Court that ... it will remove the matter to federal court," "[i]t is an inefficient use of this Court's time and the time of counsel to rush forward in efforts and analysis which may become moot in thirty days." (App. Ex. I at ¶ 2.)

GAF timely removed the case to federal court on April 25, 2011. While GAF disagrees with Respondents' legal conclusion that this appeal is now "moot," Respondents have found the time to file this motion and, in so doing, are imposing the burdens that they earlier said should be avoided. Respondents are asking GAF and this

Court to expend effort and analysis toward another Motion to Dismiss where the issues may be impacted by Respondents' motion to remand that they intend to file in the federal court. In particular, if the federal court remands this action to the state courts, the parties would be redirected to this Court to continue the state court action in this matter, thus causing this Court to have unnecessarily taken time to respond to Respondents' Motion to Dismiss.

Perhaps more outrageously, Respondents request this Court to require GAF to resubmit the brief it submitted over six months ago. Respondents claims that the Circuit Court's decision to permit increased damages has "eliminate[ed] issues which need to be addressed by the Respondents in response to GAF's criticism of class certification." (App. Ex. I at ¶ 3.) Respondents' desire that GAF alter its appellate briefing directly contradicts the argument they made to the Circuit Court (and in opposition to GAF's motion for writ of prohibition) that the amount of damages recoverable by the class does not affect issues on appeal.

### Argument

Respondents' Second Motion to Dismiss the Appeal has numerous flaws. Not only *should* this Court deny Respondents' motion (in order to avoid confusion as to the procedural posture of this matter), the fact that the case has been removed to federal court actually deprives this Court of jurisdiction to address the motion. Respondents' particular arguments literally lack citation to any law; that is because they have no legal support and are in direct contradiction to well-established laws and precedent. Furthermore, contrary to Respondents unfounded statements, there is no "election" of remedies; the appeal is not "moot," nor has GAF "abandoned" the appeal.

### A. The Court lacks jurisdiction to decide Respondents' Motion.

Respondents overlook a simple, core issue: as a matter of federal law, this Court does not have jurisdiction to grant the relief they seek. Section 1446 of Title 28 of the United States Code states that, upon notification that a case has been removed to federal court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

In this case, both GAF and Respondents have notified the Court that the matter has been removed to the United States District Court for the District of South Carolina. As a result, this Court lacks jurisdiction to act on Plaintiffs' request. The South Carolina Supreme Court was explicit in Davis v. Davis, 267 S.C. 508, 229 S.E.2d 847 (1976). The relevant facts in that case began after the defendant (improvidently) removed a divorce case to federal court. To circumvent the removal, plaintiff moved for nonsuit without prejudice in the County Court, which the County Court granted. When plaintiff re-filed her lawsuit, defendant contested state court jurisdiction. On appeal, the Supreme Court agreed with the defendant that County Court lacked jurisdiction to dismiss the matter: "once removal proceedings to federal court are fulfilled and requisite notice accomplished, the State court loses all jurisdiction in the matter." Id. at 511, 229 S.E.2d at 848. The Supreme Court specifically noted that the County Court lacked jurisdiction to grant the nonsuit, and that its order was "ineffective." Id. Just as the County Court lacked jurisdiction to grant a voluntary nonsuit in an action that had been removed to federal court, so too does this Court lack jurisdiction to grant Respondent's motion to dismiss the appeal.

