IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Jack Brooks and Ellen Brooks, on behalf )
of themselves and all others similarly )
situated, )
) C.A. No. 8:11-983-HMH
Plaintiffs, )
)
vs. ) **OPINION & ORDER**
)
GAF Materials Corporation, )
)
Defendant. )

Upon review of the record and for the reasons set forth below, the court has determined

that the undersigned should recuse himself in this matter.  Under 28 U.S.C. § 455, this court

may sua sponte recuse itself from further participation in this matter.

The Defendant first removed this action to this court on May 26, 2006.  The Plaintiffs

filed a motion to remand on June 20, 2006, arguing that the case must be remanded because the

amount in controversy does not exceed $75,000, exclusive of interest and costs, for diversity

jurisdiction under 28 U.S.C. § 1332.  (C.A. No. 8:06-01613-HMH Pls. Mem. Supp. Remand 2.)

The court granted the Plaintiffs' motion and the case was remanded on July 24, 2006.  After the

Plaintiffs filed an amended complaint asserting a putative class action on November 27, 2007,

the Defendant removed this action for a second time on December 12, 2007.  (C.A. No.

8:07-03988-HMH Not. of Removal.)  On December 18, 2007, the court remanded this action for

lack of jurisdiction based on the one-year cap on removal set forth in 28 U.S.C. § 1446(b).

1

Although the Defendant did not move to reconsider, the court determined that because this case is a putative class action, the one-year time bar to removal did not apply. See 28 U.S.C. § 1453(b). The court rescinded its December 18, 2007, order and directed the parties to respond to the issue of whether the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). On January 10, 2008, the Plaintiffs filed another motion to remand. At that time, the Plaintiffs' amended complaint stated that the "amount in controversy for the entire proposed Class does not exceed five million dollars." (C.A. No. 8:07-3988-HMH Am. Compl. ¶ 29.) Further, the Plaintiffs' amended complaint provided that "[t]he Plaintiffs' individual recovery, as well as any putative Class Members' individual recovery, exclusive of interest and costs, is not to exceed $74,999.00." (C.A. No. 8:07-3988-HMH Am. Compl. Prayer for Relief E.) The Plaintiffs reiterated in their memorandum in support of the motion to remand that the amount in controversy did not meet the jurisdictional minimum. (C.A. No. 8:07-3988-HMH Pls. Mem. Supp. Mot. Remand 1-5.)

The Defendants argued that the court should independently assess the amount in controversy because of the potential for manipulation by the Plaintiffs based on Rule 54(c) of the South Carolina Rules of Civil Procedure, which provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Therefore, the Defendant argued that the Plaintiffs could recover more than $5,000,000. Although the court recognized the potential for manipulation, the court admonished the Plaintiffs that "a subsequent increase in the amount sought by plaintiffs would not be a good career move for plaintiffs' attorneys considering their anticipated future dealings with this court and would probably be barred by judicial estoppel."

2

(C.A. No. 8:07-03988-HMH Jan. 31, 2008 Order (quoting <u>Jones v. Allstate Ins. Co.</u>, 258 F.

Supp. 2d 424, 427 n.2 (D.S.C. 2003) (internal quotation marks omitted)).)  After review, the

court granted the Plaintiffs' motion to remand on January 31, 2008, and ordered that

> with respect to all claims, the Plaintiffs are barred from recovering a total amount
> of damages, including actual damages, punitive damages, treble damages, and
> statutory attorney's fees, exceeding five million dollars ($5,000,000), exclusive of
> interest and costs for the putative class action, and the Plaintiffs are barred from
> recovering a total amount of damages, including actual damages, punitive
> damages, treble damages, and statutory attorney's fees, exceeding seventy-four
> thousand nine hundred ninety-nine dollars ($74,999.00), exclusive of interest and
> costs, for any individual claims.

(C.A. No. 8:07-03988-HMH Jan. 31, 2008 Order.)

On April 25, 2011, the Defendant again removed the action to this court after the state

court granted the Plaintiffs' motion to amend their complaint to seek in excess of $5 million

dollars.  The Plaintiffs allege they did not discover that the amount in controversy exceeded

$5 million dollars until after certain information was produced by the Defendant during

discovery.  (Pls. Resp. Mot. Status Conference 5-6.)

28 U.S.C. § 455(a) requires that a judge "disqualify himself in any proceeding in which

his impartiality might reasonably be questioned."

> The issue . . . is not the Court's own introspective capacity to sit in fair and honest
> judgment with respect to the controverted issues, but whether a reasonable
> member of the public at large, aware of all the facts, might fairly question the
> Court's impartiality.  This is an objective standard and "where the question is
> close, the judge whose impartiality might reasonably be questioned must recuse
> himself from the trial."

<u>United States v. Ferguson,</u> 550 F. Supp. 1256, 1260-61 (D.C.N.Y. 1982).

In the Defendant's motion for a status conference in this case, the Defendant submits that

the court must determine

3

(1) whether the class was properly certified in light, for example, of the differences between the South Carolina and Federal Rules of Civil Procedure . . . ; (2) the effect of the $5 million limitation previously ordered by this Court on Plaintiffs' recent amendment to their complaint . . . ; (3) the scheduling of the remaining fact and expert discovery; and (4) the resolution of dispositive post-discovery motions.

(Def. Mot. Status Conference 2.)  The Defendant alleges that

[t]his case returns to federal court because of Plaintiffs' game-playing.  Claiming that they were masters of their Complaint with an unfettered right to tailor their allegations to avoid federal jurisdiction, Plaintiffs obtained a remand from this Court to state court.  But when they were faced with an appeal that would overturn class certification and summary judgment decisions in their favor, Plaintiffs retailored their Complaint to create federal jurisdiction.

(Def. Resp. Regarding Jurisdiction 6.)

Based on the foregoing and out of an abundance of caution, the undersigned believes that recusal is appropriate because "his impartiality might reasonably be questioned."  § 455(a). Thus, to avoid any appearance of impartiality and in the interests of justice, this case should be assigned to another district judge.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 28, 2011

4