UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jack Brooks, on behalf of himself and others similarly situated; and Ellen Brooks, on behalf of herself and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 8:11-cv-00983-JMC |
| v. | ) | **ORDER AND OPINION** |
| GAF Materials Corporation, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Plaintiffs Jack Brooks and Ellen Brooks ("Plaintiffs") Motion to Alter or Amend Order and Opinion Altering Circuit Court Order Granting Plaintiffs Partial Summary Judgment [Dkt. No. 80]. Based upon the record before the court, Plaintiffs' Motion is denied.

## STANDARD OF REVIEW

A court may alter or amend a judgment if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at the time of the judgment; or (3) that there has been a clear error of law or a manifest injustice. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

## DISCUSSION

Plaintiffs bring this action against Defendant GAF Materials Corporation ("GAF") asserting claims for negligence, negligent misrepresentation, breach of warranty, breach of implied warranties, fraud, violation of the South Carolina Unfair Trade Practices Act

1

("SCUTPA"), and unjust enrichment arising from GAF's sale of allegedly defective roofing shingles. This case originated as an individual state court action commenced in Newberry County, South Carolina in 2006 and, through various procedural and tactical mechanisms, was again removed to this court in 2011 in its present posture as a class action suit.

Prior to removal of the action to federal court, the state court entered several orders addressing the parties' motions for summary judgment as presented to the state court and class certification issues. After the removal of the matter to this court, the parties requested, and the court granted, a status conference at which time Plaintiffs requested the court to adopt all orders of the state court and GAF requested the court to allow a briefing schedule and/or hearing to explore the matters of class certification and motions for summary judgment. After hearing counsels' positions during the status conference, the court set a briefing schedule and hearing to address the issues of adoption of the state court orders, class certification, and summary judgment motions. All parties filed their respective motions and responses within the timeframes and/or extensions set by the court.

GAF filed a consolidated motion requesting the court enter an order granting summary judgment in favor of GAF as to all claims asserted by Plaintiffs in their individual capacity or, alternatively, for an order reconsidering and reversing the state circuit court Summary Judgment Order granting partial summary judgment in favor of Plaintiffs on their claims for breach of implied warranties. The court adopted the state court orders pursuant to the standard set forth in *Resolution Trust Corp. v. Allen*, 16 F.3d 568, 575 (4th Cir. 1994), and allowed GAF to "follow the ordinary rules regarding post-judgment remedies." *Id.* at 573. Ultimately, the court found reconsideration warranted on the issue of the state court Summary Judgment Order granting partial summary judgment in favor of Plaintiffs on their claims for breach of implied warranties because there were genuine disputes of material fact concerning the circumstances under which

2

the shingles were purchased that precluded the court from making a conclusive determination that the disclaimer printed on the product labels was a post-contract attempt to limit liability under *Gold Kist v. The Citizens, and Southern Nat. Bank of South Carolina*, 286 S.C. 272, 333 S.E.2d 67 (Ct. App. 1985). GAF's motion also included a substantial argument seeking reconsideration of the state court's class certification order in light of the requirements for certification under Federal Rule of Civil Procedure 23 and such motion was supported by affidavits and additional documentation.

In their current motion for reconsideration, Plaintiffs contend that the court improperly converted GAF's Rule 54(b) motion for reversal into a Rule 59(e) motion to alter or amend, and that Plaintiffs never had an opportunity to address this issue. The court noted in its opinion that the legal analysis under Rule 54(b)[1] and Rule 59(e) is substantially similar. Therefore, the court's result would have been the same had it applied Rule 54(b) instead of Rule 59(e). However, in its memoranda to this court and during the hearing on this matter, counsel debated at length over the appropriate standard. Plaintiffs' counsel elected to focus his arguments on whether GAF had met the burden of demonstrating whether the state court order resulted in a manifest injustice, but ignored GAF's presentation of information in support of the heightened class certification arguments under Federal Rule of Civil Procedure 23 and dismissed GAF's arguments concerning clear errors of law on the implied warranty claims. This court issued an order finding class certification inappropriate under Federal Rule of Civil Procedure 23 based on the information provided to the court at the time of the hearing and further determined that there was an error of law in the application of *Gold Kist*. Accordingly, it granted GAF's request for

---

[1] *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (noting that a prior ruling in a case may be changed under Rule 54(b) in certain circumstances including when: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work a manifest injustice.").

amendment of the state court Summary Judgment Order granting partial summary judgment in favor of Plaintiffs on their claims for breach of implied warranties after adopting the order in accordance with *Resolution Trust*. Although counsel disagreed on the applicable procedural method, the court was guided by *Resolution Trust* and found Rule 59(e) to be the more appropriate post-judgment method to address the issues raised by GAF's consolidated motion based on the presentation of the supporting documentation concerning class certification under the heightened standards of the Federal Rules of Civil Procedure and based on the fact that no subsequent trial or appellate decision had impacted the case as would have been required for Rule 54(b) to apply.

For the foregoing reasons, the court **DENIES** Plaintiffs' Motion to Alter or Amend Order and Opinion Altering Circuit Court Order Granting Plaintiffs Partial Summary Judgment [Dkt. No. 80].

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Court

January 3, 2013
Greenville, South Carolina