UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jack Brooks, on behalf of himself and others similarly situated; and Ellen Brooks, on behalf of herself and others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No.: 8:11-cv-00983-JMC |
| v. ) ) | **ORDER AND OPINION** |
| GAF Materials Corporation, ) ) | |
| Defendant. ) ) | |

This matter is before the court on Defendant GAF Materials Corporation's ("GAF") Motion For Clarification and/or Reconsideration of this Court's October 19, 2012 Order [Dkt. No. 91]. Based upon the record before the court, GAF's Motion is denied in part and granted in part.

**STANDARD OF REVIEW**

A court may alter or amend a judgment if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at the time of the judgment; or (3) that there has been a clear error of law or a manifest injustice. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

**DISCUSSION**

Plaintiffs Jack Brooks and Ellen Brooks ("Plaintiffs") bring this action against GAF asserting claims for negligence, negligent misrepresentation, breach of warranty, breach of implied warranties, fraud, violation of the South Carolina Unfair Trade Practices Act, and unjust

1

enrichment arising from GAF's sale of allegedly defective roofing shingles. This case originated as an individual state court action commenced in Newberry County, South Carolina in 2006 and, through various procedural and tactical mechanisms, was again removed to this court in 2011 in its present posture as a class action suit.

Prior to removal of the action to federal court, the state court entered several orders addressing the parties' motions for summary judgment as presented to the state court and class certification issues. After the removal of the matter to this court, the parties requested, and the court granted, a status conference at which time Plaintiffs requested the court to adopt all orders of the state court and GAF requested the court to allow a briefing schedule and/or hearing to explore the matters of class certification and motions for summary judgment. After hearing counsels' positions during the status conference, the court set a briefing schedule and hearing to address the issues of adoption of the state court orders, class certification, and summary judgment motions. All parties filed their respective motions and responses within the timeframes and/or extensions set by the court.

GAF filed a consolidated motion requesting the court enter an order granting summary judgment in favor of GAF as to all claims asserted by Plaintiffs in their individual capacity or, alternatively, for an order reconsidering and reversing the state court Summary Judgment Order granting partial summary judgment in favor of Plaintiffs on their claims for breach of implied warranties. The court adopted the state court orders pursuant to the standard set forth in *Resolution Trust Corp. v. Allen*, 16 F.3d 568, 575 (4th Cir. 1994), and allowed GAF to "follow the ordinary rules regarding post-judgment remedies." *Id.* at 573. Ultimately, the court found reconsideration warranted on the issue of the state court Summary Judgment Order granting partial summary judgment in favor of Plaintiffs on their claims for breach of implied warranties because there were genuine disputes of material fact concerning the circumstances under which

2

the shingles were purchased that precluded the court from making a conclusive determination that the disclaimer printed on the product labels was a post-contract attempt to limit liability under *Gold Kist v. The Citizens, and Southern Nat. Bank of South Carolina*, 286 S.C. 272, 333 S.E.2d 67 (Ct. App. 1985). GAF's motion also included a substantial argument seeking reconsideration of the state court's class certification order in light of the requirements for certification under Federal Rule of Civil Procedure 23 and such motion was supported by affidavits and additional documentation. Based on the information presented to the court at that time and the court's analysis of the heightened requirements under the Federal Rules of Civil Procedure, the court granted GAF's motion to decertify the class defined in state court. However, the court granted Plaintiffs' leave to seek class certification upon appropriate demonstration of the requirements of Federal Rule of Civil Procedure 23. Plaintiffs subsequently filed their Motion to Alter or Amend Order and Opinion Altering Circuit Court Order Granting Plaintiffs Partial Summary Judgment [Dkt. No. 80] in which they sought to recertify the class as defined by the state court or, alternatively, to procure class certification pursuant to Federal Rule of Civil Procedure 23 as allowed by the court's October 19, 2012 Order ("October Order") [Dkt. No. 90]. Upon consideration of the materials submitted by the parties on Plaintiffs' motion [Dkt. No. 80] and the existing record before the court, the court granted class certification and defined the class as:

> all persons or entities who own any South Carolina property with GAF Timberline® shingles manufactured at GAF's Mobile, Alabama manufacturing facility between 1999 and 2007 which have cracked, split, or torn. The class is not intended to include any structure owned by the Defendant or any of its subsidiaries or affiliates.

On November 2, 2012, GAF filed the instant motion requesting clarification or reconsideration of the court's class certification because GAF contends it did not have an adequate opportunity to address the class certification issues and the class definition.

3

Additionally, GAF argues that 1) the predominance requirement of Rule 23(b)(3) is not satisfied by the current class definition; 2) the class as defined does not satisfy the requirement of typicality; 3) the class as defined by the court does not satisfy the requirement of numerosity; 4) the class is not readily ascertainable and the process through which the class members are to be identified is not clear or workable; and, alternatively 5) the court should reduce the class time period to 1999-2002.

First, the court observes that the parties have now engaged in three rounds of briefing on the issue of class certification before this court – four rounds of briefing on the issue considering the state court filing. The briefing consists of hundreds of pages of written memoranda and supporting documentation. Additionally, the court and the parties have participated in a lengthy hearing during which the parties discussed the merits of class certification. Although the parties may have made strategic or tactical decisions to exclude relevant information in their presentations to this court on the various motions concerning class certification, the record demonstrates that the court has provided the parties with ample opportunities to present their complete arguments and supporting materials to this court on the matter.

