**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Jack Brooks, on behalf of himself and others similarly situated; and Ellen Brooks, on behalf of herself and others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action No.: 8:11-cv-00983-JMC |
| v. ) | **ORDER AND OPINION** |
| GAF Materials Corporation, ) ) | |
| Defendant. ) ) | |

This matter is before the court on Plaintiffs Jack and Ellen Brooks' ("Plaintiffs") Motion for Order Directing the Issuance of Notice to Class Members. [Dkt. No. 101]. GAF Materials Corporation ("GAF" or "Defendant") filed a lengthy Response in Opposition to the Motion. [Dkt. No. 104]. Based upon the record before the court, Plaintiffs' Motion is **DENIED** without prejudice to re-file the Motion within 30 days of this Order. While the court agrees with Plaintiffs that a hearing on the class notice plan may be appropriate, in order to facilitate such a hearing in a fair and efficient manner, the court and Defendant require additional information.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Jack Brooks and Ellen Brooks ("Plaintiffs") bring this action against GAF asserting claims for negligence, negligent misrepresentation, breach of warranty, breach of implied warranties, fraud, violation of the South Carolina Unfair Trade Practices Act, and unjust enrichment arising from GAF's sale of allegedly defective roofing shingles. This case originated as an individual state court action commenced in Newberry County, South Carolina in 2006 and,

1

through various procedural and tactical mechanisms, was again removed to this court in 2011 in its present posture as a class action suit.

Thereafter, the court granted GAF's motion to decertify the class defined in state court but granted Plaintiffs leave to seek class certification upon appropriate demonstration of the requirements of Federal Rule of Civil Procedure 23. [Dkt. No. 76]. Plaintiffs subsequently filed their Motion to Alter or Amend Order and Opinion Altering Circuit Court Order Granting Plaintiffs Partial Summary Judgment [Dkt. No. 80] in which they sought to recertify the class as defined by the state court or, alternatively, to procure class certification pursuant to Federal Rule of Civil Procedure 23 as allowed by the court's October 19, 2012 Order ("October Order") [Dkt. No. 90]. Upon consideration of the materials submitted by the parties on Plaintiffs' motion [Dkt. No. 80] and the existing record before the court, the court granted class certification and defined the class as:

> all persons or entities who own any South Carolina property with GAF Timberline® shingles manufactured at GAF's Mobile, Alabama manufacturing facility between 1999 and 2007 which have cracked, split, or torn. The class is not intended to include any structure owned by the Defendant or any of its subsidiaries or affiliates.

After several additional rounds of briefing in which each party requested reconsideration on various rulings, Plaintiffs filed the instant Motion as to the required notice to class members. Plaintiffs' three-page Motion requests that the court set a hearing to consider the proposed Notice and then issue an Order approving such notice (the "Approval Order"). Plaintiffs' proposed plan for notice suggests:

1. Defendant publish the Notice as an advertisement in eight newspapers (specified in the Motion) on two consecutive Fridays within thirty (30) days of the Approval Order;

2

2. Within twenty (20) days of the Approval Order, Defendant mail the notice to (a) homeowners listed in the Warranty Claims Program files, and (b) builders and distributors who are "known to have purchased, installed or sold Timberland Shingles";

3. Class Counsel for Plaintiffs will post the Notice on gaftimberlineclass.com within twenty (20) days of the Approval Order;

4. Within ten (10) days of the Approval Order, the Notice will be provided to the United States and South Carolina Attorneys General; and

5. Plaintiffs' counsel may use the Notice to provide additional notice to unspecified recipients at Plaintiffs' expense.

## **DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The Supreme Court has held that this language means that individual notice "must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173 (1974). Plaintiffs have not specified what reasonable efforts have been made to obtain potential class members' names and addresses or the number of such potential class members. Defendant alleges that Plaintiffs' proposed plan only anticipates giving individual notice to nineteen people rather than the 6,000 Plaintiffs originally represented to the court, noticing all others by publication. [Dkt. No. 104 at 7]. Until Plaintiffs articulate what reasonable efforts have been made to find addresses of individual potential class members, the court cannot determine if such notice meets the demands

of *Eisen*.[1]  Moreover, Plaintiffs have not explained why publication would be an appropriate method to serve notice.  Publication is not appropriate where names and addresses can be ascertained.  *Eisen*, 417 U.S. at 174.  Even if publication were appropriate, Plaintiffs have not discussed why they chose the eight newspapers that they did and how those papers are best positioned to notify potential plaintiffs.

Plaintiffs also request that the court order Defendant to send the notice to any builder or distributor who has purchased the shingles.  First, builders or distributors are not potential class members unless they still own the structures.  Second, such broad notice does not recognize the court's Order and limitation that class members must have actual cracked, split or torn shingles.  Moreover, the typical rule is that Plaintiffs must "initially bear the cost of notice to the class . . . as part of the ordinary burden of financing his own suit."  *Id.* at 178-79; *Ellison v. Rock Hill Printing & Finishing Co.*, 64 F.R.D. 415, 417 (D.S.C. 1974).  Plaintiffs have given no reason that this court should impose the cost of notice on Defendant.  Finally, Defendant raises an understandable concern of potential prejudice that may arise if all builders and distributors, who are customers of Defendant, receive notice of a class action to which they are not potential plaintiffs.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 360 (1978).

As to the notice itself, attached to the Motion as Exhibit A, Federal Rule of Civil Procedure 23(c)(2)(B) requires that it put forth in "plain, easily understood language:"

> (i)     the nature of the action;
> (ii)    the definition of the class certified;
> (iii)   the class claims, issues, or defenses;
> (iv)    that a class member may enter an appearance through an attorney if the member so desires;
> (v)     that the court will exclude from the class any member who requests exclusion;
> (vi)    the time and manner for requesting exclusion; and

---

[1] The court would be open to discussion that Plaintiffs need Defendant to cooperate in Plaintiffs' efforts to obtain potential class members' names and addresses. *See Oppenheimer Fund, Inc.*, 437 U.S. at 355.  Any such need should be articulated in the amended motion.

4

(vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

The court instructs the parties to attempt to reach agreement about the wording and format of the notice.  However, to the extent that is not possible, in its re-briefing, the court instructs Plaintiffs to respond to Defendant's arguments about the deficiencies of the notice so that the court may adequately address those issues at a hearing.

For the foregoing reasons, the court **DENIES** Plaintiffs' Motion for Order Directing the Issuance of Class Notice.  Such denial is without prejudice to Plaintiffs re-filing an amended motion and notice for the court's consideration within thirty (30) days of the date of this Order.  Such Motion must be filed after appropriate conferral with Defendant as required under the Local Rule 7.02.  The court hopes the parties may be able to limit the issues necessary for presentation to the court.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Court

May 15, 2013
Greenville, South Carolina