## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jack Brooks and Ellen Brooks, on behalf of themselves and all others similarly situated, | ) ) ) ) | Civil Action No.: 8:11-cv-00983-JMC |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| GAF Materials Corporation, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

In this class action lawsuit, Jack Brooks and Ellen Brooks (together the "Named Plaintiffs"), on behalf of themselves and all others similarly situated, (collectively "Plaintiffs") allege that Defendant GAF Materials Corporation ("GAF") manufactured and sold defective roofing shingles. (See ECF No. 1–1.)

This matter is now before the court on GAF's motion for summary judgment pursuant to Fed. R. Civ. P. 56 (the "Rule 56 motion") as to Plaintiffs' claims for negligence, negligent misrepresentation, breach of express warranty, breach of implied warranties, fraud, unjust enrichment, and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39–5–10 to 560 (2013). (ECF No. 198.) For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** GAF's motion for summary judgment.

## I.    RELEVANT FACTUAL BACKGROUND TO THE PENDING MOTION

GAF manufactures roofing materials, including roofing shingles marketed under the Timberline® brand name. GAF provides a limited warranty for its Timberline® shingles, which warranty is printed on the packaging of every bundle of shingles. (ECF No. 198–11 at 2 ¶ 4.) In

or around September 2000, Named Plaintiffs replaced the roof on their home with Timberline®
shingles manufactured by GAF. (ECF No. 199–2 at 5:2–25.) At the time he installed the
shingles, contractor Thadd Mays ("Mays") indicated to Named Plaintiffs that the Timberline®
shingles installed on their roof were "thirty-year" shingles.[1] (Id. at 5:20–25.)

In 2003, Named Plaintiffs learned that the Timberline® shingles on their roof were
cracking. (ECF No. 199-3 at 4:4–17.) In March 2006, Mays submitted warranty claims to GAF
for Timberline® shingles on behalf of Named Plaintiffs and several other property owners. (ECF
No. 199–3 at 14:4–12; ECF 198–11 at 4 ¶ 9.) After a failed attempt to resolve their roofing issue
through a warranty claim, Named Plaintiffs filed suit against GAF in April 2006 alleging, among
other things, that GAF knowingly manufactured and sold defective shingles that cracked.[2] (See,
e.g., ECF No. 1–1.) In the pleading that forms the basis for this action, Named Plaintiffs assert
class claims against GAF for negligence (Count 1), breach of express and implied warranties
(Counts 3 and 4, respectively) and unjust enrichment (Count 7); and individual claims against
GAF for negligent misrepresentation (Count 2), fraud (Count 5) and violation of SCUTPA
(Count 6). (ECF No. 1–1 at 7–11.)

On October 19, 2012, the court entered an order (the "October Order") certifying
Plaintiffs as a class defined as follows:

---

[1] GAF asserts that the shingles installed on Named Plaintiffs' roof were covered by a 30-year
limited warranty which provided that, in the event of a manufacturing defect, GAF would furnish
new shingles and pay the "full reasonable cost of labor to repair or recover the defective
shingles" for the first five years after original installation. (ECF No. 198–11 at 3 ¶ 6.)
Thereafter, GAF would contribute to the purchase of new shingles (but not the cost of labor to
install them), with the amount contributed by GAF prorated to reflect the amount of use a
homeowner received in proportion to the warranty term. (Id.)

[2] The court provided a thorough recitation of the complicated procedural background of this
matter in its order and opinion entered on May 31, 2012. (See ECF No. 76 at 1–4.) The court
incorporates that order herein by reference.

> All persons or entities who own any South Carolina property with GAF Timberline® shingles manufactured at GAF's Mobile, Alabama manufacturing facility between 1999 through 2007 which have cracked, split, or torn.  The class is not intended to include any structure owned by the Defendant or any of its subsidiaries or affiliates.

(ECF No. 90 at 16–17.)

