**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Jack Brooks and Ellen Brooks, on behalf of themselves and all others similarly situated, ) ) ) ) | Civil Action No.: 8:11-cv-00983-JMC |
| Plaintiffs, ) ) | **ORDER AND OPINION** |
| v. ) ) | |
| GAF Materials Corporation, ) ) | |
| Defendant. ) ) | |

In this class action lawsuit, Jack Brooks and Ellen Brooks, on behalf of themselves and all others similarly situated, (collectively "Plaintiffs") allege that Defendant GAF Materials Corporation ("GAF") manufactured and sold defective roofing shingles. (See ECF No. 1–1.)

This matter is before the court pursuant to a motion in limine by GAF to exclude testimony at trial by Plaintiffs' expert Jim D. Koontz ("Koontz"), who is a professional engineer and a registered roofing consultant. (ECF No. 192.) GAF specifically moves to exclude Koontz from testifying about (1) testing of shingles pursuant to the American Society Testing and Materials Standard ("ASTM") D3462 (including test results) where such testing was performed substantially after the time of manufacture; (2) GAF's corporate knowledge and objectives; and (3) the financial status of Plaintiffs and his perception of their ability to mitigate their damages. (ECF No. 192-1 at 4, 6.) As the basis for this motion, GAF argues that Koontz's testimony regarding his application of ASTM D3462 is incorrect and should not be allowed because it results from testing used shingles years after their manufacturing date when the ASTM D3462 only test the strength of shingles at the time of manufacture. (Id. at 5–7, 13–14.) GAF argues that Koontz should not be allowed to offer speculative opinions about GAF's knowledge,

1

objectives, and thinking because these are not proper subjects of opinion testimony from an engineer or roofing consultant especially when "he has never worked for GAF and has never spoken to the authors of the documents, about what they mean." (Id. at 9, 15.)  GAF further argues that Koontz's testimony about a homeowner's financial ability to mitigate damages should not be permitted because it is misleading and impermissible under Fed. R. Evid. 702.  (Id. at 16.)

In their response to GAF's motion in limine, Plaintiffs state that Koontz's methodology is reliable because he applied ASTM protocols to test shingles within specific warranty periods for the purpose of determining whether Timberline® shingles have the characteristics, durability, and quality as advertised by GAF.  (ECF No. 213 at 6.)  In this regard, Plaintiffs assert that "[a]lthough the authors of ASTM D3462 wrote from the perspective of defining properties at the time of manufacture, given Defendant's advertised warranty lengths, these standards are highly probative as to whether shingles will continue to perform as expected during their stated duration."  (Id.)  Plaintiffs also suggest that in light of Koontz's indisputable qualifications as a published roofing expert, Fed. R. Evid. 702 allows him to look at GAF's documents and explaining the meaning of them to the jury and further explain "how the documents support his opinion that GAF had knowledge of the latent defect in Mobile manufactured Timberline30 shingles and failed to take known steps to fix the defect."  (Id. at 10.)

In reply, GAF reiterates that Koontz's testimony is unreliable because it results from doing ASTM testing on shingles that is conducted after the time of manufacture.  (ECF No. 232 at 4–8.)  GAF further asserts that Koontz's expertise is unnecessary to explain GAF's documents because "[t]he documents at issue are not technical in nature; they are emails and other internal GAF documents that a lay person could understand."  (Id. at 10.)

2

When determining the admissibility of expert testimony, the court acts as a gatekeeper and must assess whether the expert's testimony is both relevant and reliable. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Furthermore, a witness qualified as an expert "may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  The party seeking to have an expert opinion admitted must establish its relevance and reliability by a preponderance of proof. Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001).

GAF contends that Koontz's testimony is unreliable and irrelevant in part because his methodology does not comply with the ATSM D3462 standard.  The Supreme Court has set forth the following list of non-exclusive, flexible factors to be used in assessing whether the reasoning or methodology underlying expert testimony is scientifically valid and whether the reasoning or methodology properly can be applied to the facts in issue: (1) whether a theory or technique can and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) a consideration of the known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and (4) whether there is "general acceptance" of the theory or technique within the relevant scientific community. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592–95 (1993).  Upon review, and after careful consideration of the arguments submitted by the parties, the court finds that Koontz's testimony

and his methodology regarding the application of the ASTM D3462 standard on used shingles do not meet the <u>Daubert</u> standard for scientific reliability and are therefore inadmissible in this matter.  The court will also limit Koontz's testimony regarding GAF's documentation to explaining scientific and technical terms and not allow him to offer explanation and/or interpret GAF's state of mind for the jury.  Moreover, the court finds that it is beyond the scope of Koontz's expertise to testify regarding Plaintiffs' net worth and their ability to mitigate their damages.  Based on the foregoing, the court **GRANTS** GAF's motion in limine to exclude certain testimony at trial by Plaintiffs' expert Jim D. Koontz.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

July 11, 2014
Columbia, South Carolina