This is unquestioningly the law. In 1882, the United States Supreme Court held that once a case is removed to federal court "the jurisdiction of the State court absolutely ceased" and the "duty of the State court was to proceed no further in the cause." Steamship Co. v. Tugman, 106 U.S. 118, 122 (1882). In a case with strong similarities to this one, the Eighth Circuit applied the United States Supreme Court's reasoning. In Ward v. Resolution Trust Corp., 972 F.2d 196 (8th Cir. 1992), plaintiff sued his employer— a savings and loan association—for unpaid commissions. After plaintiff won in the trial court, and while the case was on appeal, the employer became insolvent. The federal Resolution Trust Corporation took over the employer, and then removed plaintiff's case from the state appellate court to the federal district court. Despite the removal, the appellate court required the RTC to file an appellate brief and then dismissed the appeal when the RTC failed to do so. Resolution Trust Corp. v. Ward, No. CA 89-124, 1989 Ark. App. LEXIS 527 (Ark. Ct. App. Oct. 25, 1989). Plaintiff then argued that this dismissal was a final judgment binding on the RTC. The Eighth Circuit disagreed. It explained that once a case is removed, "the state court of appeals could proceed no further, making its dismissal of the state appeal void." Ward, 972 F.2d at 198 (citation omitted).

Like the situation in Ward, any ruling on Respondents' motion would be void. "[O]nly the federal district court [can] restore jurisdiction to the state court." Id. See also South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir. 1971) (holding that upon removal a state court loses jurisdiction and "any proceedings in the state court after the filing of the petition [for removal] and prior to a federal remand order are absolutely void, despite subsequent determination that the removal petition was ineffective") (cited

approvingly by the South Carolina Supreme Court in Davis); Hood v. Prime Time Rentals, Inc., No. 01A01-9807-CH-352, 1999 Tenn. App. LEXIS 211, at *6 (Tenn. Ct. App. Mar. 31, 1999) (holding that 28 U.S.C. § 1446 prohibits the state court from dismissing a case, with or without prejudice); Sugimoto v. Exportadora de Sal., S.A., 233 Cal. App. 3d 165, 168 (Cal. Ct. App. 1991) (state trial court could not dismiss the case for lack of jurisdiction where the claimed lack of jurisdiction was because the case had been removed to federal court).

### B. GAF's appeal cannot be dismissed as an "election" of remedies.

Without citation, Respondents argue that GAF's appeal must be dismissed because "GAF has elected to proceed with trial of this matter in another forum."[3] But the election of remedies doctrine has absolutely no application to the facts presented here.

Election of remedies is a doctrine addressed to choices made by a plaintiff "to prevent double recovery for a single wrong." Austin v. Stokes-Craven Holding Corp., 387 S.C. 22, 56, 691 S.E.2d 135, 153 (2010). See also Save Charleston Found. v. Murray, 286 S.C. 170, 175, 333 S.E.2d 60, 64 (Ct. App. 1985) ("application of the doctrine should be confined to cases where double compensation of the plaintiff is threatened"). Because the doctrine does not address choices by a defendant, Respondents' assertion of this doctrine is nonsensical.

---

[3] Respondents assert that GAF "made such election prior to any portion of the briefing other than the initial brief of appellant, and prior to any argument or ruling concerning its interlocutory appeal." Respondents conveniently ignore that it was Respondents who had created every delay. Respondents waited until just before their initial brief was due before filing an unsuccessful First Motion to Dismiss the appeal. That motion automatically stayed briefing. Rule 240(b), SCACR. Then after the motion was denied, Respondents obtained two further extensions of time to submit their initial brief.

In this case, there is no risk of Respondents obtaining double compensation. While the federal court case is proceeding, this Court (and the Circuit Court) cannot proceed further. 28 U.S.C. § 1446(d). Should the federal court enter a judgment, then that federal judgment will be binding on the parties and Respondents cannot seek further compensation through the South Carolina courts. Martin v. Am. Bancorporation Retirement Plan, 407 F.3d 643, 650 (4th Cir. 2005) (doctrine of claim preclusion "precludes the assertion of a claim after a judgment on the merits in a prior suit by the parties or their privies based on the same cause of action."). And if the federal court remands the case to state court, then there will be no federal court judgment compelling compensation, and thus there is nothing that would duplicate a state court judgment.

C.   GAF's appeal is not "moot."

In a letter submitted to the Court on April 28, Respondents state that GAF's removal "moots" the appeal. Respondents do not repeat this assertion in their motion for good reason: the appeal is not moot because it must be reinstated if the federal court orders remand.