As to GAF's substantive arguments in its motion, it initially asserts that the predominance requirement of Rule 23(b)(3) is not satisfied by the class definition in the October Order because the court stated that whether GAF "was on notice that there was a problem with the shingles and continued manufacturing and selling them anyway" was the common issue in this action and found that "resolution of this issue will help advance the litigation as a whole." [Dkt. No. 90, at 12]. GAF notes that the court inaccurately focused on GAF's "knowledge" of the defect in defining the common issue in this action. The court agrees that its statement of the common issue in this action should be clarified. Although GAF's alleged knowledge of any latent defects in its shingles relates to common evidentiary matters likely to arise repetitively

amongst the class claims, the common issue for purposes of the predominance analysis is the common proof of the defective state of the shingles. Therefore, although the court grants GAF's request for clarification on this argument, the argument does not provide the court with sufficient basis to amend its October Order.

Next, GAF contends that the court should reconsider the October Order because the defined class does not meet the typicality requirements of Rule 23. This court found that Plaintiffs met the typicality requirement for class certification under Rule 23 in its May 31, 2012, order decertifying the state class ("May Order") [Dkt. No. 76]. GAF did not challenge the court's ruling on the issue in that order. Nonetheless, GAF's proposition that Plaintiffs' claims are not typical because they fail to allege leaking or other damage to their home resulting from the allegedly defective shingles is misrepresentative of Plaintiffs' actual claims in this case. Although GAF strongly disputes Plaintiffs' allegations of leaking and property damage caused by the GAF shingles, Plaintiffs have sufficiently alleged such damages. Accordingly, this argument is insufficient to warrant amendment of the court's October Order.

GAF further complains that the defined class does not meet the numerosity requirements. However, GAF has never disputed Plaintiffs' ability to meet the numerosity requirement of Rule 23 before this court in any of its prior briefing. The court acknowledged GAF's position on the matter in its May Order, [Dkt. No. 76, at 17], and GAF did not challenge the numerosity requirement until the instant motion. Although the court finds it inappropriate for GAF to contest Plaintiffs' ability to fulfill the numerosity requirement in this motion, the court determines that numerosity exists such that amendment of its October Order is unwarranted. *See Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999) (collecting cases in support of the proposition that courts are not required to address issues raised for the first time on a motion for reconsideration).

Numerosity requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). It is not dependent on a specific number of class members. *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984) (quoting *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967)). Rather, the court must consider the circumstances of each case in evaluating the practicability of joinder. *Id*. "The 'practicability of joinder depends on many factors, including, for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion.'" *George v. Duke Energy Ret. Cash Balance Plan*, 259 F.R.D. 225, 231 (D.S.C. 2009) (citations omitted). In this case, the record contains sufficient documentation to support the court's conclusion that the size of the class is potentially so numerous that joinder is impractical. Such documentation includes claims submitted to GAF, consideration of GAF's product distribution in South Carolina, and the number of purchasers potentially affected by the alleged defect. Despite GAF's argument to the contrary, the court is not required to identify all potential class members to determine numerosity for class certification purposes. *Doe v. Charleston Area Med. Center, Inc*., 529 F.2d 638, 645 (4th Cir.1975) ("Where the plaintiff has demonstrated that the class of persons he or she wishes to represent exists, that they are not specifically identifiable supports rather than bars the bringing of a class action, because joinder is impracticable.").

Additionally, GAF asserts that the defined class is not readily ascertainable and the process through which the class members are to be identified is not clear or workable. This court previously noted that a class could only be certified where it was "currently and readily ascertainable based on objective criteria." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012) (noting multiple jurisdictions subscribing to the proposition); *see also* Manual for Complex Litigation § 21.222 (4th ed. 2004). Although GAF contends that the court has

6

inadequately articulated a method for the identification of potential class members, the definition rendered by the court contains objective criteria that comports with the requirements and purposes of Rule 23. A class may be appropriately certified where the court can define the class in a manner that is reasonably "likely to apprise interested parties" of the existence of the class. *Newburg on Class Actions* § 11.53 (4th ed. 2002). "Rule 23 does not require the parties to exhaust every conceivable method of identifying the individual class members." *Id*. GAF's attempt to confuse the class certification process with the claims administration process does not convince the court that the currently defined class is not readily ascertainable.

Finally, GAF requests the court modify the class time period to end in 2002 rather than 2007 on the ground that Plaintiffs have not submitted any evidence of any alleged defects in the shingles at issue after 2002. However, GAF concedes that it received warranty claims for cracked shingles after 2002. *See* GAF's Reply Memorandum in Further Support of Its Motion for Clarification and/or Reconsideration of this Court's October 19, 2012 Order [Dkt. No. 97, at 11]. Additionally, GAF acknowledges Plaintiffs' reliance on evidence in support of their allegation that GAF continued its manufacturing processes in a manner consistent with Plaintiffs' allegations of product defect until the Mobile plant ceased production of the subject shingles in 2007. *Id.* [Dkt. No. 97, at 11-12] (describing a former employee's deposition testimony concerning the manufacturing process and its effect of shingle tear strength). Upon review of this information and the record currently before the court, GAF has not provided the court with adequate justification to modify the time period provided in the class definition.

For the foregoing reasons, the court **DENIES IN PART AND GRANTS IN PART** Defendant GAF Materials Corporation's Motion For Clarification and/or Reconsideration of this Court's October 19, 2012 Order [Dkt. No. 91]. Specifically, the court clarifies its prior statement of the common issue in this action as the common proof of the defective state of the shingles

7

rather than GAF's alleged knowledge of any latent defects in its shingles. Defendant GAF Materials Corporation's Motion is otherwise denied.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Court

February 6, 2013
Greenville, South Carolina