On May 20, 2014, GAF filed the instant Rule 56 motion.  (ECF No. 198.)  Plaintiffs filed a response in opposition to the Rule 56 motion on June 16, 2014, to which GAF filed a reply in support of its Rule 56 motion on June 26, 2014.  (ECF Nos. 231, 241.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     <u>Summary Judgment Generally</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248–49 (1986).  A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party.  <u>Newport News Holdings Corp. v. Virtual City Vision</u>, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  <u>Perini Corp. v. Perini Constr., Inc.</u>, 915 F.2d 121, 123-24 (4th Cir. 1990).  The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial.  Fed. R. Civ. P. 56(e); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986); <u>Shealy v. Winston</u>, 929 F.2d 1009, 1012 (4th Cir. 1991).  All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties'

differing versions of the truth at trial." <u>Anderson</u>, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." <u>Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.</u>, 53 F.3d 55, 62 (4th Cir. 1995).

B.     <u>Plaintiffs' Causes of Action</u>

    **1.  Class Claims - Breach of Express Warranty and Breach of Implied Warranties**

        *i.  The Parties' Arguments*

GAF argues that it is entitled to summary judgment as to Plaintiffs' warranty claims because it provided a limited warranty with its shingles that expressly, unambiguously, and conspicuously disclaimed all other warranties under South Carolina law. (ECF No. 198-1 at 26–27 (citing S.C. Code Ann. § 36-2-719 (2013)).) As support for this argument, GAF asserts that its limited warranty was part of the bargain with the purchase of Timberline® shingles and Plaintiffs are therefore bound to the disclaimers in the limited warranty as third-party beneficiaries to the bargain. (<u>Id.</u> at 32–35.) GAF further asserts that there is no evidence of any other warranty or representation by it regarding how long Timberline® shingles are supposed to last. (<u>Id.</u> at 29.) In this regard, GAF asserts that "if a limited warranty contains no representation that the product will last for a certain period, then the purchaser has no cause of action merely because the product allegedly fails to last as long as the purchaser expected." (<u>Id.</u> at 30.) However, GAF argues that even if it provided some warranty other than its limited warranty, it did not breach any warranty obligation because it attempted to repair or replace Plaintiffs' defective shingles. (<u>Id.</u> at 35–36.)

In their opposition to GAF's Rule 56 motion, Plaintiffs assert that they are not bound by GAF's limited warranty because "it was not agreed to prior to the sale of goods" and they only became aware of any alleged limitations after installation of the shingles. (ECF No. 231 at 11–12 (citing <u>Goldkist, Inc. v. Citizens & S. Nat'l Bank of S.C.</u>, 333 S.E.2d 67, 71 (S.C. Ct. App.

1985) ("[A] disclaimer printed on a label or other document and given to the buyer at the time of delivery of the goods is ineffective if a bargain has already arisen.")).) Plaintiffs next assert that GAF's use of the name Timberline® 30 is an express warranty of duration that Timberline® 30 shingles will last 30 years. (Id. at 16.) Moreover, Plaintiffs assert that GAF breached this express warranty and damaged Plaintiffs and other class members by selling Timberline® 30 shingles that did not last 30 years as a result of premature cracking, splitting, or tearing. (Id. at 28.) Plaintiffs support their assertions with testimony from GAF's employees who agreed with the representation that Timberline® 30 shingles were 30-year shingles. (Id. at 6–7 (citing, e.g., ECF No. 48–11 at 12:18–25[3]).)