A threshold inquiry in every case is whether the matter is justiciable. Peoples Fed. Sav. & Loan Ass'n of S.C. v. Resources Planning Corp., 358 S.C. 460, 477, 596 S.E.2d 51, 60 (2004). To be justiciable, the claim must present an active case or controversy. Lennon v. S.C. Coastal Council, 330 S.C. 414, 415, 498 S.E.2d 906 (Ct. App. 1998). Mootness is a doctrine of justiciability. Holden v. Cribb, 349 S.C. 132, 137, 561 S.E.2d 634, 637 (Ct. App. 2002). A case becomes moot if a "judgment, if rendered, will have no practical effect upon [an] existing controversy." The Linda Mc Co. v.

Shore, 390 S.C. 543, 557, 703 S.E.2d 499, 506 (2010) (quoting Curtis v. State, 345 S.C. 557, at 567-68, 549 S.E.2d 591, 596 (2001)).

In this case, Respondents have stated their intent to move to remand the lawsuit back to state court. If the federal court grants that motion then the case will return to this Court, and this Court will have the ability to issue a ruling that will impact the existing controversy. Because that prospect has "immediacy and reality," this case is not moot. DeFunis v. Odegaard, 416 U.S. 312, 320 n.5 (1974) (quoting Golden v. Zwickler, 394 U.S. 103, 109 (1969)). Indeed, if Respondents truly believed that GAF's removal mooted this case, they would have also moved to dismiss the action in the Circuit Court for the same reason. By failing to seek dismissal of the Circuit Court action, Respondents demonstrate that they *do not* believe state court proceedings to be moot, they simply do not want the Circuit Court's decision to be subject to appellate review.

### D.    GAF has not "abandoned" its appeal.

Respondents also seek dismissal based on the specious assertion that GAF has "abandoned" the appeal, a claim that has no basis in fact. GAF has diligently sought to preserve its appellate rights. In October 2010, GAF timely appealed the Circuit Court's erroneous ruling granting summary judgment on behalf of a class of uninjured persons, and timely filed its Initial Brief with this Court. In January 2011, this Court held that GAF's appeal is permitted by statute, and denied Respondents' First Motion to Dismiss. GAF also sought a writ prohibiting the Circuit Court from entertaining Respondents' motion to amend their Complaint, precisely because the amendment would impact the appeal.

A removal to federal court is not an abandonment of rights. Rather, it is the exercise of a federal statutory right to proceed in a different forum. 28 U.S.C. § 1332(d)(2). In the event that the federal court remands the lawsuit, then the case returns to this Court for disposition of the appeal. 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3739, at 839 (4th ed. 2009) ("It is well-established that a remanded case must return to the state court from which it was removed.") Because the case would return to this Court if remanded, GAF has not abandoned the appeal.

Rather than GAF trying to obtain some procedural advantage, this entire circumstance is the result of Respondents' conscious decision-making. It was Respondents who initially limited their lawsuit's damages to $5 million in order to avoid federal jurisdiction. Had Respondents *not* limited their damages, this case would have been in federal court since 2007. It was also Respondents who decided not to seek to remove the limitation on damages in July 2009 when, according to Respondents themselves, they first learned that the value of the damages could exceed $5 million. It was only after GAF filed a meritorious appeal that Respondents sought to increase the amount of damages they sought, thereby causing GAF to remove the case once again to federal court. Now that the Circuit Court has granted Respondents' motion, and GAF has removed the case just as it stated it would, Respondents should not benefit by having this Court dismiss GAF's proper appeal.

### Conclusion

Respondents' Second Motion to Dismiss invites the Court to act where it has no jurisdiction to do so, and is without basis in law or fact. GAF respectfully requests that the Motion be denied.

May 9, 2011

COLLINS & LACY, P.C.
Gray T. Culbreath
Post Office Box 12487
Columbia, SC 29211
Telephone: (803) 256-2660
Facsimile: (803) 771-4484

and

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Joel A. Mintzer (*pro hac vice*)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

*Attorneys for Appellant GAF Materials Corporation*