In addition, Plaintiffs argue that South Carolina law precludes GAF from contradicting an express warranty of duration with a warranty limitation. (Id. at 12 (citing S.C. Code Ann. §§ 36–2–316(1), –313(1) (2003)).) In this regard, Plaintiffs argue that GAF cannot rely on a limited warranty when it knew of the defect at the time it attempted to limit the warranty and any forfeiture of Plaintiffs' statutory protections under the circumstances presented in this matter would be unconscionable. (Id. at 13 (citing, e.g., S.C. Code Ann. § 36–2–316 (2003); Carlson v. Gen. Motors Corp., 883 F.2d 287, 296 (4th Cir. 1989) ("When a manufacturer is aware that its product is inherently defective, but the buyer has 'no notice of [or] ability to detect' the problem, there is perforce a substantial disparity in the parties' relative bargaining power . . . . In such a case, the presumption is that the buyer's acceptance of limitations on his contractual remedies—

---

[3] Michael Ferraro, Vice President of Engineering Services, testified as follows that Timberline® 30 shingles were 30-year shingles:

> Q.    When you make a Timberline 30 shingle, for example, that's a 30-year shingle, correct?
> A.    Uh-huh.
> Q.    The customer expects it to last 30 years?
> A.    Yes.
> Q.    And that's a fair assumption, that's what it's warranted for?
> A.    That's exactly correct.

including of course any warranty disclaimers—was neither 'knowing' nor 'voluntary,' thereby rendering such limitations unconscionable and ineffective.")).)

ii.    *The Court's Review – Breach of Express Warranty*

In South Carolina, a seller of product may create an express warranty in a number of ways, including by "[a]ny affirmation of fact or promise, . . . made by the seller to the buyer, whether directly or indirectly, which relates to the goods and becomes part of the basis of the bargain." S.C. Code Ann. § 36–2–313(1) (2003). In addition, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Id. An express warranty cannot be disclaimed. Id. at § 36–2–316(1) (2003). In order to establish a cause of action for breach of an express warranty, a plaintiff must show "the existence of the warranty, its breach by the failure of the goods to conform to the warranted description, and damages proximately caused by the breach." First State Sav. & Loan v. Phelps, 385 S.E.2d 821, 825 (S.C. 1989) (citations omitted).

Viewing the record in the light most favorable to the non-moving party, the court finds that there is sufficient evidence to establish a genuine issue of material fact regarding whether GAF created an express warranty under South Carolina law regarding the perceived duration of its Timberline® 30 shingles.[4] The court further finds that GAF has failed to show that it cannot be held liable as the manufacturer and seller of Timberline® 30 shingles due to their failure to perform in a manner consistent with the representation made about their longevity. Accordingly,

_____

[4] Although they did not plead it, Plaintiffs positioned themselves through expert opinion to argue that GAF expressly warranted that Timberline® shingles met the requirements of an industry standard called ASTM D3462. (E.g., ECF No. 50–3 at 3 ¶ 7.) However, in responding to GAF's Rule 56 motion on their claim for breach of express warranty, Plaintiffs did not assert that GAF created an express warranty based on representations regarding the ASTM D3462. (See ECF No. 231 at 16–17.) The court finds that, even if Plaintiffs argued that GAF represented that Timberline® shingles met the ASTM D3462, a breach of express warranty claim on that basis would not survive summary judgment even after viewing the record in the light most favorable to the non-moving party.

GAF's motion for summary judgment as to Plaintiffs' claim for breach of an express warranty is hereby denied.

However, the court's denial of summary judgment is not applicable to the express warranty claims of Named Plaintiffs. In the reply in support of its Rule 56 motion, GAF argued that it was entitled to summary judgment on Named Plaintiffs' express warranty claim because they did not purchase Timberline® 30 shingles. In support of this argument, GAF submitted an affidavit from its Vice President of Marketing Services, Ted Marcopolus ("Marcopolus"), who stated that when Mays installed Timberline® shingles on the roof of Named Plaintiffs' home in or around September 2000, those shingles were not Timberline® 30 shingles because GAF only began selling Timberline® 30 shingles in January 2002. (ECF No. 241–14 at 2 ¶ 4.) GAF supported Marcopolus's affidavit with marketing brochures from 1999, 2000, 2001, and 2002, which showed that Timberline® 30 shingles were not marketed until 2002. (See ECF Nos. 241–15, 241–16, 241–17, 241–18.) Named Plaintiffs did not respond to GAF's reply evidence.[5] As a result of this unopposed and uncontradicted evidence, the court concludes that GAF is entitled to summary judgment on Named Plaintiffs' claim for breach of an express warranty.[6]

Although GAF is entitled to summary judgment as to Named Plaintiffs' express warranty claim, the court does not agree with GAF that it is entitled to summary judgment as to the entire class claim for breach of express warranty. (Referencing ECF No. 241 at 12 n.7 ("Given that the Brooks' warranty claim must be dismissed, there is no class representative to prosecute these claims for the class.").) The court instead agrees with other jurisdictions that have authorized

---

[5] The court notes that GAF's reply was filed on June 26, 2014. (See ECF No. 241.) Although sur-replies are implicitly discouraged by the local rules, Named Plaintiffs did not attempt to seek leave from the court to address the information contained in Marcopolus's affidavit and associated attachments.

[6] Consistent with this finding, the court grants summary judgment to GAF as to express warranty claims of any Plaintiffs who purchased Timberline® shingles that did not contain a numerical designation in the name of the shingle.

substituting a class representative who can show injury when a named plaintiff's claim fails. See, e.g., Whitlock v. Johnson, 153 F.3d 380, 384 (7th Cir. 1998) ("The district court acted properly, then, in allowing the class claims to continue (with the substitution of appropriate class representatives) despite the failure of the named plaintiff's individual claim on the merits."); Tate v. Hartsville/Trousdale Cnty., No. 3:09–0201, 2010 WL 4054141, at *9 (M.D. Tenn. Oct. 14, 2010) ("Because a designated class has a status apart from that of the class representative, dismissal of the class representative claims 'does not inexorably require dismissal of the class action,' nor is the Court required to consider the unnamed class members' potential claims in the abstract.") (citing Smook v. Minnehaha Cnty., 457 F.3d 806, 815 (8th Cir. 2006)); McAnaney v. Astoria Fin. Corp., No. 04–CV–1101 (JFB) (WDW), 2007 WL 2702348, at *13 (E.D.N.Y. Sept. 12, 2007) ("In the instant action, the fact that the named plaintiffs' TILA claims are no longer viable does not make the suit moot or necessarily undermine the claims of the remaining class members . . . this Court abides by the procedure favored by the Second Circuit where the named plaintiff is no longer an adequate representative of the class, . . . and, rather than decertifying the instant class on the ground that the named plaintiffs are no longer adequate representatives of the class, affords plaintiffs' counsel a reasonable period of time for the 'substitution or intervention of a new class representative.'") (Citation omitted). Therefore, at the earliest opportunity, Plaintiffs should move to substitute a suitable class representative for Named Plaintiffs if they expect to proceed to trial on their breach of express warranty claim.

          iii.    *The Court's Review – Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose*

       The South Carolina Commercial Code establishes two implied warranties: (1) the implied warranty of merchantability[7] and (2) the implied warranty of fitness for a particular purpose.[8] To

---

[7] "Unless excluded or modified . . . , a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." S.C.

recover for breach of the implied warranty of merchantability, a plaintiff must prove (1) a merchant sold goods; (2) the goods were not "merchantable" at the time of sale; (3) the plaintiff or his property were injured by such goods; (4) the defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injury; and (5) the plaintiff so injured gave timely notice to the seller. Brunson v. La.-Pac. Corp., 266 F.R.D. 112, 119 (D.S.C. 2010). "[A]n implied warranty of fitness for a particular purpose arises if the vendor knows when the contract is formed that the purchaser is relying on the vendor's skill or judgment in furnishing the goods." Thomas v. La.-Pac. Corp., 246 F.R.D. 505, 511 (D.S.C. 2007) (citations omitted). If "the particular purpose for which a product is purchased is also the ordinary or intended purpose of the product, the warranties of merchantability and of fitness for a particular purpose merge and are cumulative, such that a plaintiff may proceed upon either theory." Soaper v. Hope Indus., 424 S.E.2d 493, 495 (S.C. 1992) (holding that plaintiff, who purchased film processing machine, "impliedly made known to [defendant] that his particular purpose for the machine was fast film processing" and that "[w]hen the machine failed in that purpose, it was both unmerchantable and unfit for its particular purpose").

Subject to certain limitations, South Carolina law generally permits a seller to disclaim the implied warranties of merchantability and fitness for a particular purpose. The South Carolina Code of Laws specifically provides:

---

Code Ann. § 36–2–314(1) (2013). South Carolina law sets forth several requirements that must be met for goods to be merchantable. See id. at § 36–2–314(2). For purposes of Plaintiffs' claim, the only requirement relevant is that the goods, to be merchantable, "are fit for the ordinary purposes for which such goods are used." Id.

[8] In South Carolina, an implied warranty of fitness for a particular purpose arises if "the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods . . . ." S.C. Code Ann. § 36–2–315 (2013).

9

> [T]o exclude or modify the implied warranty of merchantability or any part of it
> the language must mention merchantability and in case of a writing must be
> conspicuous, and to exclude or modify any implied warranty of fitness the
> exclusion must be by a writing and conspicuous. Language to exclude the implied
> warranty of merchantability or of fitness for a particular purpose must be specific,
> and if the inclusion of such language creates an ambiguity in the contract as a
> whole it shall be resolved against the seller.

S.C. Code Ann. § 36-2-316 (2003).

In an order and opinion entered on May 31, 2012, the court concluded that it could not determine whether GAF's limited warranty disclaimed the aforementioned implied warranties because there was a genuine dispute of material fact regarding whether Mays was a representative of GAF or an independent purchaser of Timberline® shingles to whom Plaintiffs were bound as third-party beneficiaries. (See ECF No. 76 at 11–13.) In considering the entire record, the court now finds that Mays was an "independent contractor" and not an "agent" for GAF when he purchased Timberline® shingles for Plaintiffs. (ECF No. 199–29.) As a result, the court finds that Plaintiffs are bound by the limited warranties disclaimer in the limited warranty as third-party beneficiaries of the bargain between Mays and GAF. Plaintiffs further may not seek other contractual remedies unless the limited warranty fails of its essential purpose and the exclusion of consequential damages would be unconscionable. See S.C. Code Ann. § 36-2-719(b) (2013). Because there are genuine issues of material fact as to whether GAF's limited warranty fails its essential purpose, and whether the limitation of damages is unconscionable, the court denies GAF's motion for summary judgment as to Plaintiffs' claim for breach of limited warranties. Weldon v. Tiger Town RV, No. 2004–UP–354, 2004 WL 6331265, at *6 (S.C. Ct. App. June 3, 2004) ("As we find genuine issues of material fact exist as to whether the limited warranties were created, whether such warranties, if in existence, have failed as to their essential purpose, and whether the limitation of damages is unconscionable, we hold the trial court erred

in granting Brunswick and Tracker summary judgment on Weldon's claims for breach of warranty.").

### 2. Class Claim – Negligence

#### i.  *The Parties' Arguments*

GAF moves for summary judgment on Plaintiffs' cause of action for negligence asserting that it did not breach any duty or fail to exercise due care.  (ECF No. 198-1 at 36.)  In this regard, GAF argues that cracked shingles do not indicate negligence and the record is insufficient to support a finding that it knowingly and intentionally sold defective shingles.  (Id. at 37–38.)

Plaintiffs allege that GAF was negligent in (1) failing to properly design Timberline® shingles, (2) failing to properly manufacture Timberline® shingles, (3) failing to adequately test Timberline® shingles to insure they met specifications, (4) continuing to sell Timberline® shingles despite knowledge of their defects, and (5) failing to recall Timberline® shingles after learning about their defects.  (ECF No. 1–1 at 7.)  Plaintiffs further allege that they suffered damages after paying full price for Timberline® shingles that were defective.  (Id.)  In their Rule 56 opposition brief, Plaintiffs assert that they have established GAF's negligence by showing that the company (1) failed to exercise reasonable care in manufacturing Timberline® shingles, (2) knew or should have known that the Timberline® shingles manufactured in its Mobile, Alabama plant contained an inherent defect that caused cracking, (3) had the opportunity to remedy the defect, but chose not to make any corrections, and (4) caused Plaintiffs' damages. (ECF No. 231 at 22-25.)

#### ii.  *The Court's Review*

To assert direct liability based on a negligence claim in South Carolina, a plaintiff must show that (1) defendant owed her a duty of care; (2) defendant breached this duty by a negligent act or omission; (3) defendant's breach was the proximate cause of her injuries; and (4) she

suffered injury or damages.  Dorrell v. S.C. DOT, 605 S.E.2d 12, 15 (S.C. 2004) (citation omitted).  The duty of care is that standard of conduct the law requires of an actor in order to protect others against the risk of harm from his actions.  Snow v. City of Columbia, 409 S.E.2d 797, 803 (S.C. Ct. App. 1991).  It embodies the principle that the plaintiff should not be called to suffer a harm to his person or property which is foreseeable and which can be avoided by the defendant's exercise of reasonable care.  Id.  "Whether the law recognizes a particular duty is an issue of law to be determined by the court."  Jackson v. Swordfish Inv., L.L.C., 620 S.E.2d 54, 56 (S.C. 2005) (citation omitted).  Whether a defendant breached its duty of care is a question of fact.  See Dorrell, 605 S.E.2d at 18; McVey v. Whittington, 151 S.E.2d 92, 96 (S.C. 1966).

Negligence is not actionable unless it is the proximate cause of the injury.  Bishop v. S.C. Dep't of Mental Health, 502 S.E.2d 78, 83 (S.C. 1998).  The defendant may be held liable for anything which appears to have been a natural and probable consequence of his negligence. Greenville Mem'l Auditorium, 391 S.E.2d at 547–48.  A plaintiff therefore proves legal cause by establishing the injury in question occurred as a natural and probable consequence of the defendant's negligence.  Bramlett, 393 S.E.2d at 916.  Normally, proximate cause is a question of fact for the jury, and it may be proved by direct or circumstantial evidence.  Player v. Thompson, 193 S.E.2d 531, 533 (S.C. 1972).

In South Carolina, a manufacturer has the duty to use reasonable care throughout the manufacturing process, including making sure the product is free of any potentially dangerous defect in manufacturing or design.  Jackson v. Bermuda Sands, Inc., 677 S.E.2d 612, 614–15 (S.C. Ct. App. 2009) (citing Rife v. Hitachi Constr. Mach. Co., Ltd., 609 S.E.2d 565, 569 (S.C. Ct. App. 2005)).  In viewing the record in the light most favorable to the non-moving party, the court finds that Plaintiffs' evidence establishes genuine issues of material fact as to whether they were damaged by Timberline® shingles and that GAF knew or should have known that specified

Timberline® shingles contained a defect which resulted in premature cracking. (See ECF No. 231 at 24–25.) Therefore, because the determination of proximate cause and whether the manufacturer breached its duty of care are inherently questions of fact, the court is inclined to deny GAF's motion for summary judgment as to Plaintiffs' claim for negligence.

### 3. Class Claim - Unjust Enrichment

#### i. The Parties' Arguments

GAF argues that it is entitled to summary judgment on Plaintiffs' claim for unjust enrichment because they cannot maintain an unjust enrichment claim when there are available contractual remedies. (ECF No. 198-1 at 39–40.) In this regard, GAF asserts that its limited warranty governs the relationship between it and Plaintiffs. (Id. at 40.)

Plaintiffs oppose GAF's Rule 56 motion asserting that they should be allowed to present this claim as an alternative theory of recovery to their breach of warranty claims especially if the jury "concludes there is no remedy under the other causes of action." (ECF No. 231 at 26.) Plaintiffs further assert that GAF should not be allowed to receive and retain the benefit of payment for a 30-year shingle when the shingle sold was not as valuable. (Id. at 27.)

#### ii. The Court's Review

"A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another." Dema v. Tenet Physician Servs.–Hilton Head, Inc., 678 S.E.2d 430, 434 (S.C. 2009). To recover for unjust enrichment, a plaintiff must show the following three elements: (1) a benefit conferred upon the defendant by plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for it to retain the benefit. Ellis v. Smith Grading & Paving, Inc., 366 S.E.2d 12, 15 (S.C. Ct. App. 1988). A plaintiff may plead in the alternative pursuant to Fed. R. Civ. P. 8(d)(2). Id. Further, "[u]nder South Carolina law, 'when an identical set of facts

entitle the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both.'" Enhance–It, L.L.C. v. Am. Access Tech., Inc., 413 F. Supp. 2d 626, 632 (D.S.C. 2006) (quoting Minyard Enter., Inc. v. Se. Chemical & Solvent Co., 184 F.3d 373, 381 (4th Cir. 1999)).  Generally, a party is not required to make an election of remedies until after the verdict is entered and prior to the entry of judgment.  Id. (citing Minyard Enter., 184 F.3d at 381).

Based on the foregoing law, the court denies GAF's motion for summary judgment as to Plaintiffs' claim for unjust enrichment.

### 4. Individual Claims - Negligent Misrepresentation and Fraud

#### i. The Parties' Arguments

GAF moves for summary judgment on the pending causes of action for negligent misrepresentation and fraud asserting that it did not make any representations or misrepresentations to Named Plaintiffs that were relied on as to how long Timberline® shingles would last or how the shingles performed on the tear strength test.  (ECF No. 198-1 at 40–41.) GAF further asserts that Named Plaintiffs' claim for negligent misrepresentation fails because the evidence does not establish a false representation by GAF and justifiable reliance on that false representation by Named Plaintiffs.  (ECF No. 241 at 19.)

In opposing summary judgment on their negligent misrepresentation claim, Named Plaintiffs contend without specification that "the record is clear that GAF represents that Timberline30 shingles are thirty year shingles" and they "relied upon the fact that Timberline30 shingles were going to last thirty years when the shingles were selected and placed upon their home."  (ECF No. 231 at 28.)  Named Plaintiffs further contend that GAF clearly had a pecuniary interest in representing that its shingles last 30 years and in calling its shingles Timberline® 30 shingles.  (Id.)  Based on the foregoing, Named Plaintiffs argue that "[i]t is for a

jury to determine whether it was the exercise of reasonable care to state Timberline shingles would last thirty years with no basis for making the statement and continue to make the statement after knowing latent defects existed in the product." (Id.)

As to their claim for fraud, Named Plaintiffs request that the court allow them to withdraw the claim "to avoid potential confusion in the charge to the jury concerning burden of proof." (Id.)

>   ii.    *The Court's Review – Negligent Misrepresentation*

To establish liability for negligent misrepresentation, a plaintiff must show (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the representation; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation. AMA Mgmt. Corp. v. Strasburger, 420 S.E.2d 868, 874 (S.C. Ct. App. 1992).

In support of its Rule 56 motion, GAF specifies that Named Plaintiffs only allege one "false representation" in support of their negligent misrepresentation claim and that misrepresentation was that Timberline® 30 shingles are 30-year shingles. (See ECF No. 231 at 28.) GAF further specifies that Named Plaintiffs could not have purchased Timberline® 30 shingles for their home in 2000 because GAF began marketing and selling Timberline® 30 shingles in January 2002. (ECF No. 241–14 at 3 ¶ 5.) Moreover, Named Plaintiffs testified that they never communicated directly with GAF regarding the duration of the shingles that they purchased. (ECF No. 199–2 at 8:24–25; ECF No. 199–4 at 4:8–11.) Based on the foregoing, the court finds that Named Plaintiffs fail to allege facts upon which a reasonable jury could find that GAF made a false representation to Named Plaintiffs about Timberline® 30 shingles. Therefore,

the court grants GAF's motion for summary judgment as to Named Plaintiffs' claim for negligent misrepresentation.

### iii. The Court's Review - Fraud

Named Plaintiffs request to withdraw their individual claim for fraud against GAF.  GAF did not state any opposition to this request.  The court does not perceive any reason to deny this request.  Accordingly, Named Plaintiffs' request to withdraw their fifth cause of action for fraud against GAF is granted.

### 5. Individual Claim – Violation of SCUTPA

### i. The Parties' Arguments

GAF asserts that Named Plaintiffs' SCUTPA claim fails to survive summary judgment because the evidence of record does not support the conclusion that GAF repetitively engaged in deceptive marketing or committed deceptive acts regarding the manufacturing, marketing, and selling of Timberline® shingles.  (ECF No. 198–1 at 42.)

In response to GAF's Rule 56 motion as to their SCUTPA claim, Named Plaintiffs assert that a statement merely has to have the capability to mislead as well as the capability of repetition to be a violation of SCUTPA.  (ECF No. 231 at 31.)  In this regard, Named Plaintiffs assert that the jury must determine if GAF violated SCUTPA by representing Timberline® shingles as 30-year shingles with the name Timberline® 30 when its shingles neither last 30 years nor are warrantied for that duration.  (Id. at 30.)

### ii. The Court's Review

SCUTPA broadly prohibits any "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  S.C. Code Ann. § 39–5–20.  To maintain a private cause of action under SCUTPA, a plaintiff must establish: (1) the defendant engaged in an unlawful trade practice; (2) the plaintiff suffered actual, ascertainable damages as

16

a result of the defendant's use of the unlawful trade practice; and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest.  <u>Havird Oil Co. v. Marathon Oil Co.</u>, 149 F.3d 283, 291 (4th Cir. 1998) (citing S.C. Code Ann. § 39–5–140; <u>Daisy Outdoor Adver. Co. v. Abbott</u>, 473 S.E.2d 47, 49 (S.C. 1996)).

Like their claim for negligent misrepresentation, Named Plaintiffs base their SCUTPA claim on the alleged false representation by GAF that Timberline® 30 shingles last for 30 years. (ECF No. 231 at 29.)  The court finds that GAF is entitled to summary judgment on Named Plaintiffs' SCUTPA claim because the unlawful trade practice attributed to GAF is not applicable to Named Plaintiffs since they neither purchased Timberline® 30 shingles nor received any direct communications from GAF regarding the duration of the shingles that they did purchase.  Accordingly, the court grants GAF's Rule 56 motion regarding Named Plaintiffs' claims for violation of SCUTPA.

### III.    CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** Defendant GAF Materials Corporation's motion for summary judgment pursuant to Fed. R. Civ. P. 56.  (ECF No. 198.)  The motion is **GRANTED** as to the express warranty claim and individual claims of Jack Brooks and Ellen Brooks for negligent misrepresentation (Count 2) and violation of the South Carolina Unfair Trade Practices Act (Count 6).  The motion is **DENIED** as to Plaintiffs' class claims for negligence (Count 1), breach of express and implied warranties (Counts 3 and 4, respectively), and unjust enrichment (Count 7).  Jack Brooks and Ellen Brooks withdraw their individual claim for fraud (Count 5).  This case will proceed to trial on those class claims in accordance with the schedule established by the court.  (<u>See</u> ECF No. 256.)

**IT IS SO ORDERED.**

United States District Judge

July 9, 2014
Columbia, South Carolina